IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

ROBERT CORAL,                        )
                                     )
    Petitioner,                      )
                                     )
v.                                   )    No. 2:05cv1112-F
                                     )
Donal Campbell, Commissioner,        )
    Alabama Department of            )
    Corrections,                     )
                                     )
    Respondent.                      )
                                     )

MOTION FOR ORDER TO RELEASE MEDICAL RECORDS

Counsel for the petitioner moves for a court order directing the Respondent Donal Campbell, Commissioner of the Alabama Department of Corrections, to provide a copy of Robert Coral's medical records for the years 2000 to the present. As counsel understands it, Alabama DOC policy requires that a court order to release a prisoner's medical records, as opposed to a subpoena. Thus, counsel asks the court to grant leave under Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts to order the respondent to provide the requested records. Counsel for the petitioner seeks these records because Mr. Coral has had multiple medical emergencies in the last two years, including at least two strokes, and his medical condition raises concerns that Mr. Coral may not be competent to proceed in this application for a writ of habeas corpus. He may not be able to make the decisions that this court will require of him, such as verifying that he has raised all available claims in his habeas petition, that he understands the claims that are available to him and that he understands the impact that provisions of the AEDPA may have on his case. Mr. Coral's

recent medical records will assist counsel and the Court in determining his competency level.

Robert Coral has had several strokes in the past few years. The strokes he had have left him paralyzed, unable to speak and in need of constant care. When I, undersigned counsel, visited Mr. Coral, he was unable to speak or write and had to be strapped in to sit upright in his wheelchair. Since then, it has been reported to counsel that Mr. Coral nearly died during his latest hospital visit of complications from a blood clot.

While this Court does not have to decide now whether Mr. Coral has a right to be competent during his habeas corpus proceedings, the statutory assignment of counsel in federal habeas corpus strongly suggests a petitioner's right to be competent during those proceedings. Title 21, United States Code § 848(q)(4)(B) provides for the assistance of counsel for capital prisoners as a statutory right when challenging their convictions or sentences in federal court. This assistance, however, "depends in substantial measure on the petitioner's ability to communicate with [counsel]. And if meaningful assistance of counsel is essential to the fair administration of the death penalty and capacity for rational communication is essential to meaningful assistance of counsel, it follows that Congress's mandate cannot be faithfully enforced unless courts ensure that a petitioner is competent." *Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 813 (9th Cir. 2002). *See also, Carter v. State*, 706 So. 2d 873, 875 (Fla. 1997) ("Unless a death-row inmate is able to assist counsel by relaying such information, the right to collateral counsel, as well as the postconviction proceedings themselves, would be practically meaningless."); *State v. Debra A.E.*, 188 Wis.2d 111, 523 N.W.2d 727 (1994) (holding postconviction defendant is entitled to competency determination to ensure meaningful postconviction proceedings); *People v. Owens*, 139 Ill.2d 351, 151 Ill.Dec. 522, 564 N.E.2d 1184 (1990) (holding a defendant seeking postconviction relief must be competent to

participate in collateral proceedings in order to give meaning to legislation providing for collateral counsel).

Because of strokes and other medical complications may have affected Mr. Coral's cognitive abilities, undersigned counsel requests a court order directing the respondent, Donal Campbell, Commissioner of the Alabama Department of Corrections, to release to counsel Mr. Coral's medical records from 2000 to the present. Counsel arrange to reimburse the respondent for reasonable copying costs and expenses.

Dated: November 18, 2005

Respectfully Submitted,

*/s/ LaJuana Davis*
LAJUANA DAVIS (DAV088)
122 Commerce Street
Montgomery, Alabama 36104
Tel:   (334) 269-1803
Fax:   (334) 269-1806
E-mail: ldavis@eji.org

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the attached document have been sent to counsel for the State of Alabama and the respondent Donal Campbell, Anne Adams, Assistant Attorney General, Alabama State House, 11 South Union Street, Montgomery, Alabama, 36130, by first-class mail, postage pre-paid, on November 18, 2005.

*/s/ LaJuana Davis*
LaJuana Davis