# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

ROBERT LANCE CORAL,     )
                                       )

    Petitioner,        )
                                       )

v.                       )     Civil Action No. 2:05-cv-1112-MEF
                                     )

RICHARD F. ALLEN[1],      )
Commissioner of the Alabama     )
Department of Corrections,      )
                                     )

    Respondent.       )

## ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS

Comes now the State of Alabama, by and through the Attorney General of

the State of Alabama, and answers this petition for writ of habeas corpus, as

follows:

1.   Paragraph 1 of the petition is admitted to the extent that, on September

23, 1989, Coral was found guilty of the capital offense of murder during the course

of a burglary, in violation of Alabama Code Section 13A-5-40(a)(4).

2.   Paragraph 2 of the petition is admitted to the extent that, also on

September 23, 1989, after the penalty phase was conducted, the jury, by a vote of

eight to four, recommended that Coral be sentenced to life imprisonment without

---

[1]    Richard F. Allen was appointed to serve as Commissioner of the Alabama Department of
Corrections effective March 1, 2006.  Pursuant to Rule 25(d) of the Federal Rules of Civil
Procedure, it is appropriate to substitute his name for that of Donal Campbell.

the possibility of parole.  On October 20, 1989, the trial court conducted its own

sentencing hearing and determined that Coral should be sentenced to death.

    3.  Paragraph 3 of the petition is admitted.

    4.  Paragraph 4 of the petition is admitted.

    5.  Paragraph 5 of the petition is admitted.

    6.  Paragraph 6 of the petition is admitted.

    7.  Paragraph 7 of the petition is admitted.

    8.  Paragraph 8 of the petition is admitted.  However, Respondent would

point out that *Ex parte Taylor*, 2005 WL 2403729 (Ala. Sept. 30, 2005), did not

completely overrule *Coral v. State*, 900 So.2d 1274 (Ala. Crim. App. 2004), as

Coral suggests in his petition, but simply overruled it in part.

**Response to Grounds for Relief**

**A. The Claim That Coral's Statements To Police Were Admitted In Violation Of The Constitution.**

    9.  This claim is contained in section A, paragraphs 9-19, of the petition and

challenges three separate statements given by Coral.  Each statement is addressed

individually below.

    10.  Introductory paragraph 9 is denied.

**The Marshall Statement**

    11.  This claim is set forth in section A(1), paragraphs 10-12, of the petition

and is answered as follows:

(a)  The merits of this claim were addressed by the Alabama Court of Criminal Appeals on direct appeal.  *Coral v. State*, 628 So. 2d 954, 970-973 (Ala. Crim. App. 1992).  Coral has not alleged, and cannot show, that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."  28 U.S.C. §2254(d).  Because Coral's petition fails to allege that the Alabama courts decided this claim in a manner that is contrary to or involves an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, this Court should deny relief on this claim.  Thus, according to the habeas statute, the application for a writ of habeas corpus before this Court "shall not be granted."  28 U.S.C. §2254(d).

(b) Without waiving the foregoing, in deciding this claim, the Alabama Court of Criminal Appeals made findings of fact.  Pursuant to 28 U.S.C. §2254(e)(1), these factfindings are presumed correct.  Coral is not entitled to an evidentiary hearing on this claim.

(c)  Without waiving the foregoing, to the extent Coral failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any

further evidentiary hearing in this Court.  Pursuant to 28 U.S.C. §2254(e)(2), Coral

is not entitled to an evidentiary hearing in federal court because the claim is not

based on a "new rule of constitutional law, made retroactive to cases on collateral

review by the Supreme Court, that was previously unavailable" or "a factual

predicate that could not have been previously discovered through the exercise of

due diligence," and because the facts underlying the claim would not be sufficient

to establish by clear and convincing evidence that, but for the constitutional error

alleged in this claim, no reasonable factfinder would have found Coral guilty.

(d)  Without waiving the foregoing, the factual averments made in support of

this claim are denied.  The state court findings of fact constitute the proper factual

basis for consideration of this claim.

## **The Clore Statement**

12.  This claim is set forth in section A(2), paragraphs 13-17, of the petition

and is answered as follows:

(a)  The merits of this claim were addressed by the Alabama Court of

Criminal Appeals on direct appeal.  *Coral v. State*, 628 So. 2d 954, 970-974 (Ala.

Crim. App. 1992).  Coral has not alleged, and cannot show, that the denial of relief

on this claim in state court "(1) resulted in a decision that was contrary to, or

involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States; or (2) resulted in a decision

that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. §2254(d). Because Coral's petition fails to allege that the Alabama courts decided this claim in a manner that is contrary to or involves an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, this Court should deny relief on this claim. Thus, according to the habeas statute, the application for a writ of habeas corpus before this Court "shall not be granted." 28 U.S.C. §2254(d).

(b) Without waiving the foregoing, in deciding this claim, the Alabama Court of Criminal Appeals made findings of fact. Pursuant to 28 U.S.C. §2254(e)(1), these factfindings are presumed correct. Coral is not entitled to an evidentiary hearing on this claim.

(c) Without waiving the foregoing, to the extent Coral failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Coral is not entitled to an evidentiary hearing in federal court because the claim is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient

to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Coral guilty.

(d)  Without waiving the foregoing, the factual averments made in support of this claim are denied.  The state court findings of fact constitute the proper factual basis for consideration of this claim.

**The Jett Statement**

13.  This claim is set forth in section A(3), paragraphs 18-19, of the petition and is answered as follows:

(a)  The merits of this claim were addressed by the Alabama Court of Criminal Appeals on direct appeal.  *Coral v. State*, 628 So. 2d 954, 970-974 (Ala. Crim. App. 1992).  Coral has not alleged, and cannot show, that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."  28 U.S.C. §2254(d).  Because Coral's petition fails to allege that the Alabama courts decided this claim in a manner that is contrary to or involves an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, this Court should deny relief on this claim.  Thus, according to the habeas statute,

the application for a writ of habeas corpus before this Court "shall not be granted."
28 U.S.C. §2254(d).

(b) Without waiving the foregoing, in deciding this claim, the Alabama
Court of Criminal Appeals made findings of fact.  Pursuant to 28 U.S.C.
§2254(e)(1), these factfindings are presumed correct.  Coral is not entitled to an
evidentiary hearing on this claim.

(c)  Without waiving the foregoing, to the extent Coral failed to develop the
factual basis for this claim in state court proceedings, he is not entitled to any
further evidentiary hearing in this Court.  Pursuant to 28 U.S.C. §2254(e)(2), Coral
is not entitled to an evidentiary hearing in federal court because the claim is not
based on a "new rule of constitutional law, made retroactive to cases on collateral
review by the Supreme Court, that was previously unavailable" or "a factual
predicate that could not have been previously discovered through the exercise of
due diligence," and because the facts underlying the claim would not be sufficient
to establish by clear and convincing evidence that, but for the constitutional error
alleged in this claim, no reasonable factfinder would have found Coral guilty.

(d)  Without waiving the foregoing, the factual averments made in support of
this claim are denied.  The state court findings of fact constitute the proper factual
basis for consideration of this claim.

**B.     The Claim That Coral's Conviction Should Be Reversed Because Of *Brady* Violations.**

14.  This claim is contained in section B, paragraphs 20-24, of the petition and is answered as follows:

(a)  The merits of this claim were addressed by the Alabama Court of Criminal Appeals on direct appeal.  *Coral v. State*, 628 So. 2d 954, 975-980 (Ala. Crim. App. 1992).  Coral has not alleged, and cannot show, that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."  28 U.S.C. §2254(d).  Because Coral's petition fails to allege that the Alabama courts decided this claim in a manner that is contrary to or involves an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, this Court should deny relief on this claim.  Thus, according to the habeas statute, the application for a writ of habeas corpus before this Court "shall not be granted." 28 U.S.C. §2254(d).

(b) Without waiving the foregoing, in deciding this claim, the Alabama Court of Criminal Appeals made findings of fact.  Pursuant to 28 U.S.C.

§2254(e)(1), these factfindings are presumed correct.  Coral is not entitled to an evidentiary hearing on this claim.

(c)  Without waiving the foregoing, to the extent Coral failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court.  Pursuant to 28 U.S.C. §2254(e)(2), Coral is not entitled to an evidentiary hearing in federal court because the claim is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Coral guilty.

(d)  Without waiving the foregoing, the factual averments made in support of this claim are denied.  The state court findings of fact constitute the proper factual basis for consideration of this claim.

**C.    The Claim That Coral's Conviction Should Be Reversed For Failure To Afford Him A Speedy Trial In Violation Of His Rights Under The Eighth And Fourteenth Amendments.**

15.    This claim is contained in section C, paragraphs 25-26, of the petition and is answered as follows:

(a)  Initially, this claim is insufficiently pleaded.  Coral has not offered any argument in support of his basic assertion.  Bare allegations are insufficient to warrant habeas relief.  *Spinkellink v. Wainwright*, 578 F.2d 582, 616, n. 42 (5th Cir. 1978).

(b)  Without waiving the foregoing, the merits of this claim were addressed by the Alabama Court of Criminal Appeals on direct appeal.  *Coral v. State*, 628 So. 2d 954, 966-967 (Ala. Crim. App. 1992).  Coral has not alleged, and cannot show, that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."  28 U.S.C. §2254(d).  Because Coral's petition fails to allege that the Alabama courts decided this claim in a manner that is contrary to or involves an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, this Court should deny relief on this claim.  Thus, according to the habeas statute, the application for a writ of habeas corpus before this Court "shall not be granted."  28 U.S.C. §2254(d).

(c) Without waiving the foregoing, in deciding this claim, the Alabama Court of Criminal Appeals made findings of fact.  Pursuant to 28 U.S.C.

§2254(e)(1), these factfindings are presumed correct.  Coral is not entitled to an evidentiary hearing on this claim.

(d)  Without waiving the foregoing, to the extent Coral failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court.  Pursuant to 28 U.S.C. §2254(e)(2), Coral is not entitled to an evidentiary hearing in federal court because the claim is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Coral guilty.

(e)  Without waiving the foregoing, the factual averments made in support of this claim are denied.  The state court findings of fact constitute the proper factual basis for consideration of this claim.

**D.    The Claim That Coral's Twenty-Two Month Pretrial Detention Without Bond Violated The Eighth And Fourteenth Amendments.**

16.  This claim is contained in section D, paragraphs 27-29, of the petition and is answered as follows:

(a)  The merits of this claim were addressed by the Alabama Court of Criminal Appeals on direct appeal.  *Coral v. State*, 628 So. 2d 954, 966-967 (Ala.

Crim. App. 1992).  Coral has not alleged, and cannot show, that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."  28 U.S.C. §2254(d).  Because Coral's petition fails to allege that the Alabama courts decided this claim in a manner that is contrary to or involves an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, this Court should deny relief on this claim.  Thus, according to the habeas statute, the application for a writ of habeas corpus before this Court "shall not be granted." 28 U.S.C. §2254(d).

(b) Without waiving the foregoing, in deciding this claim, the Alabama Court of Criminal Appeals made findings of fact.  Pursuant to 28 U.S.C. §2254(e)(1), these factfindings are presumed correct.  Coral is not entitled to an evidentiary hearing on this claim.

(c)  Without waiving the foregoing, to the extent Coral failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court.  Pursuant to 28 U.S.C. §2254(e)(2), Coral is not entitled to an evidentiary hearing in federal court because the claim is not

based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Coral guilty.

(d)  Without waiving the foregoing, the factual averments made in support of this claim are denied.  The state court findings of fact constitute the proper factual basis for consideration of this claim.

**E.    The Claim That The Alleged Racially Discriminatory Use Of Peremptory Challenges Violated Coral's Rights Under The Sixth, Eighth, And Fourteenth Amendments To The United States Constitution.**

17.  This claim is contained in section E, paragraphs 30-34, of the petition and is answered as follows:

(a)  The merits of this claim were addressed by the Alabama Court of Criminal Appeals on direct appeal.  *Coral v. State*, 628 So. 2d 954, 967-968 (Ala. Crim. App. 1992).  Coral has not alleged, and cannot show, that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the

13

evidence presented in the State court proceedings." 28 U.S.C. §2254(d). Because Coral's petition fails to allege that the Alabama courts decided this claim in a manner that is contrary to or involves an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, this Court should deny relief on this claim. Thus, according to the habeas statute, the application for a writ of habeas corpus before this Court "shall not be granted." 28 U.S.C. §2254(d).

(b) Without waiving the foregoing, in deciding this claim, the Alabama Court of Criminal Appeals made findings of fact. Pursuant to 28 U.S.C. §2254(e)(1), these factfindings are presumed correct. Coral is not entitled to an evidentiary hearing on this claim.

(c) Without waiving the foregoing, to the extent Coral failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Coral is not entitled to an evidentiary hearing in federal court because the claim is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient

to establish by clear and convincing evidence that, but for the constitutional error

alleged in this claim, no reasonable factfinder would have found Coral guilty.

(d)  Without waiving the foregoing, the factual averments made in support of

this claim are denied.  The state court findings of fact constitute the proper factual

basis for consideration of this claim.

**F.    The Claim That The Guilt Phase And Penalty Phase Jury Instructions
On Reasonable Doubt Violated The Eighth And Fourteenth
Amendments.**

18.  This claim is contained in section F, paragraphs 35-38, of the petition

and challenges both the guilt phase and penalty phase jury instructions on

reasonable doubt.  The instructions from each phase are addressed individually

below.

19.  Introductory paragraph 35 is denied.

### The Guilt Phase

20.  This claim is set forth in section F(1), paragraphs 36-37, of the petition

and is answered as follows:

(a)  The merits of this claim were addressed by the Alabama Court of

Criminal Appeals on direct appeal.  *Coral v. State*, 628 So. 2d 954, 983-984 (Ala.

Crim. App. 1992).  Coral has not alleged, and cannot show, that the denial of relief

on this claim in state court "(1) resulted in a decision that was contrary to, or

involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. §2254(d). Because Coral's petition fails to allege that the Alabama courts decided this claim in a manner that is contrary to or involves an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, this Court should deny relief on this claim. Thus, according to the habeas statute, the application for a writ of habeas corpus before this Court "shall not be granted." 28 U.S.C. §2254(d).

(b) Without waiving the foregoing, in deciding this claim, the Alabama Court of Criminal Appeals made findings of fact. Pursuant to 28 U.S.C. §2254(e)(1), these factfindings are presumed correct. Coral is not entitled to an evidentiary hearing on this claim.

(c) Without waiving the foregoing, to the extent Coral failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Coral is not entitled to an evidentiary hearing in federal court because the claim is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of

due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Coral guilty.

(d)  Without waiving the foregoing, the factual averments made in support of this claim are denied.  The state court findings of fact constitute the proper factual basis for consideration of this claim.

### The Penalty Phase

21.  This claim is set forth in section F(2), paragraph 38, of the petition and is answered as follows:

(a)  Initially, this claim is insufficiently pleaded.  Coral has not offered any argument in support of his basic assertion.  Bare allegations are insufficient to warrant habeas relief.  *Spinkellink v. Wainwright*, 578 F.2d 582, 616, n. 42 (5th Cir. 1978).

(b)  Without waiving the foregoing, the merits of this claim were addressed by the Alabama Court of Criminal Appeals on direct appeal.  *Coral v. State*, 628 So. 2d 954, 983-984 (Ala. Crim. App. 1992).  Coral has not alleged, and cannot show, that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts

in light of the evidence presented in the State court proceedings." 28 U.S.C.

§2254(d).  Because Coral's petition fails to allege that the Alabama courts decided

this claim in a manner that is contrary to or involves an unreasonable application of

clearly established federal law as determined by the Supreme Court of the United

States, this Court should deny relief on this claim.  Thus, according to the habeas

statute, the application for a writ of habeas corpus before this Court "shall not be

granted."  28 U.S.C. §2254(d).

(c) Without waiving the foregoing, in deciding this claim, the Alabama

Court of Criminal Appeals made findings of fact.  Pursuant to 28 U.S.C.

§2254(e)(1), these factfindings are presumed correct.  Coral is not entitled to an

evidentiary hearing on this claim.

(d)  Without waiving the foregoing, to the extent Coral failed to develop the

factual basis for this claim in state court proceedings, he is not entitled to any

further evidentiary hearing in this Court.  Pursuant to 28 U.S.C. §2254(e)(2), Coral

is not entitled to an evidentiary hearing in federal court because the claim is not

based on a "new rule of constitutional law, made retroactive to cases on collateral

review by the Supreme Court, that was previously unavailable" or "a factual

predicate that could not have been previously discovered through the exercise of

due diligence," and because the facts underlying the claim would not be sufficient

to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Coral guilty.

(e)  Without waiving the foregoing, the factual averments made in support of this claim are denied.  The state court findings of fact constitute the proper factual basis for consideration of this claim.

## G.    The Claim That The Presence Of A Relative Of The Victim At The Prosecution's Table At Trial Denied Coral A Fair Trial.

22.  This claim is set forth in section G, paragraph 39, of the petition and is answered as follows:

(a)  Initially, this claim is insufficiently pleaded.  Coral has not offered any argument in support of his basic assertion.  Bare allegations are insufficient to warrant habeas relief.  *Spinkellink v. Wainwright*, 578 F.2d 582, 616, n. 42 (5th Cir. 1978).

(b)  Without waiving the foregoing, the merits of this claim were addressed by the Alabama Court of Criminal Appeals on direct appeal.  *Coral v. State*, 628 So. 2d 954, 984 (Ala. Crim. App. 1992).  Coral has not alleged, and cannot show, that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."  28 U.S.C.

§2254(d).  Because Coral's petition fails to allege that the Alabama courts decided this claim in a manner that is contrary to or involves an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, this Court should deny relief on this claim.  Thus, according to the habeas statute, the application for a writ of habeas corpus before this Court "shall not be granted."  28 U.S.C. §2254(d).

(c) Without waiving the foregoing, in deciding this claim, the Alabama Court of Criminal Appeals made findings of fact.  Pursuant to 28 U.S.C. §2254(e)(1), these factfindings are presumed correct.  Coral is not entitled to an evidentiary hearing on this claim.

(d)  Without waiving the foregoing, to the extent Coral failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court.  Pursuant to 28 U.S.C. §2254(e)(2), Coral is not entitled to an evidentiary hearing in federal court because the claim is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Coral guilty.

(e)  Without waiving the foregoing, the factual averments made in support of this claim are denied.  The state court findings of fact constitute the proper factual basis for consideration of this claim.

**H.  The Claim That The Trial Court's Penalty Phase Jury Instruction Regarding Mitigating Circumstances Violated Coral's Rights Under The Eighth And Fourteenth Amendments To The United States Constitution And Alabama Law.**

23.  This claim is set forth in section H, paragraphs 40-41, of the petition and is answered as follows:

(a)  Initially, this claim is insufficiently pleaded.  Coral has not offered any argument in support of his basic assertion.  Bare allegations are insufficient to warrant habeas relief.  *Spinkellink v. Wainwright*, 578 F.2d 582, 616, n. 42 (5th Cir. 1978).

(b)  Without waiving the foregoing, the merits of this claim were addressed by the Alabama Court of Criminal Appeals on direct appeal.  *Coral v. State*, 628 So. 2d 954, 984-985 (Ala. Crim. App. 1992).  Coral has not alleged, and cannot show, that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."  28 U.S.C. §2254(d).  Because Coral's petition fails to allege that the Alabama courts decided

this claim in a manner that is contrary to or involves an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, this Court should deny relief on this claim.  Thus, according to the habeas statute, the application for a writ of habeas corpus before this Court "shall not be granted."  28 U.S.C. §2254(d).

(c) Without waiving the foregoing, in deciding this claim, the Alabama Court of Criminal Appeals made findings of fact.  Pursuant to 28 U.S.C. §2254(e)(1), these factfindings are presumed correct.  Coral is not entitled to an evidentiary hearing on this claim.

(d)  Without waiving the foregoing, to the extent Coral failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court.  Pursuant to 28 U.S.C. §2254(e)(2), Coral is not entitled to an evidentiary hearing in federal court because the claim is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Coral guilty.

(e)  Without waiving the foregoing, the factual averments made in support of this claim are denied.  The state court findings of fact constitute the proper factual basis for consideration of this claim.

(f)  To the extent that Coral alleges a violation of his rights under Alabama law, federal habeas corpus relief is available only to a person held in custody "in violation of the Constitution or law or treaties of the United States."  28 U.S.C §2254(a).  Federal habeas corpus does not lie to review error, if any, under state law.  *Pulley v. Harris*, 456 U.S. 37, 41 (1989); *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983).

I.    **The Claim That Prosecutorial Misconduct Violated Coral's Rights Under The Fifth, Sixth, Eighth, And Fourteenth Amendments To The United States Constitution.**

24.  This claim is set forth in section I, paragraphs 42-46, of the petition and alleges several instances of prosecutorial misconduct.  The specific allegations of prosecutorial misconduct are individually addressed below.

25.  Introductory paragraph 42 is denied.

**The Prosecutor's Allegedly Improper Argument To The
Guilt Phase Jury That The State's Version
Of Events Was The Truth**

26.  This claim is set forth in section I(1), paragraphs 43-44, of the petition and is answered as follows:

(a)  The merits of this claim were addressed by the Alabama Court of Criminal Appeals on direct appeal.  *Coral v. State*, 628 So. 2d 954, 985-986 (Ala. Crim. App. 1992).  Coral has not alleged, and cannot show, that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."  28 U.S.C. §2254(d).  Because Coral's petition fails to allege that the Alabama courts decided this claim in a manner that is contrary to or involves an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, this Court should deny relief on this claim.  Thus, according to the habeas statute, the application for a writ of habeas corpus before this Court "shall not be granted." 28 U.S.C. §2254(d).

(b) Without waiving the foregoing, in deciding this claim, the Alabama Court of Criminal Appeals made findings of fact.  Pursuant to 28 U.S.C. §2254(e)(1), these factfindings are presumed correct.  Coral is not entitled to an evidentiary hearing on this claim.

(c)  Without waiving the foregoing, to the extent Coral failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any

further evidentiary hearing in this Court.  Pursuant to 28 U.S.C. §2254(e)(2), Coral is not entitled to an evidentiary hearing in federal court because the claim is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Coral guilty.

(d)  Without waiving the foregoing, the factual averments made in support of this claim are denied.  The state court findings of fact constitute the proper factual basis for consideration of this claim.

### The Prosecutor's Alleged Use Of Testimony By A Critical Witness Which It Knew Or Should Have Known Was False

27.  This Claim Is Set Forth In Section I(1), paragraph 44, of the petition and is answered as follows:

(a)  Initially, this claim is insufficiently pleaded.  Coral has not offered any argument in support of his basic assertion.  Bare allegations are insufficient to warrant habeas relief.  *Spinkellink v. Wainwright*, 578 F.2d 582, 616, n. 42 (5th Cir. 1978).

(b)  This claim was raised for the first time in Coral's Rule 32 petition, and the Rule 32 court correctly found in its order denying relief that this claim was

procedurally barred because it could have been but was not raised at trial or on appeal.  Rules 32.2(a)(3) and (5), Ala.R.Crim.P.  Circuit Court's Order, at 3.  The Alabama Court of Criminal Appeals affirmed this holding.  *Coral v. State*, 900 So. 2d 1274, 1287(Ala. Crim. App. 2004).  Under *Wainwright v. Sykes*, 433 U.S. 72 (1977), this claim is barred from federal habeas review, because it was decided under an adequate and independent state procedural ground.  Thus, this claim is procedurally defaulted, and Coral cannot now seek federal review.  *Harris v. Reed*, 489 U.S. 255, 263 (1989).

(c)  Without waiving the foregoing, the factual averments made in support of this claim are denied.

### The Prosecutor's Alleged Comment During The Sentencing Phase Regarding Coral Exercising His Right Not To Testify

28.  This claim is set forth in section I(1), paragraph 45, of the petition and is answered as follows:

(a)  Initially, this claim is insufficiently pleaded.  Coral has not offered any argument in support of his basic assertion.  Bare allegations are insufficient to warrant habeas relief.  *Spinkellink v. Wainwright*, 578 F.2d 582, 616, n. 42 (5th Cir. 1978).

(b)  Without waiving the foregoing, the merits of this claim were addressed by the Alabama Court of Criminal Appeals on direct appeal.  *Coral v. State*, 628 So. 2d 954, 986 (Ala. Crim. App. 1992).  Coral has not alleged, and cannot show,

that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. §2254(d). Because Coral's petition fails to allege that the Alabama courts decided this claim in a manner that is contrary to or involves an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, this Court should deny relief on this claim. Thus, according to the habeas statute, the application for a writ of habeas corpus before this Court "shall not be granted." 28 U.S.C. §2254(d).

(c) Without waiving the foregoing, in deciding this claim, the Alabama Court of Criminal Appeals made findings of fact. Pursuant to 28 U.S.C. §2254(e)(1), these factfindings are presumed correct. Coral is not entitled to an evidentiary hearing on this claim.

(d) Without waiving the foregoing, to the extent Coral failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Coral is not entitled to an evidentiary hearing in federal court because the claim is not based on a "new rule of constitutional law, made retroactive to cases on collateral

review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Coral guilty.

(e)  Without waiving the foregoing, the factual averments made in support of this claim are denied.  The state court findings of fact constitute the proper factual basis for consideration of this claim.

### The "Cumulative Effect" Of The Allegedly Improper Remarks

29.  This claim is set forth in section I(1), paragraph 46, of the petition and is answered as follows:

(a)  Initially, this claim is insufficiently pleaded.  Coral has not offered any argument in support of his basic assertion.  Bare allegations are insufficient to warrant habeas relief.  *Spinkellink v. Wainwright*, 578 F.2d 582, 616, n. 42 (5th Cir. 1978).

(b)  Without waiving the foregoing, the merits of this claim were addressed by the Alabama Court of Criminal Appeals on direct appeal.  *Coral v. State*, 628 So. 2d 954, 986 (Ala. Crim. App. 1992).  Coral has not alleged, and cannot show, that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court of the United States; or (2)

resulted in a decision that was based on an unreasonable determination of the facts

in light of the evidence presented in the State court proceedings." 28 U.S.C.

§2254(d). Because Coral's petition fails to allege that the Alabama courts decided

this claim in a manner that is contrary to or involves an unreasonable application of

clearly established federal law as determined by the Supreme Court of the United

States, this Court should deny relief on this claim. Thus, according to the habeas

statute, the application for a writ of habeas corpus before this Court "shall not be

granted." 28 U.S.C. §2254(d).

(c) Without waiving the foregoing, in deciding this claim, the Alabama

Court of Criminal Appeals made findings of fact. Pursuant to 28 U.S.C.

§2254(e)(1), these factfindings are presumed correct. Coral is not entitled to an

evidentiary hearing on this claim.

(d) Without waiving the foregoing, to the extent Coral failed to develop the

factual basis for this claim in state court proceedings, he is not entitled to any

further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Coral

is not entitled to an evidentiary hearing in federal court because the claim is not

based on a "new rule of constitutional law, made retroactive to cases on collateral

review by the Supreme Court, that was previously unavailable" or "a factual

predicate that could not have been previously discovered through the exercise of

due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Coral guilty.

(e)  Without waiving the foregoing, the factual averments made in support of this claim are denied.  The state court findings of fact constitute the proper factual basis for consideration of this claim.

**J.    The Claim That The Imposition Of The Death Sentence By The Trial Court After The Jury Returned An 8 To 4 Recommendation Of Life Imprisonment Without The Possibility Of Parole Violated Coral's Rights Under The Sixth, Eighth, And Fourteenth Amendments.**

30.  This claim is set forth in section J, paragraph 47, of the petition and is answered as follows:

(a)  Initially, this claim is insufficiently pleaded.  Coral has not offered any argument in support of his basic assertion.  Bare allegations are insufficient to warrant habeas relief.  *Spinkellink v. Wainwright*, 578 F.2d 582, 616, n. 42 (5th Cir. 1978).

(b)  Without waiving the foregoing, the merits of this claim were addressed by the Alabama Court of Criminal Appeals on direct appeal.  *Coral v. State*, 628 So. 2d 988, 990-991 (Ala. Crim. App. 1992).  Coral has not alleged, and cannot show, that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2)

resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. §2254(d). Because Coral's petition fails to allege that the Alabama courts decided this claim in a manner that is contrary to or involves an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, this Court should deny relief on this claim. Thus, according to the habeas statute, the application for a writ of habeas corpus before this Court "shall not be granted." 28 U.S.C. §2254(d).

(c) Without waiving the foregoing, in deciding this claim, the Alabama Court of Criminal Appeals made findings of fact. Pursuant to 28 U.S.C. §2254(e)(1), these factfindings are presumed correct. Coral is not entitled to an evidentiary hearing on this claim.

(d) Without waiving the foregoing, to the extent Coral failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Coral is not entitled to an evidentiary hearing in federal court because the claim is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient

to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Coral guilty.

(e)  Without waiving the foregoing, the factual averments made in support of this claim are denied.  The state court findings of fact constitute the proper factual basis for consideration of this claim.

### The Claim That *Ring v. Arizona* Applies In This Case

31.  This claim is set forth in section J, paragraph 48, of the petition and is answered as follows:

(a)  Coral did not raise this claim at trial, on direct appeal, or in his Rule 32 petition.  This claim is procedurally defaulted from this Court's review because it was never properly raised in the state courts.  *Teague v. Lane*, 489 U.S. at 297-298; *Engle v. Issac*, 456 U.S. 113-114, 117, 124-125.

(b)  Without waiving the foregoing, the factual averments made in support of this claim are denied.

### The Claim That The Judicial Override In Coral's Case Was A Violation Of The Equal Protection Clause

32.  This claim is set forth in section J, paragraph 49, of the petition and is answered as follows:

(a)  Coral did not raise this claim at trial, on direct appeal, or in his Rule 32 petition.  This claim is procedurally defaulted from this Court's review because it

was never properly raised in the state courts. *Teague v. Lane*, 489 U.S. at 297-298; *Engle v. Issac*, 456 U.S. 113-114, 117, 124-125.

(b)  Without waiving the foregoing, the factual averments made in support of this claim are denied.

<u>**The Claim That Alabama Has No Mechanism To Insure That Defendants Sentenced To Life Without Parole Are Treated Alike**</u>

33.  This claim is set forth in section J, paragraph 50, of the petition and is answered as follows:

(a)  Coral did not raise this claim at trial, on direct appeal, or in his Rule 32 petition.  This claim is procedurally defaulted from this Court's review because it was never properly raised in the state courts. *Teague v. Lane*, 489 U.S. at 297-298; *Engle v. Issac*, 456 U.S. 113-114, 117, 124-125.

(b)  Without waiving the foregoing, the factual averments made in support of this claim are denied.

<u>**The Claim That The Alabama Appellate Courts Have Not Developed A Mechanism For Determining When An Override Is Appropriate**</u>

34.  This claim is set forth in section J, paragraph 51, of the petition and is answered as follows:

(a)  Coral did not raise this claim at trial, on direct appeal, or in his Rule 32 petition.  This claim is procedurally defaulted from this Court's review because it

was never properly raised in the state courts.  *Teague v. Lane*, 489 U.S. at 297-298;

*Engle v. Issac*, 456 U.S. 113-114, 117, 124-125.

(b)  Without waiving the foregoing, the factual averments made in support of

this claim are denied.

## K.    The Claim That The Trial Court's Consideration Of An Allegedly Prejudicial Presentence Report Violated Coral's Rights Under The Fifth, Sixth, Eighth, And Fourteenth Amendments.

35.  This claim is set forth in section K, paragraphs 52-55, of the petition and

is answered as follows:

(a)  The merits of this claim were addressed by the Alabama Court of

Criminal Appeals on direct appeal.  *Coral v. State*, 628 So. 2d 988, 992 (Ala. Crim.

App. 1992).  Coral has not alleged, and cannot show, that the denial of relief on

this claim in state court "(1) resulted in a decision that was contrary to, or involved

an unreasonable application of, clearly established Federal law, as determined by

the Supreme Court of the United States; or (2) resulted in a decision that was based

on an unreasonable determination of the facts in light of the evidence presented in

the State court proceedings."  28 U.S.C. §2254(d).  Because Coral's petition fails

to allege that the Alabama courts decided this claim in a manner that is contrary to

or involves an unreasonable application of clearly established federal law as

determined by the Supreme Court of the United States, this Court should deny

relief on this claim.  Thus, according to the habeas statute, the application for a

writ of habeas corpus before this Court "shall not be granted." 28 U.S.C. §2254(d).

(b) Without waiving the foregoing, in deciding this claim, the Alabama Court of Criminal Appeals made findings of fact. Pursuant to 28 U.S.C. §2254(e)(1), these factfindings are presumed correct. Coral is not entitled to an evidentiary hearing on this claim.

(c) Without waiving the foregoing, to the extent Coral failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Coral is not entitled to an evidentiary hearing in federal court because the claim is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Coral guilty.

(d) Without waiving the foregoing, the factual averments made in support of this claim are denied. The state court findings of fact constitute the proper factual basis for consideration of this claim.

**L.    The Claim That Coral's Jury Pool Underrepresented African-Americans.**

36.  This claim is set forth in section L, paragraphs 56-58, of the petition and is answered as follows:

(a)  This claim was raised for the first time in Coral's Rule 32 petition, and the Rule 32 court correctly found in its order denying relief that this claim was procedurally barred because it could have been but was not raised at trial or on appeal.  Rules 32.2(a)(3) and (5), Ala.R.Crim.P.  Circuit Court's Order, at 3.  The Alabama Court of Criminal Appeals affirmed this holding.  *Coral v. State*, 900 So. 2d 1274, 1287(Ala. Crim. App. 2004).  Under *Wainwright v. Sykes*, 433 U.S. 72 (1977), this claim is barred from federal habeas review, because it was decided under an adequate and independent state procedural ground.  Thus, this claim is procedurally defaulted, and Coral cannot now seek federal review.  *Harris v. Reed*, 489 U.S. 255, 263 (1989).

(b)  Without waiving the foregoing, the factual averments made in support of this claim are denied.

**M.    The Claim That Coral's Death Sentence Is Unconstitutional Because It Was Sought And Imposed Pursuant To A Pattern Of Racial Bias.**

37.  This claim is set forth in section M, paragraph 59, of the petition and is answered as follows:

(a)  This claim was raised for the first time in Coral's Rule 32 petition, and the Rule 32 court correctly found in its order denying relief that this claim was procedurally barred because it could have been but was not raised at trial or on appeal.  Rules 32.2(a)(3) and (5), Ala.R.Crim.P.  Circuit Court's Order, at 4.  The Alabama Court of Criminal Appeals affirmed this holding.  *Coral v. State*, 900 So. 2d 1274, 1287(Ala. Crim. App. 2004).  Under *Wainwright v. Sykes*, 433 U.S. 72 (1977), this claim is barred from federal habeas review, because it was decided under an adequate and independent state procedural ground.  Thus, this claim is procedurally defaulted, and Coral cannot now seek federal review.  *Harris v. Reed*, 489 U.S. 255, 263 (1989).

(b)  Without waiving the foregoing, the factual averments made in support of this claim are denied.

**N.    The Claim That Coral's Rights To A Fair Trial By An Impartial Jury Were Violated By The Trial Court's Failure To Permit Individually Sequestered *Voir Dire* Of Prospective Jurors.[2]**

38.  This claim is set forth in section N, paragraph 60, of the petition and is answered as follows:

(a)  Initially, this claim is insufficiently pleaded.  Coral has not offered any argument in support of his basic assertion.  Bare allegations are insufficient to

---

[2]    This claim is improperly labeled as "M" in Coral's petition, at page 27.

warrant habeas relief. *Spinkellink v. Wainwright*, 578 F.2d 582, 616, n. 42 (5th Cir. 1978).

(b)  Without waiving the foregoing, the merits of this claim were addressed by the Alabama Court of Criminal Appeals on direct appeal. *Coral v. State*, 628 So. 2d 954, 968 (Ala. Crim. App. 1992).  Coral has not alleged, and cannot show, that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."  28 U.S.C. §2254(d).  Because Coral's petition fails to allege that the Alabama courts decided this claim in a manner that is contrary to or involves an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, this Court should deny relief on this claim.  Thus, according to the habeas statute, the application for a writ of habeas corpus before this Court "shall not be granted."  28 U.S.C. §2254(d).

(c) Without waiving the foregoing, in deciding this claim, the Alabama Court of Criminal Appeals made findings of fact.  Pursuant to 28 U.S.C. §2254(e)(1), these factfindings are presumed correct.  Coral is not entitled to an evidentiary hearing on this claim.

(d)  Without waiving the foregoing, to the extent Coral failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court.  Pursuant to 28 U.S.C. §2254(e)(2), Coral is not entitled to an evidentiary hearing in federal court because the claim is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Coral guilty.

(e)  Without waiving the foregoing, the factual averments made in support of this claim are denied.  The state court findings of fact constitute the proper factual basis for consideration of this claim.

**O.  The Claims That Coral Was Denied Effective Assistance Of Counsel During The Guilt And Penalty Phases Of His Trial.**

39.  This claim is set forth in section O, paragraphs 61-73, of the petition and sets out six instances of alleged ineffective assistance of trial counsel.  The specific allegations of ineffective assistance of trial counsel are individually addressed below.

40.  Introductory paragraph 61 is denied.

## **Inadequate Compensation**

41.  This claim is set forth in section O(1), paragraphs 62-64, of the petition and is answered as follows:

(a)   The merits of this claim were addressed by the Rule 32 court and the Alabama Court of Criminal Appeals.  Circuit Court's order, pp. 12-14; *Coral  v. State*, 900 So. 2d 1274, 1285-1286 (Ala. Crim. App. 2004).   Coral has not alleged, and cannot show, that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."  28 U.S.C. §2254(d).  Because Coral's petition fails to allege that the Alabama courts decided this claim in a manner that is contrary to or involves an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, this Court should deny relief on this claim. Thus, according to the habeas statute, the application for a writ of habeas corpus before this Court "shall not be granted."  28 U.S.C. §2254(d).

(b) Without waiving the foregoing, in deciding this claim, the Alabama Court of Criminal Appeals made findings of fact.  Pursuant to 28 U.S.C.

§2254(e)(1), these factfindings are presumed correct.  Coral is not entitled to an evidentiary hearing on this claim.

(c)  Without waiving the foregoing, to the extent Coral failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court.  Pursuant to 28 U.S.C. §2254(e)(2), Coral is not entitled to an evidentiary hearing in federal court because the claim is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Coral guilty.

(d)  Without waiving the foregoing, the factual averments made in support of this claim are denied.  The state court findings of fact constitute the proper factual basis for consideration of this claim.

### Failure To Object To The Trial Court's "Override" Of The Jury's Life Without The Possibility Of Parole Sentencing Recommendation

42.  This claim is set forth in section O(2), paragraphs 65-66, of the petition and is answered as follows:

(a)  Initially, Coral has attempted to add new factual support for this claim in his habeas petition – facts that were not presented in the state courts.  These new allegations are not properly before this Court for review because they are procedurally defaulted.  *Teague v. Lane*, 489 U.S. 288, 297-298 (1989); *Engle v. Issac*, 456 U.S. 107, 113-114, 117, 124-125 (1982).  Accordingly, this claim is answered as follows:

(b)   The Rule 32 court found in its order that this claim was insufficiently pleaded and, therefore, did not comply with Rule 32.6(b) of the Alabama Rules of Criminal Procedure.  Circuit Court's Order, at 5-6.  The Alabama Court of Criminal Appeals affirmed this holding.  *Coral  v. State*, 900 So. 2d 1274, 1279-1284 (Ala. Crim. App. 2004).  Under *Wainwright v. Sykes*, 433 U.S. 72 (1977), this claim is barred from federal habeas review, because it was decided under an adequate and independent state procedural ground.  Thus, this claim is procedurally defaulted, and Coral cannot now seek federal review.  *Harris v. Reed*, 489 U.S. 255, 263 (1989).

(c)  Without waiving the foregoing, to the extent Coral failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court.  Pursuant to 28 U.S.C. §2254(e)(2), Coral is not entitled to an evidentiary hearing in federal court because the claim is not based on a "new rule of constitutional law, made retroactive to cases on collateral

review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Coral guilty.

(d)  Without waiving the foregoing, to the extent Coral failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court.  Pursuant to 28 U.S.C. §2254(e)(2), Coral is not entitled to an evidentiary hearing in federal court because the claim is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Coral guilty.

(e)  Without waiving the foregoing, the factual averments made in support of this claim are denied.  The state court findings of fact constitute the proper factual basis for consideration of this claim.

**Failure To Talk To Coral's Family About Mitigation Evidence**

43.  This claim is set forth in section O(3), paragraphs 67-69, of the petition and is answered as follows:

(a)  Initially, Coral has attempted to add new factual support for this claim in his habeas petition – facts that were not presented in the state courts.  These new allegations are not properly before this Court for review because they are procedurally defaulted.  *Teague v. Lane*, 489 U.S. 288, 297-298 (1989); *Engle v. Issac*, 456 U.S. 107, 113-114, 117, 124-125 (1982).  Accordingly, this claim is answered as follows:

(b)   The Rule 32 court found in its order that this claim was insufficiently pleaded and, therefore, did not comply with Rule 32.6(b) of the Alabama Rules of Criminal Procedure.  Circuit Court's Order, at 5-6.  The Alabama Court of Criminal Appeals affirmed this holding.  *Coral  v. State*, 900 So. 2d 1274, 1279-1284 (Ala. Crim. App. 2004).  Under *Wainwright v. Sykes*, 433 U.S. 72 (1977), this claim is barred from federal habeas review, because it was decided under an adequate and independent state procedural ground.  Thus, this claim is procedurally defaulted, and Coral cannot now seek federal review.  *Harris v. Reed*, 489 U.S. 255, 263 (1989).

(c)  Without waiving the foregoing, to the extent Coral failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any

further evidentiary hearing in this Court.  Pursuant to 28 U.S.C. §2254(e)(2), Coral is not entitled to an evidentiary hearing in federal court because the claim is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Coral guilty.

(d)  Without waiving the foregoing, to the extent Coral failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court.  Pursuant to 28 U.S.C. §2254(e)(2), Coral is not entitled to an evidentiary hearing in federal court because the claim is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Coral guilty.

(e)  Without waiving the foregoing, the factual averments made in support of this claim are denied.  The state court findings of fact constitute the proper factual basis for consideration of this claim.

### Failure To Adequately Challenge The Systematic Underrepresentation Of African-Americans In Coral's Jury Pool

44.  This claim is set forth in section O(4), paragraph 70, of the petition and is answered as follows:

(a)  Initially, Coral has attempted to add new factual support for this claim in his habeas petition – facts that were not presented in the state courts.  These new allegations are not properly before this Court for review because they are procedurally defaulted.  *Teague v. Lane*, 489 U.S. 288, 297-298 (1989); *Engle v. Issac*, 456 U.S. 107, 113-114, 117, 124-125 (1982).  Accordingly, this claim is answered as follows:

(b)   The Rule 32 court found in its order that this claim was insufficiently pleaded and, therefore, did not comply with Rule 32.6(b) of the Alabama Rules of Criminal Procedure.  Circuit Court's Order, at 5-6.  The Alabama Court of Criminal Appeals affirmed this holding.  *Coral  v. State*, 900 So. 2d 1274, 1279-1284 (Ala. Crim. App. 2004).  Under *Wainwright v. Sykes*, 433 U.S. 72 (1977), this claim is barred from federal habeas review, because it was decided under an adequate and independent state procedural ground.  Thus, this claim is

procedurally defaulted, and Coral cannot now seek federal review. *Harris v. Reed*, 489 U.S. 255, 263 (1989).

(c)  Without waiving the foregoing, to the extent Coral failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Coral is not entitled to an evidentiary hearing in federal court because the claim is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Coral guilty.

(d)  Without waiving the foregoing, to the extent Coral failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Coral is not entitled to an evidentiary hearing in federal court because the claim is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient

to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Coral guilty.

(e)  Without waiving the foregoing, the factual averments made in support of this claim are denied.  The state court findings of fact constitute the proper factual basis for consideration of this claim.

## Failure To Object To The Admission Of An Allegedly Prejudicial Presentence Investigation Report

45.    This claim is set forth in section O(5), paragraph 71, of the petition and is answered as follows:

(a)  The merits of this claim were addressed by the Rule 32 court and the Alabama Court of Criminal Appeals.  Circuit Court's order, pp. 14-18; *Coral v. State*, 900 So. 2d 1274, 1286-1287 (Ala. Crim. App. 2004).   Coral has not alleged, and cannot show, that the denial of relief on this claim in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."  28 U.S.C. §2254(d).  Because Coral's petition fails to allege that the Alabama courts decided this claim in a manner that is contrary to or involves an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, this Court should deny relief on this claim.

Thus, according to the habeas statute, the application for a writ of habeas corpus before this Court "shall not be granted." 28 U.S.C. §2254(d).

(b) Without waiving the foregoing, in deciding this claim, the Alabama Court of Criminal Appeals made findings of fact. Pursuant to 28 U.S.C. §2254(e)(1), these factfindings are presumed correct. Coral is not entitled to an evidentiary hearing on this claim.

(c) Without waiving the foregoing, to the extent Coral failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court. Pursuant to 28 U.S.C. §2254(e)(2), Coral is not entitled to an evidentiary hearing in federal court because the claim is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Coral guilty.

(d) Without waiving the foregoing, the factual averments made in support of this claim are denied. The state court findings of fact constitute the proper factual basis for consideration of this claim.

## Failure To Argue That The Death Penalty Was Imposed
## Pursuant To A Pattern Of Racial Bias

46.  This claim is set forth in section O(6), paragraphs 72-73, of the petition

and is answered as follows:

(a)  Initially, Coral has attempted to add new factual support for this claim in

his habeas petition – facts that were not presented in the state courts.  These new

allegations are not properly before this Court for review because they are

procedurally defaulted.  *Teague v. Lane*, 489 U.S. 288, 297-298 (1989); *Engle v.

Issac*, 456 U.S. 107, 113-114, 117, 124-125 (1982).  Accordingly, this claim is

answered as follows:

(b)   The Rule 32 court found in its order that this claim was insufficiently

pleaded and, therefore, did not comply with Rule 32.6(b) of the Alabama Rules of

Criminal Procedure.  Circuit Court's Order, at 5-6.  The Alabama Court of

Criminal Appeals affirmed this holding.  *Coral  v. State*, 900 So. 2d 1274, 1279-

1284 (Ala. Crim. App. 2004).  Under *Wainwright v. Sykes*, 433 U.S. 72 (1977), this

claim is barred from federal habeas review, because it was decided under an

adequate and independent state procedural ground.  Thus, this claim is

procedurally defaulted, and Coral cannot now seek federal review.  *Harris v. Reed*,

489 U.S. 255, 263 (1989).

(c)  Without waiving the foregoing, to the extent Coral failed to develop the

factual basis for this claim in state court proceedings, he is not entitled to any

further evidentiary hearing in this Court.  Pursuant to 28 U.S.C. §2254(e)(2), Coral is not entitled to an evidentiary hearing in federal court because the claim is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Coral guilty.

(d)  Without waiving the foregoing, to the extent Coral failed to develop the factual basis for this claim in state court proceedings, he is not entitled to any further evidentiary hearing in this Court.  Pursuant to 28 U.S.C. §2254(e)(2), Coral is not entitled to an evidentiary hearing in federal court because the claim is not based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" or "a factual predicate that could not have been previously discovered through the exercise of due diligence," and because the facts underlying the claim would not be sufficient to establish by clear and convincing evidence that, but for the constitutional error alleged in this claim, no reasonable factfinder would have found Coral guilty.

(e)  Without waiving the foregoing, the factual averments made in support of this claim are denied.  The state court findings of fact constitute the proper factual basis for consideration of this claim.

## Miscellaneous Matters

47.  The responses here are based on the undersigned counsel's understanding of the grounds for relief alleged in the petition.  If Coral is attempting to state any other claims, the Respondent requests a more definite statement and requests that it be given an opportunity to respond if the claims are amended in any way.

48.  All of the averments in Coral's habeas petition, which are not expressly admitted, are denied.

49.  The responses and defenses set out above are pleaded separately and severally.

## Response To Prayer For Relief

50.  Coral is not entitled to discovery or an evidentiary hearing on this habeas petition.

51.  Issues regarding procedural default and the merits of the claims that are not procedurally defaulted can be sufficiently addressed in briefs by the parties. The interests of justice will best be served by full briefing on the issues, rather than further unnecessary delay for discovery and an evidentiary hearing.

52. After considering the briefs of the parties, the petition for writ of habeas corpus should be denied.

Respectfully submitted,

Troy King
*Attorney General*


/s/ Anne C. Adams
Anne C. Adams (ADA054)
*Assistant Attorney General*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 6, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to the following: **LaJuana Davis.**

*/s/  Anne C. Adams*

ANNE C. ADAMS
*ASSISTANT ATTORNEY GENERAL*

ADDRESS OF COUNSEL:

Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL  36130
Office (334) 353-8797
Fax (334) 353-3637

Email: aadams@ago.state.al.us