IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| ROBERT CORAL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:05-cv-1112-MEF |
| | ) | |
| RICHARD ALLEN, Commissioner, | ) | |
| Alabama Department of | ) | |
| Corrections, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## JOINT REPORT

Pursuant to this Court's March 9, 2006 order, the parties have prepared this joint report. Following the format that the Court ordered, each of Coral's claims are listed, with the parties' positions on procedural default contained under subsection A; the positions of the parties with respect to other preclusion grounds under subsection B; the parties' position on whether an evidentiary hearing is required under subsection C; and the parties' position on discovery under subsection D.

## CLAIMS IN CORAL'S HABEAS CORPUS PETITION

**CLAIM A     Coral's Statements to Police Were Admitted in Violation of the Constitution, petition ¶¶ 9-19.**

   **1.  The Marshall Statement**

    A.    Procedural Default

        1.    The State's position is that because this claim was adjudicated on the merits in state court proceedings, and because Petitioner has failed to show that the state court adjudication of this claim resulted in a decision that was contrary to, and involved an unreasonable application of, clearly

established United States Supreme Court precedent, habeas relief cannot be granted.

2.    Coral submits that there is no procedural bar to the consideration of this claim.  This claim was presented in state court and Coral exhausted his state remedies. Tab #R-84 at 974.

B.    Other Grounds of Preclusion

1.    The State's position is that under 28 U.S.C. 2254(e)(1), the state court factfindings must be presumed correct.

2.    Coral disputes the basis of the Respondents' other ground of preclusion.

C.    Evidentiary Hearing

1.    Coral requests an evidentiary hearing on this issue on the question of harmless error.

2.    The State's position is that Petitioner is not entitled to an evidentiary hearing.

D.    Discovery

1.    Coral does not seek discovery for this claim.

2.    The State's position is that Petitioner is not entitled to discovery.

**3.  The Clore Statement**

A.    Procedural Default

1.    The State's position is that because this claim was adjudicated on the merits in state court proceedings, and because Petitioner has failed to show that the state court adjudication of this claim resulted in a decision that was contrary to, and involved an unreasonable application of, clearly established United States Supreme Court precedent, habeas relief cannot be granted.

2.    Coral submits that there is no procedural bar to the consideration of this claim.  This claim was presented in state court and Coral exhausted his state remedies. Tab #R-84 at 973-74.

B.    Other Grounds of Preclusion

2

1.      The State's position is that under 28 U.S.C. 2254(e)(1), the state court factfindings must be presumed correct.

2.      Coral submits that if there exist state court factfindings which are entitled to review under this standard, then there is no ground of preclusion.

C.      Evidentiary Hearing

1.      Coral requests an evidentiary hearing on this issue on the question of harmless error.

2.      The State's position is that Petitioner is not entitled to an evidentiary hearing.

D.      Discovery

1.      Coral does not seek discovery for this claim.

2.      The State's position is that Petitioner is not entitled to discovery.

**4.   The Jett Statement**

A.      Procedural Default

1.      The State's position is that because this claim was adjudicated on the merits in state court proceedings, and because Petitioner has failed to show that the state court adjudication of this claim resulted in a decision that was contrary to, and involved an unreasonable application of, clearly established United States Supreme Court precedent, habeas relief cannot be granted.

2.      Coral submits that there is no procedural bar to the consideration of this claim.  This claim was presented in state court and Coral exhausted his state remedies. Tab #R-84 at 973-74.

B.      Other Grounds of Preclusion

1.      The State's position is that under 28 U.S.C. 2254(e)(1), the state court factfindings must be presumed correct.

2.      Coral submits that if there exist state court factfindings which are entitled to review under this standard, then there is no ground of preclusion.

C.      Evidentiary Hearing

3

    1.      Coral requests an evidentiary hearing on this issue concerning whether this error was harmless.

    2.      The State's position is that Petitioner is not entitled to an evidentiary hearing.

D.     Discovery

    1.      Coral does not seek discovery for this claim.

    2.      The State's position is that Petitioner is not entitled to discovery.

**CLAIM B     The State's Tardy Disclosure at Trial of a Witness' Police Statement Was a *Brady* Violation, petition ¶¶ 20-24 .**

A.     Procedural Default

    1.      The State's position is that because this claim was adjudicated on the merits in state court proceedings, and because Petitioner has failed to show that the state court adjudication of this claim resulted in a decision that was contrary to, and involved an unreasonable application of, clearly established United States Supreme Court precedent, habeas relief cannot be granted.

    2.      Coral submits that there is no procedural bar to the consideration of this claim and therefore it is properly before this Court for merits review. This claim was presented in state court and Coral has exhausted his state remedies. Tab #R-84 at 975-80.

B.     Other Grounds of Preclusion

    1.      The State's position is that under 28 U.S.C. 2254(e)(1), the state court factfindings must be presumed correct.

    2.      Coral submits that if there exist state court factfindings which are entitled to review under this standard, then there is no ground of preclusion.

C.     Evidentiary Hearing

    1.      Coral requests an evidentiary hearing on this issue.

    2.      The State's position is that Petitioner is not entitled to an evidentiary hearing.

4

D.    Discovery

    1.    Coral does not seek discovery for this claim.

    2.    The State's position is that Petitioner is not entitled to discovery.

**CLAIM C    Coral's Speedy Trial Rights Were Violated, petition ¶¶ 25-26.**

A.    Procedural Default

    1.    The State's position is that because this claim was adjudicated on the merits in state court proceedings, and because Petitioner has failed to show that the state court adjudication of this claim resulted in a decision that was contrary to, and involved an unreasonable application of, clearly established United States Supreme Court precedent, habeas relief cannot be granted.

    2.    Coral submits that there is no procedural bar to the consideration of this claim and therefore it is properly before this Court for merits review. This claim was presented in state court and Coral has exhausted his state remedies. Tab #R-84 at 975-80.

B.    Other Grounds of Preclusion

    1.    The State's position is that under 28 U.S.C. 2254(e)(1), the state court factfindings must be presumed correct.

    2.    The State also submits that this claim is insufficiently pleaded.  Bare allegations are insufficient to warrant habeas relief.

    3.    Coral submits that if there exist state court factfindings which are entitled to review under this standard, then there is no ground of preclusion. Coral disputes the basis of the Respondents' other ground of preclusion.

C.    Evidentiary Hearing

    1.    Coral requests an evidentiary hearing on this issue.

    2.    The State's position is that Petitioner is not entitled to an evidentiary hearing.

D.    Discovery

    1.    Coral does not seek discovery for this claim.

2.    The State's position is that Petitioner is not entitled to discovery.

**CLAIM D     Coral's Pretrial Detention Violated the Eighth and Fourteenth Amendments, petition ¶¶ 27-29.**

    A.    Procedural Default

        1.    The State's position is that because this claim was adjudicated on the merits in state court proceedings, and because Petitioner has failed to show that the state court adjudication of this claim resulted in a decision that was contrary to, and involved an unreasonable application of, clearly established United States Supreme Court precedent, habeas relief cannot be granted.

        2.    Coral submits that there is no procedural bar to the consideration of this claim and therefore it is properly before this Court for merits review. This claim was presented in state court, and Coral has exhausted his state remedies. Tab #R-84 at 966-68.

    B.    Other Grounds of Preclusion

        1.    The State's position is that under 28 U.S.C. 2254(e)(1), the state court factfindings must be presumed correct.

        2.    Coral submits that if there exist state court factfindings which are entitled to review under this standard, then there is no ground of preclusion.

    C.    Evidentiary Hearing

        1.    Coral does not request an evidentiary hearing on this issue.

        2.    The State's position is that Petitioner is not entitled to an evidentiary hearing.

    D.    Discovery

        1.    Coral does not seek discovery for this claim.

        2.    The State's position is that Petitioner is not entitled to discovery.

**CLAIM E     The Racially Discriminatory Use of Peremptory Challenges at Trial Violated Coral's Constitutional Rights, petition ¶¶ 30-34.**

    A.    Procedural Default

1.  The State's position is that because this claim was adjudicated on the merits in state court proceedings, and because Petitioner has failed to show that the state court adjudication of this claim resulted in a decision that was contrary to, and involved an unreasonable application of, clearly established United States Supreme Court precedent, habeas relief cannot be granted.

2.  Coral submits that there is no procedural bar to the consideration of this claim and therefore it is properly before this Court for merits review. This claim was presented in state court and Coral has exhausted his state remedies. Tab #R-84 at 968-69.

B.  Other Grounds of Preclusion

1.  The State's position is that under 28 U.S.C. 2254(e)(1), the state court factfindings must be presumed correct.

2.  Coral submits that if there exist state court factfindings which are entitled to review under this standard, then there is no ground of preclusion.

C.  Evidentiary Hearing

1.  Coral requests an evidentiary hearing on this issue.

2.  The State's position is that Petitioner is not entitled to an evidentiary hearing.

D.  Discovery

1.  Coral does not seek discovery for this claim.

2.  The State's position is that Petitioner is not entitled to discovery.

**CLAIM F(1)  The Guilt Phase Instructions on Reasonable Doubt Violated *Cage v. Louisiana* and the Eighth and Fourteenth Amendments, petition ¶¶ 35-37.**

A.  Procedural Default

1.  The State's position is that because this claim was adjudicated on the merits in state court proceedings, and because Petitioner has failed to show that the state court adjudication of this claim resulted in a decision that was contrary to, and involved an unreasonable application of, clearly established United States Supreme Court precedent, habeas relief cannot be granted.

7

2. Coral submits that there is no procedural bar to the consideration of this claim and therefore it is properly before this Court for merits review. This claim was presented in state court and Coral has exhausted his state remedies. Tab #R-84 at 984.

B. Other Grounds of Preclusion

1. The State's position is that under 28 U.S.C. 2254(e)(1), the state court factfindings must be presumed correct.

2. Coral submits that if there exist state court factfindings which are entitled to review under this standard, then there is no ground of preclusion.

C. Evidentiary Hearing

1. Coral does not request an evidentiary hearing on this issue.

2. The State's position is that Petitioner is not entitled to an evidentiary hearing.

D. Discovery

1. Coral does not seek discovery for this claim.

2. The State's position is that Petitioner is not entitled to discovery.

**CLAIM F(2)  The Penalty Phase Reasonable Doubt Instructions Violated *Cage v. Louisiana* and the Eighth and Fourteenth Amendments, petition ¶ 38.**

A. Procedural Default

1. The State's position is that because this claim was adjudicated on the merits in state court proceedings, and because Petitioner has failed to show that the state court adjudication of this claim resulted in a decision that was contrary to, and involved an unreasonable application of, clearly established United States Supreme Court precedent, habeas relief cannot be granted.

2. Coral submits that there is no procedural bar to the consideration of this claim and therefore it is properly before this Court for merits review. This claim was presented in state court, and Coral has exhausted his state remedies. Tab #R-84 at 984.

B. Other Grounds of Preclusion

8

1.    The State's position is that under 28 U.S.C. 2254(e)(1), the state court factfindings must be presumed correct.

2.    The State also submits that this claim is insufficiently pleaded. Bare allegations are insufficient to warrant habeas relief.

3.    Coral submits that if there exist state court factfindings which are entitled to review under this standard, then there is no ground of preclusion. Coral disputes the Respondents' specificity allegation.

C.    Evidentiary Hearing

1.    Coral does not request an evidentiary hearing on this issue.

2.    The State's position is that Petitioner is not entitled to an evidentiary hearing.

D.    Discovery

1.    Coral does not seek discovery for this claim.

2.    The State's position is that Petitioner is not entitled to discovery.

**CLAIM G    The Presence of a Victim's Relative at the Prosecution's Table at Trial Denied Coral a Fair Trial, petition ¶¶ 39.**

A.    Procedural Default

1.    The State's position is that because this claim was adjudicated on the merits in state court proceedings, and because Petitioner has failed to show that the state court adjudication of this claim resulted in a decision that was contrary to, and involved an unreasonable application of, clearly established United States Supreme Court precedent, habeas relief cannot be granted.

2.    Coral submits that there is no procedural bar to the consideration of this claim and therefore it is properly before this Court for merits review. This claim was presented in state court and Coral has exhausted his state remedies. Tab #R-84 at 984.

B.    Other Grounds of Preclusion

1.    The State's position is that under 28 U.S.C. 2254(e)(1), the state court factfindings must be presumed correct.

2.      The State also submits that this claim is insufficiently pleaded. Bare allegations are insufficient to warrant habeas relief.

3.      In addition, the State submits that this claim fails to state a claim for relief because it presents only a question of state law.[1]

4.      Coral submits that if there exist state court factfindings which are entitled to review under this standard, then there is no ground of preclusion. Coral disputes the basis of the Respondents' other ground of preclusion.

C.      Evidentiary Hearing

1.      Coral does not request an evidentiary hearing on this issue.

2.      The State's position is that Petitioner is not entitled to an evidentiary hearing.

D.      Discovery

1.      Coral does not seek discovery for this claim.

2.      The State's position is that Petitioner is not entitled to discovery.

**CLAIM H      The Trial Court's Penalty Phase Mitigation Instructions Violated *Mills v. Maryland* and the Eighth and Fourteenth Amendments, petition ¶¶ 40-41.**

A.      Procedural Default

1.      The State's position is that because this claim was adjudicated on the merits in state court proceedings, and because Petitioner has failed to show that the state court adjudication of this claim resulted in a decision that was contrary to, and involved an unreasonable application of, clearly established United States Supreme Court precedent, habeas relief cannot be granted.

2.      Coral submits that there is no procedural bar to the consideration of this claim and therefore it is properly before this Court for merits review. This claim was presented in state court and Coral has exhausted his state remedies. Tab #R-84 at 984-85.

B.      Other Grounds of Preclusion

---

[1] The State did not assert this defense in its Answer but will file an amended answer asserting this defense before the scheduling conference on April 18, 2006.

10

      1.      The State's position is that under 28 U.S.C. 2254(e)(1), the state court factfindings must be presumed correct.

      2.      The State also submits that this claim is insufficiently pleaded. Bare allegations are insufficient to warrant habeas relief.

      3.      Coral submits that if there exist state court factfindings which are entitled to review under this standard, then there is no ground of preclusion. Coral disputes the basis of the Respondents' other allegation.

C.      Evidentiary Hearing

      1.      Coral requests an evidentiary hearing on this issue.

      2.      The State's position is that Petitioner is not entitled to an evidentiary hearing.

D.      Discovery

      1.      Coral does not seek discovery for this claim.

      2.      The State's position is that Coral is not entitled to discovery.

**CLAIM I(1)  The Prosecution Improperly Argued that Its Version of the Events Was the Truth, petition ¶ 43-44.**

A.      Procedural Default

      1.      The State's position is that because this claim was adjudicated on the merits in state court proceedings, and because Petitioner has failed to show that the state court adjudication of this claim resulted in a decision that was contrary to, and involved an unreasonable application of, clearly established United States Supreme Court precedent, habeas relief cannot be granted.

      2.      Coral submits that there is no procedural bar to the consideration of this claim and therefore it is properly before this Court for merits review. This claim was presented in state court and Coral has exhausted his state remedies. Tab #R-84 at 985-86.

B.      Other Grounds of Preclusion

      1.      The State's position is that under 28 U.S.C. 2254(e)(1), the state court factfindings must be presumed correct.

11

     2.    Coral submits that if there exist state court factfindings which are entitled to review under this standard, then there is no ground of preclusion.

C.    Evidentiary Hearing

     1.    Coral requests an evidentiary hearing on this issue.

     2.    The State's position is that Petitioner is not entitled to an evidentiary hearing.

D.    Discovery

     1.    Coral does not seek discovery for this claim.

     2.    The State's position is that Petitioner is not entitled to discovery.

**CLAIM I(2)  The Prosecution Improperly Argued that An Eyewitness Told the Truth When It Knew that the Witness' Testimony Was, In Part, False, petition ¶ 44.**

A.    Procedural Default

     1.    The State's position is that this claim is procedurally defaulted because it was not raised at trial or on direct appeal.  Rule 32.2(a)(3) and (5), Ala.R.Crim.P.  Petitioner attempted to raise this claim in his Rule 32 petition but the Rule 32 court properly found that this claim was barred from review because it could have been but was not raised at trial or on direct appeal.  Circuit Court's Order, at 3.  The Alabama Court of Criminal Appeals affirmed this holding.  *Coral v. State*, 900 So. 2d 1274, 1287 (Ala. Crim. App. 2004).

     2.    Coral submits that cause and prejudice exist to excuse the procedural default because his counsel was ineffective in failing to raise this claim.

B.    Other Grounds of Preclusion

     1.    The State's position is that this claim is insufficiently pleaded.  Bare allegations are insufficient to warrant habeas relief.

     2.    Coral submits that the Respondents do not allege an additional ground of preclusion and disputes the basis of the Respondents' allegation that his claim lacks specificity.

C.    Evidentiary Hearing

      1.      Coral requests an evidentiary hearing on this issue.

      2.      The State's position is that Petitioner is not entitled to an evidentiary hearing.

D.     Discovery

      1.      Coral does not seek discovery for this claim.

      2.      The State's position is that Petitioner is not entitled to discovery.

**CLAIM I(3)  The Prosecution Improperly Commented Upon Coral's Right Not to Testify, petition ¶¶ 45-46.**

A.     Procedural Default

      1.      The State's position is that because this claim was adjudicated on the merits in state court proceedings, and because Petitioner has failed to show that the state court adjudication of this claim resulted in a decision that was contrary to, and involved an unreasonable application of, clearly established United States Supreme Court precedent, habeas relief cannot be granted.

      2.      Coral submits that there is no procedural bar to the consideration of this claim and therefore it is properly before this Court for merits review. This claim was presented in state court and Coral has exhausted his state remedies. Tab #R-84 at 986-87.

B.     Other Grounds of Preclusion

      1.      The State's position is that under 28 U.S.C. 2254(e)(1), the state court factfindings must be presumed correct.

      2.      The State also submits that this claim is insufficiently pleaded.  Bare allegations are insufficient to warrant habeas relief.

      3.      Coral submits that the Respondents do not allege an additional ground of preclusion and disputes the Respondents' allegation that his claim lacks specificity.

C.     Evidentiary Hearing

      1.      Coral does not request an evidentiary hearing on this issue.

      2.      The State's position is that Petitioner is not entitled to an evidentiary

hearing.

D.    Discovery

    1.    Coral does not seek discovery for this claim.

    2.    The State's position is that Petitioner is not entitled to discovery.

**CLAIM I(4)    The Cumulative Effect Of the Allegedly Improper Remarks, petition ¶ 46**

A.    Procedural Default

    1.    The State's position is that because this claim was adjudicated on the merits in state court proceedings, and because Petitioner has failed to show that the state court adjudication of this claim resulted in a decision that was contrary to, and involved an unreasonable application of, clearly established United States Supreme Court precedent, habeas relief cannot be granted.

    2.    Coral submits that there is no procedural bar to the consideration of this claim and therefore it is properly before this Court for merits review. This claim was presented in state court and Coral has exhausted his state remedies. Tab #R-84 at 986.

B.    Other Grounds of Preclusion

    1.    The State's position is that under 28 U.S.C. 2254(e)(1), the state court factfindings must be presumed correct.

    2.    The State also submits that this claim is insufficiently pleaded.  Bare allegations are insufficient to warrant habeas relief.

    3.    Coral submits that the Respondents do not allege an additional ground of preclusion and disputes the Respondents' allegation that his claim lacks specificity.

C.    Evidentiary Hearing

    1.    Coral does not request an evidentiary hearing on this issue.

    2.    The State's position is that Petitioner is not entitled to an evidentiary hearing.

D.    Discovery

14

1.      Coral does not seek discovery for this claim.

2.      The State's position is that Petitioner is not entitled to discovery.

**CLAIM J(1)   The Judicial Override Violated Coral's Sixth, Eighth and Fourteenth Amendment Rights, petition ¶¶ 47-51.**

A.      Procedural Default

1.      The State's position is that because this claim was adjudicated on the merits in state court proceedings, and because Petitioner has failed to show that the state court adjudication of this claim resulted in a decision that was contrary to, and involved an unreasonable application of, clearly established United States Supreme Court precedent, habeas relief cannot be granted.

2.      Coral submits that there is no procedural bar to the consideration of this claim and therefore it is properly before this Court for merits review. This claim was presented in state court and Coral has exhausted his state remedies. Tab #R-84 at 990.

B.      Other Grounds of Preclusion

1.      The State's position is that under 28 U.S.C. 2254(e)(1), the state court factfindings must be presumed correct.

2.      The State also submits that this claim is insufficiently pleaded.  Bare allegations are insufficient to warrant habeas relief.

3.      In addition, the State submits that this claim fails to state a claim for relief because it presents only a question of state law.[2]

4.      Coral submits that the Respondents do not allege an additional ground of preclusion and disputes the Respondents' allegation that his claim lacks specificity.

C.      Evidentiary Hearing

1.      Coral does not request an evidentiary hearing on this issue.

2.      The State's position is that Petitioner is not entitled to an evidentiary hearing.

---

[2] The State did not assert this defense in its Answer but will file an amended answer asserting this defense before the April 18, 2006 scheduling conference.

D.    Discovery

    1.    Coral does not seek discovery for this claim.

    3.    The State's position is that Petitioner is not entitled to discovery.

**CLAIM J(2)   The Trial Court's Rejection Of The Jury Verdict Of Life Without Parole Violates the Supreme Court's Holding In *Ring v. Arizona*, petition ¶ 48**

A.    Procedural Default

    1.    The State's position is that this claim is barred from habeas review by the non-retroactivity to collateral proceedings doctrine of *Teague v. Lane*, 489 U.S. 299 (1989) and *Penry v. Lynaugh*, 492 U.S. 302 (1989).  Coral's direct appeal ended and his conviction became final when the United States Supreme Court affirmed his conviction and death sentence on March 28, 1994.  The decision upon which Coral bases his claim, *Ring v. Arizona*, 536 U.S. 584 (2002), was decided after his conviction became final and is not retroactive to Coral's case.  *Schriro v. Summerlin*, 124 S.Ct. 2519, 2525 (June 24, 2004).[3]

    2.    In addition, this claim is procedurally defaulted because it was not raised at trial, on direct appeal, or in the Rule 32 proceedings.  Rule 32.2(a)(3) and (5), Ala.R.Crim.P; *Teague v. Lane*, 489 U.S. at 297-298; *Engle v. Issac*, 456 U.S. at 113-114, 124-125.

    3.    Coral submits that there is no procedural bar to the consideration of this claim.

B.    Other Grounds of Preclusion

    1.    Not applicable.

    2.    Not applicable.

C.    Evidentiary Hearing

    1.    Coral does not request an evidentiary hearing on this issue.

    2.    The State's position is that Petitioner is not entitled to an evidentiary hearing.

---

[3] The State did not assert this defense in its Answer but will file an amended answer asserting this defense before the scheduling conference on April 18, 2006.

D.    Discovery

    1.    Coral does not seek discovery for this claim.

    2.    The State's position is that Petitioner is not entitled to discovery.

## CLAIM J(3)The Judicial Override In Coral's Case Was A Violation Of The Equal Protection Clause, petition ¶ 49

A.    Procedural Default

    1.    The State's position is that this claim is procedurally defaulted because it was not raised at trial, on direct appeal, or in the Rule 32 proceedings. Rule 32.2(a)(3) and (5), Ala.R.Crim.P; *Teague v. Lane*, 489 U.S. at 297-298; *Engle v. Issac*, 456 U.S. at 113-114, 124-125.

    2.    Coral submits that there is no procedural bar to the consideration of this claim because it was presented in state court on direct appeal, and therefore it is properly before this Court for merits review. Tab #R-84 at 990.

B.    Other Grounds of Preclusion

    1.    Not applicable.

    2.    Not applicable.

C.    Evidentiary Hearing

    1.    Coral does not request an evidentiary hearing on this issue.

    2.    The State's position is that Petitioner is not entitled to an evidentiary hearing.

D.    Discovery

    1.    Coral does not seek discovery for this claim.

    2.    The State's position is that Petitioner is not entitled to discovery.

## CLAIM J(4)  Alabama Has No Mechanism To Insure That Defendants Sentenced To Life Without Parole Are Treated Alike, petition ¶ 50

A.    Procedural Default

1.  The State's position is that this claim is procedurally defaulted because it was not raised at trial, on direct appeal, or in the Rule 32 proceedings. Rule 32.2(a)(3) and (5), Ala.R.Crim.P; *Teague v. Lane*, 489 U.S. at 297-298; *Engle v. Issac*, 456 U.S. at 113-114, 124-125.

2.  Coral submits that there is no procedural bar to the consideration of this claim because it was presented in state court on direct appeal, and therefore it is properly before this Court for merits review. Tab #R-84 at 990-91.

B.  Other Grounds of Preclusion

1.  Not applicable.

2.  Not applicable.

C.  Evidentiary Hearing

1.  Coral does not request an evidentiary hearing on this issue.

2.  The State's position is that Petitioner is not entitled to an evidentiary hearing.

D.  Discovery

1.  Coral does not seek discovery for this claim.

2.  The State's position is that Petitioner is not entitled to discovery.

**CLAIM J(5)  Alabama Appellate Courts Have Not Developed A Mechanism For Determining When An Override Is Appropriate, petition ¶ 51**

A.  Procedural Default

1.  The State's position is that this claim is procedurally defaulted because it was not raised at trial, on direct appeal, or in the Rule 32 proceedings. Rule 32.2(a)(3) and (5), Ala.R.Crim.P; *Teague v. Lane*, 489 U.S. at 297-298; *Engle v. Issac*, 456 U.S. at 113-114, 124-125.

2.  Coral submits that there is no procedural bar to the consideration of this claim because it was presented in state court on direct appeal, and therefore it is properly before this Court for merits review. Tab #R-84 at 991.

     B.      Other Grounds of Preclusion

          1.      Not applicable.

          2.      Not applicable.

     C.      Evidentiary Hearing

          1.      Coral does not request an evidentiary hearing on this issue.

          2.      The State's position is that Petitioner is not entitled to an evidentiary hearing.

     D.      Discovery

          1.      Coral does not seek discovery for this claim.

          2.      The State's position is that Petitioner is not entitled to discovery.

**CLAIM K     The Trial Court's Consideration of a Prejudicial Presentence Report Violated Coral's Constitutional Rights, petition ¶¶ 52-55.**

     A.      Procedural Default

          1.      The State's position is that because this claim was adjudicated on the merits in state court proceedings, and because Petitioner has failed to show that the state court adjudication of this claim resulted in a decision that was contrary to, and involved an unreasonable application of, clearly established United States Supreme Court precedent, habeas relief cannot be granted.

          2.      Coral submits that there is no procedural bar to the consideration of this claim. This claim was presented in state court and Coral has exhausted his state remedies. Tab #R-87 at 1274-75.

     B.      Other Grounds of Preclusion

          1.      The State's position is that under 28 U.S.C. 2254(e)(1), the state court factfindings must be presumed correct.

          2.      The State also submits that this claim fails to state a claim for relief because it presents only a question of state law.[4]

---

[4] The State did not assert this defense in its Answer but will file an amended answer asserting this defense before the scheduling conference on April 18, 2006.

3.    Coral submits that the Respondents do not allege an additional ground of preclusion.

C.    Evidentiary Hearing

1.    Coral requests an evidentiary hearing on this issue.

2.    The State's position is that Petitioner is not entitled to an evidentiary hearing.

D.    Discovery

1.    Coral does not seek discovery for this claim.

2.    The State's position is that Petitioner is not entitled to discovery.

**CLAIM L    The Jury Pool from which Coral's Jury Was Selected Underrepresented African-Americans, petition ¶¶ 56-58.**

A.    Procedural Default

1.    The State's position is that this claim is procedurally defaulted because it was not raised at trial or on direct appeal.  Rule 32.2(a)(3) and (5), Ala.R.Crim.P.  Petitioner attempted to raise this claim in his Rule 32 petition but the Rule 32 court properly found that this claim was barred from review because it could have been but was not raised at trial or on direct appeal.  Circuit Court's Order, at 3.  The Alabama Court of Criminal Appeals affirmed this holding.  *Coral v. State*, 900 So. 2d 1274, 1287 (Ala. Crim. App. 2004).

2.    Coral submits that this claim is properly before this Court for merits review because the ineffective assistance of his counsel at trial establishes cause and prejudice for the alleged default.

B.    Other Grounds of Preclusion

1.    Not applicable

2.    Coral submits that the Respondents do not allege an additional ground of preclusion.

C.    Evidentiary Hearing

1.    Coral requests an evidentiary hearing on this issue.

20

    2.    The State's position is that Petitioner is not entitled to an evidentiary hearing.

D.    Discovery

    1.    Coral seeks discovery for this claim.

    2.    The State's position is that Petitioner is not entitled to discovery.

**CLAIM M    Coral's Death Sentence Was Sought and Imposed Pursuant to a Pattern of Racial Bias, petition ¶¶ 59.**

A.    Procedural Default

    1.    The State's position is that this claim is procedurally defaulted because it was not raised at trial or on direct appeal. Rule 32.2(a)(3) and (5), Ala.R.Crim.P. Petitioner attempted to raise this claim in his Rule 32 petition but the Rule 32 court properly found that this claim was barred from review because it could have been but was not raised at trial or on direct appeal. Circuit Court's Order, at 3. The Alabama Court of Criminal Appeals affirmed this holding. *Coral v. State*, 900 So. 2d 1274, 1287 (Ala. Crim. App. 2004).

    2.    Coral submits that this claim is properly before this Court for merits review because the ineffective assistance of his counsel at trial establishes cause and prejudice for the alleged default.

B.    Other Grounds of Preclusion

    1.    Not applicable.

    2.    Coral submits that the Respondents do not allege an additional ground of preclusion.

C.    Evidentiary Hearing

    1.    Coral requests an evidentiary hearing on this issue.

    2.    The State's position is that Petitioner is not entitled to an evidentiary hearing.

D.    Discovery

    1.    Coral seeks discovery for this claim.

2.    The State's position is that Petitioner is not entitled to discovery.

**CLAIM N[5]    Coral's Fair Trial Rights Were Violated By the Trial Court's Refusal to Grant Individually-Sequestered Voir Dire, petition ¶ 60.**

A.    Procedural Default

1.    The State's position is that because this claim was adjudicated on the merits in state court proceedings, and because Petitioner has failed to show that the state court adjudication of this claim resulted in a decision that was contrary to, and involved an unreasonable application of, clearly established United States Supreme Court precedent, habeas relief cannot be granted.

2.    Coral submits that there is no procedural bar to the consideration of this claim. This claim was presented in state court and Coral has exhausted his state remedies. Tab #R-84 at 968.

B.    Other Grounds of Preclusion

1.    The State's position is that under 28 U.S.C. 2254(e)(1), the state court factfindings must be presumed correct.

2.    The State also submits that this claim is insufficiently pleaded.  Bare allegations are insufficient to warrant habeas relief.

3.    Coral submits that the Respondents do not allege an additional ground of preclusion and disputes the basis of the Respondents' allegation that his claim lacks specificity.

C.    Evidentiary Hearing

1.    Coral requests an evidentiary hearing on this issue.

2.    The State's position is that Petitioner is not entitled to an evidentiary hearing.

D.    Discovery

1.    Coral does not seek discovery for this claim.

2.    The State's position is that Petitioner is not entitled to discovery.

---

[5]This claim is mistakenly lettered "M" in the petition, instead of "N."

**CLAIM O(1)  Coral Was Denied the Effective Assistance of Counsel Because of Alabama's Capital Compensation Scheme, petition ¶¶ 62-64.**

    A.     Procedural Default

        1.     The State's position is that because this claim was adjudicated on the merits in state court proceedings, and because Petitioner has failed to show that the state court adjudication of this claim resulted in a decision that was contrary to, and involved an unreasonable application of, clearly established United States Supreme Court precedent, habeas relief cannot be granted.

        2.     Coral submits that the Respondents do not allege a ground of preclusion.

    B.     Other Grounds of Preclusion

        1.     The State's position is that under 28 U.S.C. 2254(e)(1), the state court factfindings must be presumed correct.

        2.     Coral submits that the Respondents do not allege an additional ground of preclusion.

    C.     Evidentiary Hearing

        1.     Coral requests an evidentiary hearing on this issue.

        2.     The State's position is that Petitioner is not entitled to an evidentiary hearing.

    D.     Discovery

        1.     Coral does not seek discovery for this claim.

        2.     The State's position is that Petitioner is not entitled to discovery.

**CLAIM O(2)  Coral's Trial Counsel Was Ineffective for Failing to Object Adequately to the Override of the Jury's Sentence, petition ¶¶ 65-66.**

    A.     Procedural Default

        1.     The State's position is that Coral has attempted to add new factual support for this claim in his habeas petition – facts that were not presented in the state courts.  These new allegations are not properly before this Court because they are procedurally defaulted.  *Teague v. Lane*, 489 U.S. 288,

297-298 (1989); *Engle v. Issac*, 456 U.S. 107, 113-114, 124-125 (1982).

2.    This claim is also defaulted because it was insufficiently pleaded in the Rule 32 petition. The Rule 32 court found that this claim did not comply with Rule 32.6(b), Ala.R.Crim.P. Circuit Court's Order, at 5-6. The Alabama Court of Criminal Appeals affirmed this holding. *Coral v. State*, 900 So. 2d 1274, 1279-1284 (Ala. Crim. App. 2004). This claim is barred from review because it was decided under an adequate and independent state procedural ground.

3.    Coral submits that the facts for this claim were sufficiently presented in his Rule 32 petition, that the Rule 32 petition and the federal habeas corpus petition contain the same facts in support of this claim, and therefore there was no procedural default. *See* Tab R-67 at C. 202. The state courts did find that this claim was insufficiently pled. However, this finding occurred after Coral amended his Rule 32 petition following the instructions of the original circuit court judge. After the retirement of this circuit court judge, a new judge dismissed Coral's claims, without any reference to Coral's amended petition or notice to Coral that it found the amended claims still lacked specificity under Ala.R.Crim.P. 32.6(b). On appeal from the Rule 32 denial, the state appellate court interpreted Ala.R.Crim.P. 32.6(b) in a manner that had not been previously announced before Coral's case. Coral thus submits that the state courts' treatment of his ineffective assistance of counsel claim was not based upon an adequate and independent state procedural ground.

B.    Other Grounds of Preclusion

1.    The State's position is that under 28 U.S.C. 2254(e)(1), the state court factfindings must be presumed correct.

2.    Coral submits that the Respondents do not allege an additional ground of preclusion.

C.    Evidentiary Hearing

1.    Coral requests an evidentiary hearing on this issue.

2.    The State's position is that Petitioner is not entitled to an evidentiary hearing.

D.    Discovery

1.    Coral does not seek discovery for this claim.

24

2.    The State's position is that Petitioner is not entitled to discovery.

**CLAIM O(3)  Coral's Trial Counsel Failed to Investigate Mitigation Evidence by Interviewing Coral's Family Members, petition ¶¶ 67-69.**

    A.    Procedural Default

        1.    The State's position is that Coral has attempted to add new factual support for this claim in his habeas petition – facts that were not presented in the state courts. These new allegations are not properly before this Court because they are procedurally defaulted. *Teague v. Lane*, 489 U.S. 288, 297-298 (1989); *Engle v. Issac*, 456 U.S. 107, 113-114, 124-125 (1982).

        2.    This claim is also defaulted because it was insufficiently pleaded in the Rule 32 petition. The Rule 32 court found that this claim did not comply with Rule 32.6(b), Ala.R.Crim.P. Circuit Court's Order, at 5-6. The Alabama Court of Criminal Appeals affirmed this holding. *Coral v. State*, 900 So. 2d 1274, 1279-1284 (Ala. Crim. App. 2004). This claim is barred from review because it was decided under an adequate and independent state procedural ground.

        3.    Coral submits that the facts for this claim were sufficiently presented in his Rule 32 petition, that the Rule 32 petition and the federal habeas corpus petition contain the same facts in support of this claim, and therefore there was no procedural default. *See* Tab R-67 at C. 202. The state courts did find that this claim was insufficiently pled. However, this finding occurred after Coral amended his Rule 32 petition following the instructions of the original circuit court judge. After the retirement of this circuit court judge, a new judge dismissed Coral's claims, without any reference to Coral's amended petition or notice to Coral that it found the amended claims still lacked specificity under Ala.R.Crim.P. 32.6(b). On appeal from the Rule 32 denial, the state appellate court interpreted Ala.R.Crim.P. 32.6(b) in a manner that had not been previously announced before Coral's case. Coral thus submits that the state courts' treatment of his ineffective assistance of counsel claim was not based upon an adequate and independent state procedural ground.

    B.    Other Grounds of Preclusion

        1.    The State's position is that under 28 U.S.C. 2254(e)(1), the state court factfindings must be presumed correct.

        2.    Coral submits that the Respondents do not allege an additional ground of preclusion.

C.    Evidentiary Hearing

    1.    Coral requests an evidentiary hearing on this issue.

    2.    The State's position is that Petitioner is not entitled to an evidentiary hearing.

D.    Discovery

    1.    Coral does not seek discovery for this claim.

    2.    The State's position is that Petitioner is not entitled to discovery.

**CLAIM O(4)  Trial Counsel Failed to Adequately Challenge the Underrepresentation of African-Americans in Coral's Jury Pools, petition ¶ 70.**

A.    Procedural Default

    1.    The State's position is that Coral has attempted to add new factual support for this claim in his habeas petition – facts that were not presented in the state courts. These new allegations are not properly before this Court because they are procedurally defaulted. *Teague v. Lane*, 489 U.S. 288, 297-298 (1989); *Engle v. Issac*, 456 U.S. 107, 113-114, 124-125 (1982).

    2.    This claim is also defaulted because it was insufficiently pleaded in the Rule 32 petition. The Rule 32 court found that this claim did not comply with Rule 32.6(b), Ala.R.Crim.P. Circuit Court's Order, at 5-6. The Alabama Court of Criminal Appeals affirmed this holding. *Coral v. State*, 900 So. 2d 1274, 1279-1284 (Ala. Crim. App. 2004). This claim is barred from review because it was decided under an adequate and independent state procedural ground.

    3.    Coral submits that the facts for this claim were sufficiently presented in his Rule 32 petition, that the Rule 32 petition and the federal habeas corpus petition contain the same facts in support of this claim, and therefore there was no procedural default. *See* Tab R-67 at C. 202. The state courts did find that this claim was insufficiently pled. However, this finding occurred after Coral amended his Rule 32 petition following the instructions of the original circuit court judge. After the retirement of this circuit court judge, a new judge dismissed Coral's claims, without any reference to Coral's amended petition or notice to Coral that it found the amended claims still lacked specificity under Ala.R.Crim.P. 32.6(b). On appeal from the Rule 32 denial, the state appellate court interpreted Ala.R.Crim.P. 32.6(b) in a manner that had not been previously announced before Coral's case. Coral thus submits that the state courts'

26

treatment of his ineffective assistance of counsel claim was not based upon an adequate and independent state procedural ground.

B.    Other Grounds of Preclusion

    1.    The State's position is that under 28 U.S.C. 2254(e)(1), the state court factfindings must be presumed correct.

    2.    Coral submits that the Respondents do not allege an additional ground of preclusion.

C.    Evidentiary Hearing

    1.    Coral requests an evidentiary hearing on this issue.

    2.    The State's position is that Petitioner is not entitled to an evidentiary hearing.

D.    Discovery

    1.    Coral seeks discovery for this claim.

    2.    The State's position is that Petitioner is not entitled to discovery.

**CLAIM O(5)  Trial Counsel Failed to Adequately Object to the Admission of a Prejudicial Presentence Report, petition ¶ 71.**

A.    Procedural Default

    1.    The State's position is that because this claim was adjudicated on the merits in state court proceedings, and because Petitioner has failed to show that the state court adjudication of this claim resulted in a decision that was contrary to, and involved an unreasonable application of, clearly established United States Supreme Court precedent, habeas relief cannot be granted.

    2.    Coral submits that there is no procedural bar to the consideration of this claim.  This claim was presented in state court, and Coral exhausted his state remedies. Tab #R-87 at 1286-87.

B.    Other Grounds of Preclusion

    1.    The State's position is that under 28 U.S.C. 2254(e)(1), the state court factfindings must be presumed correct.

2.    Coral disputes the basis of the Respondents' other ground of preclusion.

C.    Evidentiary Hearing

1.    Coral requests an evidentiary hearing on this issue.

2.    The State's position is that Petitioner is not entitled to an evidentiary hearing.

D.    Discovery

1.    Coral does not seek discovery for this claim.

2.    The State's position is that Petitioner is not entitled to discovery.

**CLAIM O(6)  Trial Counsel Failed to Adequately Object to Racially Discriminatory Use of the Death Penalty in This Case, petition ¶ 72-73.**

A.    Procedural Default

1.    The State's position is that Coral has attempted to add new factual support for this claim in his habeas petition – facts that were not presented in the state courts.  These new allegations are not properly before this Court because they are procedurally defaulted.  *Teague v. Lane*, 489 U.S. 288, 297-298 (1989); *Engle v. Issac*, 456 U.S. 107, 113-114, 124-125 (1982).

2.    This claim is also defaulted because it was insufficiently pleaded in the Rule 32 petition.  The Rule 32 court found that this claim did not comply with Rule 32.6(b), Ala.R.Crim.P. Circuit Court's Order, at 5-6.  The Alabama Court of Criminal Appeals affirmed this holding.  *Coral v. State*, 900 So. 2d 1274, 1279-1284 (Ala. Crim. App. 2004).  This claim is barred from review because it was decided under an adequate and independent state procedural ground.

3.    Coral submits that the facts for this claim were sufficiently presented in his Rule 32 petition, that the Rule 32 petition and the federal habeas corpus petition contain the same facts in support of this claim and therefore there was no procedural default. *See* Tab R-67 at C. 202. The state courts did find that this claim was insufficiently pled. However, this finding occurred after Coral amended his Rule 32 petition following the suggested format of the original circuit court. After the retirement of the original circuit court judge, a new judge dismissed Coral's claim, without any reference to Coral's amended petition or notice to Coral that it found the amended claims still lacked specificity. Coral submits that the state courts' treatment of his ineffective assistance of counsel claim was not an

adequate and independent state procedural ground.

B.    Other Grounds of Preclusion

 1.    The State's position is that under 28 U.S.C. 2254(e)(1), the state court factfindings must be presumed correct.

 2.    Coral disputes that the state courts made factfindings that resolved the merits of this claim and therefore no presumption of correctness applies.

C.    Evidentiary Hearing

 1.    Coral requests an evidentiary hearing on this issue.

 2.    The State's position is that Petitioner is not entitled to an evidentiary hearing.

D.    Discovery

 1.    Coral does not seek discovery for this claim.

 2.    The State's position is that Petitioner is not entitled to discovery.

**CONCLUSION**

This joint report represents the positions of the parties on the issues requested by the Court.

Date: April 3, 2006                              Respectfully Submitted by,

                                                 *Counsel for the Respondents*:


                                                 /s/  Beth Jackson Hughes
                                                 Beth Jackson Hughes
                                                 Assistant Attorney General
                                                 Office of the Attorney General
                                                 11 South Union Street
                                                 Tel: 334-242-7401
                                                 Fax:  334-353-3637
                                                 E-mail: BHughes@ago.state.al.us

                                                 *Counsel for the Petitioner, Robert Coral*:


                                                 /s/  LaJuana Davis
                                                 LaJuana Davis
                                                 122 Commerce Street
                                                 Montgomery, AL  36104
                                                 Tel: 334- 269-1803
                                                 Fax: 334-269-1806
                                                 E-mail: ldavis@eji.org

30

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of April, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system. This report has been jointly prepared by counsel for the Petitioner, Robert Coral, and counsel for the Respondent, and counsel for all parties were served this date.

Respectfully Submitted,


/s/ Beth Jackson Hughes
Beth Jackson Hughes
Assistant Attorney General


/s/ LaJuana Davis
LaJuana Davis

31