# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| ROBERT LANCE CORAL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 2:05-cv-1112-MEF |
| RICHARD F. ALLEN[1], ) | |
| Commissioner of the Alabama ) | |
| Department of Corrections, ) | |
| ) | |
| Respondent. ) | |

## AMENDED ANSWER TO PETITION
## FOR WRIT OF HABEAS CORPUS

Comes now the Respondent, by and through the Attorney General of the State of Alabama, and amends the answer to the habeas petition, as follows:

1.  In Claim G, paragraph 39 of the petition, Coral asserts that the presence of a relative of the victim at the prosecution's table at trial denied him a fair trial. In addition to the defenses set forth in the State's answer, this claim is answered as follows:

---

[1] Richard F. Allen was appointed to serve as Commissioner of the Alabama Department of Corrections effective March 1, 2006. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, it is appropriate to substitute his name for that of Donal Campbell.

(a) This claim fails to state a claim for relief because it presents only a question of state law. Federal habeas corpus is available only to persons held in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Federal habeas corpus does not lie to review error, if any, under state law. *E.g., Pulley v. Harris*, 456 U.S. 37, 41 (1989); *Carrizales v. Wainwright*, 699 F. 3d 1053 (11th Cir. 1983).

2. In claim J(1), paragraph 47 of the petition, Coral argues that the trial court erred when it overrode the jury's life without parole sentence recommendation. In addition to the defenses set forth in the State's answer, this claim is answered as follows:

(a) This claim fails to state a claim for relief because it presents only a question of state law. Federal habeas corpus is available only to persons held in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Federal habeas corpus does not lie to review error, if any, under state law. *E.g., Pulley v. Harris*, 456 U.S. 37, 41 (1989); *Carrizales v. Wainwright*, 699 F. 3d 1053 (11th Cir. 1983).

3. In claim J(2), paragraph 48 of the petition, Coral asserts that the trial court's rejection of the jury verdict of life without parole violates the Supreme Court's holding in *Ring v. Arizona*, 536 U.S. 584 (2002). In

addition to the defenses set forth in the State's answer, this claim is answered as follows:

    (a) This claim is barred by the non-retroactivity to collateral proceedings doctrine of *Teague v. Lane*, 489 U.S. 288 (1989) and *Penry v. Lynaugh*, 492 U.S. 302 (1989). Coral's direct appeal ended and his conviction because final when the United States Supreme Court denied his petition for writ of certiorari on March 28, 2004. The decision upon which Coral bases his claim, *Ring v. Arizona*, 536 U.S. 584 (2002), was decided after his conviction because final and is not retroactive to Coral's case. *Schriro v. Summerlin*, 124 S.Ct. 2519, 2525 (June 24, 2004).

    4.    In claim K, paragraphs 52-55 of the petition, Coral asserts that the trial court's consideration of a prejudicial pre-sentence report was erroneous. In addition to the defenses set forth in the State's answer, this claim is answered as follows:

    (a) This claim fails to state a claim for relief because it presents only a question of state law. Federal habeas corpus is available only to persons held in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Federal habeas corpus does not lie to review error, if any, under state law. *E.g., Pulley v. Harris*, 456 U.S. 37, 41 (1989); *Carrizales v. Wainwright*, 699 F. 3d 1053 (11th Cir. 1983).

3

5. Respondent incorporates herein by reference all of the averments in its Answer to Petition for Writ of Habeas Corpus.

                Respectfully submitted,

                Troy King
                *Attorney General*

                <u>/s/ Beth Jackson Hughes</u>
                Beth Jackson Hughes
                *Assistant Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **LaJuana Davis.**

/s/ Beth Jackson Hughes
Beth Jackson Hughes
*Assistant Attorney General*

ADDRESS OF COUNSEL:

Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL 36130
Office 334-242-7392
Fax 334-353-3637