IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT CORAL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:05cv1112-MEF |
| ) | |
| RICHARD ALLEN, Commissioner, ) | |
| Alabama Department of ) | |
| Corrections, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**PETITIONER'S MOTION TO AUTHORIZE DISCOVERY**

Petitioner Robert Coral respectfully moves the Court, pursuant to Rule 6 of the Rules Governing Habeas Corpus Cases Under Section 2254, and *Bracy v. Gramley*, 520 U.S. 899 (1997), to authorize petitioner to conduct discovery in this capital habeas case. Habeas Rule 6(a) states, "A party shall be entitled to invoke the process of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so but not otherwise." In support of this motion, Mr. Coral submits the following grounds:

1. Mr. Coral's habeas corpus petition sets forth a prima facie case for relief from his conviction and death sentence. He has made allegations which, if true, establish that his Fifth, Sixth, Eighth and Fourteenth Amendment rights were violated in state court.

2. Mr. Coral seeks discovery on the following claims as numbered and identified

in the joint report (Doc. 21):

| Claim | Nature of claim |
|-------|-----------------|
| L | Underrepresentation of African-Americans in the jury pool |
| M | Coral's death sentence was sought and imposed pursuant to a pattern of racial bias |
| O(4) | Trial counsel failed to adequately object to the underrepresentation of African-Americans in the jury pool |

3.     Specifically, petitioner requests leave to discover, by way of depositions and documents, information produced by the jury commissioner of Montgomery County, namely to authenticate jury pool rolls and produce policies and procedures governing juror selection. Mr. Coral may also seek to depose his trial attorneys in the event that no evidentiary hearing is granted in his case.

4.     Mr. Coral's postconviction petition was dismissed in state court and thus no evidentiary hearing was held. Mr. Coral was not able to adequately develop the information sought because of the erroneous dismissal of his petition. *See Coleman v. Zant*, 708 F.2d 541, 547 & n.9 (11th Cir. 1983) (discovery permitted to assist Petitioner in showing that the state court fact-finding was inadequate).

5.     In *Bracy v. Gramley*, 520 U.S. 899 (1997), the United States Supreme Court unanimously held that the district court abused its discretion in denying leave to conduct discovery when the petitioner articulated a plausible theory of how his trial judge's bias may have affected his conviction and sentence. The Court recognized that the petitioner's claim was "only a theory" not yet "supported by any solid evidence." *Id.* at 908. Nevertheless,

2

relying on its earlier decision in *Harris v. Nelson*, 394 U.S. 286, 300 (1969), the Court concluded that Bracy had shown "good cause" for discovery under Rule 6(a):

> Where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the courts to provide the necessary facilities and procedures for an adequate inquiry.

*Bracy*, 520 U.S. at 908-09.

6.	Counsel has a good faith belief that the discovery requested is likely to produce relevant evidence or will lead to the discovery of relevant and admissible evidence. Further, counsel believes that granting leave to conduct the requested discovery will assist the Court in arriving at a just and reliable resolution of the constitutional claims presently before it. In such circumstances, a district court is authorized to permit a prisoner to use suitable discovery procedures to help the Court "to dispose of the matter as law and justice require." *Harris v. Nelson*, 394 U.S. at 290.

7.	In order to fully and fairly litigate these constitutional claims for relief, it is necessary that petitioner be permitted to conduct discovery. Because Petitioner has clearly presented sufficient factual and legal allegations to establish "good cause" to authorize discovery in this case, he requests that discovery be granted.

WHEREFORE, petitioner moves this Court to grant him leave to conduct the discovery requested herein, and order the Clerk of the Court to provide petitioner's counsel with sufficient subpoenas and subpoenas duces tecum necessary to depose necessary

witnesses, to obtain the necessary records and reports, or issue orders directing the agencies and individuals in possession of these records and reports to promptly provide these records to counsel for petitioner, or grant such other and further relief that the Court deems fair and just.

Date: May 12, 2006                               Respectfully submitted,

/s/ LaJuana Davis
LaJuana Davis
122 Commerce Street
Montgomery, AL  36104
Tel: 334- 269-1803
Fax: 334-269-1806
E-mail: ldavis@eji.org

*Counsel for the Petitioner Robert Coral*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court on May 12, 2006, using the CM/ECF system and that service will be perfected upon counsel for the Respondents, Assistant Attorney General Beth Jackson Hughes, at her listed e-mail address.

/s/ LaJuana Davis
LaJuana Davis