IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT LANCE CORAL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 2:05-cv-1112-MEF |
| RICHARD F. ALLEN, ) | |
| Commissioner of the Alabama ) | |
| Department of Corrections, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S RESPONSE TO
CORAL'S MOTION FOR DSCOVERY**

Comes now the Respondent, by and through the Attorney General of the State of Alabama, and files its response to Coral's motion for discovery. In support of this response, Respondent submits the following:

The Supreme Court recognized in *Bracy v. Gramley*, 520 U.S. 899, 904 (1997), that "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." In order to obtain discovery, a petitioner must meet the requirements of Rule 6(a) of the Rules Governing Section 2254 Cases In The United States District Courts, which provides as follows:

> A judge may, *for good cause*, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. (Emphasis added)

A petitioner must also meet the requirements of 28 U.S.C. §2254(e)(2) for an evidentiary hearing before he can seek discovery. *Issacs v. Head*, 300 F. 3d 1232, 1248-49 (11th Cir. 2002). 28 U.S.C. §2254(e)(2) provides as follows:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that-
>
> (A) the claim relies on-
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Thus, a petitioner cannot obtain discovery unless he can (1) make a colorable claim showing that the underlying facts, if proven, constitute a constitutional violation; (2) show "good cause" for the discovery; and, (3) that he exercised due diligence in obtaining the requested discovery in state court. *See Isaacs v. Head,* 300 F. 3d 1232, 1248-49 (11th Cir. 2002);

2

*Henderson v. Walls*, 296 F. 3d 541, 553 (7th Cir. 2002), *rev'd on other grounds,* 537 U.S. 1230 (2003); *Harris v. Pulley,* 885 F. 2d 1354, 1373 (9th Cir. 1988).

Coral is not entitled to discovery because he has not shown good cause for the discovery, because he did not exercise due diligence in obtaining the requested discovery in state court, and has not demonstrated a colorable claim.

I. **CORAL IS NOT ENTITLED TO DISCOVERY IN THIS COURT BECAUSE HE HAS NOT SHOWN GOOD CAUSE.**

Coral has not shown any cause, much less good cause, which entitles him to discovery in this case. A federal habeas petitioner's conclusory allegation that requested materials would demonstrate proof of the grounds set forth in his petition is not sufficient to demonstrate good cause for purposes of permitting petitioner to engage in discovery. *Wallace v. Ward*, 191 F. 3d 1235, 1245 (10th Cir. 1999). As the Fifth Circuit held in *Murphy v. Johnson*, 205 F. 3d 809, 814 (5th Cir. 2000):

> Good cause may be found when a petition for habeas corpus relief "establishes a prima facie claim for relief." *Harris* [*v. Nelson*, 394 U.S. 286, 290 (1969)]. Additionally, a petitioner's factual allegations must be specific, as opposed to merely speculative or conclusory, to justify discovery under Rule 6. *See West v. Johnson*, 92 F.3d 1385, 1399-1400 (5th Cir.1996) (*citing Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir.1994)). Simply put, Rule 6 does not authorize fishing expeditions.

*See also Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997)(holding that petitioner had presented specific allegations entitling him to discovery).

Coral did not set forth good cause in his motion to authorize discovery. In fact, he does not include any specific factual allegation in his motion. Instead, Coral refers to the claims in this petition and states the following:

> Counsel has a good faith belief that the discovery requested is likely to produce relevant evidence or will lead to the discovery of relevant and admissible evidence. Further, counsel believes that granting leave to conduct the requested discovery will assist the Court in arriving at a just and reliable resolution of the constitutional claims presently before it.

(Motion to Authorize Discovery, p. 3) Counsel's good faith belief that the discovery requested is likely to produce relevant evidence or will lead to the discovery of relevant and admissible evidence is insufficient. Coral's discovery motion is nothing but a fishing expedition and should be rejected, as such, by this Court. Coral's motion is insufficient and fails to set forth good cause entitling him to discovery. This Court should, therefore, deny Coral's motion to authorize discovery.

4

## II. CORAL IS NOT ENTITLED TO DISCOVERY IN THIS COURT BECAUSE HE DID NOT EXERCISE DUE DILIGENCE IN OBTAINING THE DICOVERY HE NOW REQUESTS IN STATE COURT.

"Since the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the first question a court must ask before allowing discovery is if the requesting party was reasonably diligent in his pursuit of the discovery at the state level." *Gary v. Terry*, 2006 WL 3534761, *3 (M.D.Ga. Dec. 23, 2005). The Supreme Court has explained that "[d]iligence for purposes of the opening clause [of §2254(e)(2)] depends upon whether the prisoner made a reasonable attempt, in light of information available at the time, to investigate and pursue claims in state court." *Williams v. Taylor*, 529 U.S. 420, 435 (2000). The applicability of this provision is not dependent on "whether those efforts could have been successful." *Id*.

In *Issacs v. Head*, 300 F. 3d 1232, 1248-49 (11th Cir. 2002), and *Crawford v. Head*, 311 F. 3d 1288 (11th Cir. 2002), the Eleventh Circuit considered whether district courts properly denied discovery requests made by habeas petitioners. In *Issacs*, the Eleventh Circuit affirmed the denial of discovery because the petitioner had not exercised due diligence in obtaining discovery in state court. The Eleventh Circuit explained that in

5

the context of discovery, "reasonably diligent" means that "'the prisoner made a reasonable attempt, in light of information available at the time, to investigate and pursue claims in state court.'" *Issacs*, 300 F. 3d at 1248-49 (*quoting Williams v. Taylor*, 529 U.S. 420, 435 (2000)).  The Eleventh Circuit affirmed the district court's denial of Issac's discovery request, finding that,

> [Issacs] does not explain why the discovery that he seeks now is any different from the discovery that was available to him in state courts.  Under these circumstances, we conclude that the district court properly denied Issacs' request to conduct additional discovery concerning the prayer because he neither exercised sufficient diligence to satisfy the requirements of §2254(e)(2) nor showed "good cause" as required by Rule 6(a).

*Id*. at 1250.

In *Crawford*, the Eleventh Circuit also affirmed the denial of discovery in a habeas proceeding because the petitioner had not exercised due diligence in pursuing the requested discovery in state court.  The Eleventh Circuit held in *Crawford* that the petitioner's request for discovery in state court days before an evidentiary hearing was scheduled in his state habeas proceedings did not constitute the exercise of due diligence in attempting to obtain discovery in state court.  *Crawford*, 311 F. 3d at 1329.  The Eleventh Circuit held that, in those circumstances, the district court did not err in denying Crawford's discovery request.  *Id*.

Coral is not entitled to discovery because he did not exercise due diligence in pursuing the discovery he now requests in the state court proceedings. In fact, Coral requested and was requested extensive discovery in the state court proceedings. (Habeas Checklist, Vol. 16, pp. 73-80, 90-103, 115-127) Coral never requested the information he now seeks from this Court: "Specifically, petitioner requests discovery, by way of depositions and documents, information produced by the jury commissioner of Montgomery County, namely to authenticate jury pool rolls and produce policies and procedures governing juror selection. Mr. Coral may also seek to depose his trial attorneys in the event that no evidentiary hearing is granted in his case."[1] (Motion to Authorize Discovery, p. 2)

Coral did not exercise due diligence or "a reasonable attempt, in light of information available at the time, to investigate and pursue claims in state court." *Issacs*, 300 F. 3d at 1248-49. In fact, Coral does not attempt to argue to this Court in his motion to authorize discovery that he exercised due diligence in state court. This Court should, therefore, deny his discovery request.

---

[1] Coral does not relate his request to depose his trial attorneys to any claim in the habeas petition. This Court should deny his request to depose his trial attorneys for that reason.

## III. CORAL IS NOT ENTITLED TO DISCOVERY IN THIS COURT BECAUSE HE HAS NOT DEMONSTRATED A COLORABLE CLAIM.

In addition, Coral is not entitled to discovery because he has not presented a colorable claim in this Court. As set forth in the State's answer, the claims Coral requests discovery for are procedurally defaulted from this Court's review. Coral does not acknowledge this obstacle to his discovery request, much less attempt to show that cause and prejudice or a fundamental miscarriage of justice exists to overcome the procedural defaults of these claims. In addition, Coral has not alleged, and cannot show, that the denial of relief on his claims in state court "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings." *See* 28 U.S.C. §2254(d). Thus, contrary to Coral's assertion in his motion to authorize discovery, he has not "presented sufficient factual and legal allegations to establish 'good cause' to authorize discovery in this case."

## CONCLUSION

For the reasons set forth above, Respondent respectfully requests that this Court deny Coral's motion to authorize discovery.

                                        Respectfully submitted,

                                        Troy King
                                        *Attorney General*

                                        <u>/s/ Beth Jackson Hughes</u>
                                        Beth Jackson Hughes
                                        *Assistant Attorney General*

# CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **LaJuana Davis.**

/s/ Beth Jackson Hughes
Beth Jackson Hughes
*Assistant Attorney General*

ADDRESS OF COUNSEL:

Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL  36130
Office 334-242-7392
Fax 334-353-3637