IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT CORAL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:05cv1112-MEF |
| ) | |
| RICHARD ALLEN, Commissioner, ) | |
|  Alabama Department of ) | |
|  Corrections, *et al.*, ) | |
| ) | |
| Respondents. ) | |

### REPLY TO RESPONDENTS' OPPOSITION TO DISCOVERY

Robert Coral has alleged that, with additional factual development regarding one of his claims, he may be able to show that he is entitled to relief. *See Bracy v. Gramley*, 520 U.S. 899, 908 (1997). This Court is, at its discretion, authorized to order discovery because Mr. Coral's requested discovery, materials and deposition of persons associated with the jury pool selection in Montgomery County, Alabama, may lead to evidence that will support his underrepresentation claims (Doc. 21 (joint report), claims L, M, O(4)). *See* Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts. Habeas Corpus Rule 6 does not require, for a showing of "good cause," that before initiating discovery, Mr. Coral prove that his allegations are true. Mr. Coral need only show that if the allegations are true then he may be entitled to relief.

The Respondents suggest that Mr. Coral "must meet the requirements of 28 U.S.C.

[sec.] 2254(e)(2) for an evidentiary hearing before he can seek discovery." Response to Coral's Motion for Discovery at 2. However, Habeas Corpus Rule 6 is distinct from 2254(e)(2) and a showing of good cause does not require that Mr. Coral meet the requirements for an evidentiary hearing. In *Payne v. Bell*, 89 F. Supp. 2d 967 (W.D. Tenn. 2000), the court pointed out that these are two entirely different standards and that "a petitioner may show good cause under Rule 6 without meeting the high standard for an evidentiary hearing under the AEDPA," 89 F. Supp. 2d at 970, citing Liebman & Hertz, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE (3d ed. 1998) 708, n. 4 ("although recent legislation [AEDPA] limits the availability of evidentiary hearings in certain circumstances, it does not appear to limit other fact-developing techniques . . ., for proving factual allegations through evidence generated with the aid of financial assistance, discovery, and other investigative measures." *See also Jones v. Wood*, 114 F. 3d 1002, 1009 (9th Cir. 1997)("discovery is available to habeas petitioners at the discretion of the district court judge for good cause shown, regardless of whether there is to be an evidentiary hearing).

Mr. Coral's specific and focused request for discovery cannot fairly be characterized as a "fishing expedition." Response to Coral's Motion for Discovery at 4. Mr. Coral alleges in his habeas petition that minority potential jurors were unlawfully omitted from the venire. Doc. 21, claims L, M, O(4). The issue before this Court is simply whether Mr. Coral may take seek documents authenticating information that he already has, seek supporting documents, if any, that explain the codes on the Montgomery County jury venire rolls, and depose court personnel if that information is not in written form. Many of Mr. Coral's

claims, including those related to underrepresenation of minority jurors in the venire, were dismissed by the state court before a hearing could be held. Mr. Coral thus submits that this dismissal hampered his ability to present this evidence in state court.

Mr. Coral "need not show that the additional discovery would definitely lead to relief. Rather, he need only show good cause that the evidence sought would lead to relevant evidence relating to his petition." *Payne v. Bell*, 89 F. Supp. 2d at 970. Mr. Coral has made the necessary showing of "good cause" for this motion to be granted. The Respondents' arguments seek to create a standard for discovery that is artificially onerous. Accordingly, Petitioner's motion to authorize discovery should be granted.

Date: May 30, 2006                                   Respectfully submitted,

                                                     /s/ LaJuana Davis
                                                     LaJuana Davis
                                                     ASB-0629-D43L
                                                     122 Commerce Street
                                                     Montgomery, AL  36104
                                                     Tel: 334- 269-1803
                                                     Fax: 334-269-1806
                                                     E-mail: ldavis@eji.org

                                                     *Counsel for the Petitioner Robert Coral*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court on May 30, 2006, using the CM/ECF system and that service will be perfected upon counsel for the Respondents, Assistant Attorney General Beth Jackson Hughes, at her listed e-mail address.

                                                     /s/ LaJuana Davis
                                                     LaJuana Davis