**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| ROBERT LANCE CORAL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 2:05-cv-1112-MEF |
| RICHARD F. ALLEN, ) | |
| Commissioner of the Alabama ) | |
| Department of Corrections, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S BRIEF ON
PROCEDURALLY DEFAULTED CLAIMS**

Troy King
*Attorney General*

Beth Jackson Hughes
*Assistant Attorney General*

Counsel for Respondent

Address of Counsel:

Office of the Attorney General
Capital Litigation Division
Alabama State House
11 South Union Street
Montgomery, AL  36130
(334) 242-7392

## TABLE OF CONTENTS

I.   Introduction ............................................................................................. 1

II.  The Claims That Are Procedurally Defaulted From This
     Court's Review ........................................................................................ 2

     A.   General Principles of Procedural Default Law ........................... 2

          1.   Cause ................................................................................... 5

          2.   Prejudice ............................................................................. 7

          3.   Fundamental Miscarriage of Justice ................................ 7

     B.   Procedurally Defaulted Claims ..................................................... 8

CONCLUSION ................................................................................................ 16

CERTIFICATE OF SERVICE ....................................................................... 17

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| ROBERT LANCE CORAL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 2:05-cv-1112-MEF |
| RICHARD F. ALLEN[1], ) | |
| Commissioner of the Alabama ) | |
| Department of Corrections, ) | |
| ) | |
| Respondent. ) | |

**RESPONDENT'S BRIEF ON
PROCEDURALLY DEFAULTED CLAIMS**

## I. Introduction

On December 9, 2005, the district court referred this case to Magistrate Judge Coody "for all procedural and discovery matters in this case." After conducting a case management conference, Magistrate Judge Coody entered an order setting a discovery schedule and a briefing schedule. Respondent's first brief is to address all claims which Respondent contends are procedurally defaulted, explaining the nature of the alleged default.

---

[1] Richard F. Allen was appointed to serve as Commissioner of the Alabama Department of Corrections effective March 1, 2006. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, it is appropriate to substitute his name for that of Donal Campbell.

## II. The Claims That Are Procedurally Defaulted From This Court's Review.

### A. General Principles of Procedural Default Law

In 1977, the United States Supreme Court established the doctrine of procedural default in *Wainwright v. Sykes*, 433 U.S. 72 (1977). Under that doctrine, a federal court is barred from reaching the merits of a petitioner's federal habeas claim where there is a failure to comply with an independent and adequate state procedural rule. *Palmes v. Wainwright*, 725 F. 2d 1511, 1525 (11th Cir. 1985). "Where a state court correctly applies a procedural default principle of state law, *Sykes* requires the federal court to abide by the state court decision." *Harmon v. Barton*, 894 F. 2d 1268, 1270 (11th Cir. 1990), *citing Meagher v. Dugger*, 861 F. 2d 1242 (11th Cir. 1988). The Eleventh Circuit Court of Appeals has stated:

> The federal courts' authority to review state court criminal convictions pursuant to writs of habeas corpus is severely restricted when a petitioner has failed to follow applicable state procedural rules in raising a claim, that is, where the claim is procedurally defaulted. Federal review of a petitioner's claim is barred by the procedural default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, *Harris v. Reed,* 489 U.S. 255, 263, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989), and that bar provides an adequate and independent state ground for denying relief. See *id.* at 262, 109 S.Ct. at 1042-43; *Johnson v. Mississippi,* 486 U.S. 578, 587, 108 S.Ct. 1981, 1987, 100 L.Ed.2d 575 (1988). The doctrine serves to ensure petitioners will first seek relief in accordance with state procedures, *see Presnell v. Kemp,* 835 F.2d 1567, 1578-79 (11th Cir.1988),

2

> *cert. denied,* 488 U.S. 1050, 109 S.Ct. 882, 102 L.Ed.2d 1004 (1989), and to "lessen the injury to a State that results through reexamination of a state conviction on a ground that a State did not have the opportunity to address at a prior, appropriate time." *McCleskey v. Zant,* 499 U.S. 467, ----, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991).

*Johnson v. Singletary*, 938 F. 2d 1166, 1173 (11th Cir. 1991); *see also Bailey v. Nagle*, 172 F. 3d 1299, 1302 (11th Cir. 1999)("A state habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."). If a claim has been presented in some form to a state court, a federal habeas court may refuse to hear that claim only if the last state court rendering the judgment "'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263, 109 S. Ct. 1038 (1989). The state bar also must be "independent and adequate," as determined under federal law. *See Lee v. Kemna*, 534 U.S. 362, 376, 122 S. Ct. 877 (2002)("There are, however, exceptional cases in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question."); *Johnson v. Mississippi*, 486 U.S. 578, 587, 108 S. Ct. 1981, 1987 (1988).

    Claims can be procedurally defaulted in at least two ways: (1) when the claim is presented to the state court in a way that does not comport with

state procedural rules, and (2) when the claim has never been presented to the state court and has become barred from being presented by state procedural rules. In *Bailey v. Nagle*, 172 F. 3d 1299, 1302-1303 (11th Cir. 1999), the Eleventh Circuit explained:

> Such procedural default can arise in two ways. First, where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred, *Sykes* requires the federal court to respect the state court's decision. *Atkins v. Singletary,* 965 F.2d 952, 956 (11th Cir.1992), *cert. denied,* 515 U.S. 1165, 115 S.Ct. 2624, 132 L.Ed.2d 865 (1995); *Meagher v. Dugger,* 861 F.2d 1242, 1245 (11th Cir.1988). Second, if the petitioner simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal. *Snowden v. Singletary,* 135 F.3d 732, 737 (11th Cir.), *cert. denied,* 525 U.S. 963, 119 S.Ct. 405, 142 L.Ed.2d 329 (1998); see also 28 U.S.C. § 2254(b)(1)(A)(1994)(pre-AEDPA) ("An application for writ of habeas corpus ... shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State....").

*See also Smith v. Jones*, 256 F. 3d 1135, 1138 (11th Cir. 2001)("If the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established.").

4

If a claim is procedurally defaulted, a petition can obtain review of the claim in federal court only by showing either (1) cause for the procedural default and actual prejudice growing out of the violation of federal law or (2) a resulting fundamental miscarriage of justice if the federal court does not consider the claim. *Engle v. Issac*, 456 U.S. 107, 102 S. Ct. 1558 (1982); *Wainwright v. Sykes*, *supra*; *Smith v. Murray*, 477 U.S. 527, 537-538, 106 S. Ct. 2661 (1986); *Coleman v. Thompson*, 501 U.S. 722 (1991); *McCoy v. Newsome,* 953 F. 2d 1252, 1258 (11th Cir. 1992). "'Cause and prejudice' is a conjunctive standard, both prongs of which must be satisfied by the appellant before this Court is free to ignore the procedural default and hear the merits of appellant's claim." *Douglas v. Wainwright*, 714 F. 2d 1532, 1547 (11th Cir. 1983).

### 1.  Cause

As set forth above, a petitioner seeking to raise a procedurally defaulted claim must show "cause" for the procedural default. The burden of demonstrating cause is on the petitioner. *McCoy v. Newsome*, at 1260. The United States Supreme Court gave examples of cause in *Murray v. Carrier*, 477 U.S. 478, 488 (1986), as follows:

> The existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's effort to

5

> comply with the state's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, see *Reed v. Ross*, 468 U.S. [I], 16, 82 L.Ed.2d 1, 104 S.Ct. 2901 (1984), or that "some interference by officials," *Brown v. Allen*, 344 U.S. 443, 486, 97 L.Ed.2d 469, 73 S.Ct. 397 (1953), made compliance impracticable, would constitute cause under this standard.

An objective factor external to the defense is a factor that cannot fairly be attributed to the habeas petitioner. *Coleman v. Thompson*, 501 U.S. 722 (1991). One external factor that constitutes cause is the novelty of a claim. If the legal basis for the claim was not "reasonably available" to petitioner's counsel, the failure to raise the claim in state court at an earlier time may be excused. *Reed v. Ross*, 468 U.S. 1, 16 (1984); *Pitts v. Cook*, 923 F. 2d 1568 (11th Cir. 1991). Another external factor that constitutes cause is interference by state officials with a petitioner's attempt to raise an issue. *Hollis v. Davis*, 941 F. 2d 1471 (11th Cir. 1991). Ineffective assistance of counsel is another external objective factor that can constitute cause. The ineffective assistance must be *constitutionally* ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984). *Hollis v. Davis*, supra. "The mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Richardson v. Johnson*, 864 F. 2d 1536, 1539 (11th Cir.

1989). Therefore, errors by counsel during state post-conviction proceedings, no matter how egregious, can never constitute cause. *See Coleman v. Thompson*, *supra*.

### 2.     Prejudice

A petitioner seeking to raise a procedurally defaulted claim must also show "actual prejudice" from the alleged constitutional violation. *Alexander v. Dugger*, 841 F. 2d 371, 374 (11th Cir. 1988).

> To establish actual prejudice, a petitioner must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions. (Emphasis in original)

*Hollis v. Davis*, at 1480, quoting, *United States v. Frady*, 456 U.S. 152, 170 (1982). Implicit in the actual prejudice prong is the sense that a showing of actual prejudice means a showing that somehow the outcome would be different. As the Court stated in *McCoy v. Newsome*, at 1261, "A mere possibility of actual prejudice resulting from an error at trial will not waive the procedural default where other substantial evidence of guilt is present."

### 3.     Fundamental Miscarriage of Justice

The Supreme Court created an exception to the cause and prejudice standard in *Smith v. Murray*, 477 U.S. 517, 537-538 (1986), and *Murray v. Carrier*, 477 U.S. 478, 496 (1986). In those cases, the Supreme Court held

7

that even when a petitioner cannot show "cause and prejudice," a federal court may still consider a procedurally defaulted claim if a "fundamental miscarriage of justice" has probably resulted in the conviction of one who is actually innocent." In *Sawyer v. Whitley*, 505 U.S. 333 (1992), the Supreme Court defined "actually innocent" in the context of a capital sentencing procedure. The Supreme Court stated the following:

> We … hold that to show "actual innocence," one must show by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty under the applicable state law.

505 U.S. at 335. The Supreme Court then concluded that the petitioner's claims that he had been denied access to exculpatory materials and his right to effective assistance of counsel, even if proven, did not establish that he was ineligible for the death penalty. *See also Schlup v. Delo*, 513 U.S. 298 (1995)(where the Court held that a habeas petitioner who has been sentenced to death but claims to be actually innocent of the crime need only show that the constitutional violation "probably resulted" in conviction of one who is actually innocent to avoid a procedural bar).

### B.   Procedurally Defaulted Claims

Respondent asserts that the claims that follow are procedurally defaulted from this Court's review. Coral has not shown cause and

8

prejudice or that a fundamental miscarriage of justice exists to overcome the procedural defaults of the claims. This Court should find that the claims are procedurally defaulted and are not before this Court to review.

In claim I(2), paragraph 44 of the habeas petition, Coral asserts that the prosecutor improperly argued that an eyewitness told the truth when it knew that the witnesses testimony was, in part, false. This allegation is procedurally defaulted because it was not raised at trial or on direct appeal. The state post-conviction court and the Alabama Court of Criminal Appeals held that this claim was procedurally defaulted because it was not raised at trial or on direct appeal. *Coral v. State*, 900 So. 2d 1274, 1287 (Ala. Crim. App. 2004); Circuit's Court Order, at 3. Alabama law precludes collateral review of claims that could have been but were not raised at trial or on direct appeal. Rule 32.2(a)(3) and (5), Ala.R.Crim.P.; *Baldwin v. Johnson*, 152 F. 3d 1304, 1310 (11th Cir. 1998).

In claim J(2), paragraph 48 of the habeas petition, Coral argues that the trial court's rejection of the jury's life without parole sentence recommendation violates the Supreme Court's holding in *Ring v. Arizona*, 536 U.S. 584 (2002). This Court should refuse to review this claim for two reasons. First, it is barred by the non-retroactivity to collateral proceedings doctrine of *Teague v. Lane*, 489 U.S. 288 (1989) and *Penry v. Lynaugh*, 492

9

U.S. 302 (1989). Coral's direct appeal ended and his conviction because final when the United States Supreme Court denied his petition for writ of certiorari on March 28, 1994. The decision upon which Coral bases his claim, *Ring v. Arizona*, 536 U.S. 584 (2002), was decided after this conviction became final and is not retroactive to Coral's case. *Schriro v. Summerlin*, 124 S. Ct. 2519, 2525 (June 24, 2004). Second, Coral did not raise this claim at trial, on direct appeal, or in his Rule 32 petition. This claim has not been raised in any of the state court proceedings and is procedurally defaulted for that reason. *Teague v. Lane*, 489 U.S. 288, 297-298 (1989)(claims not raised at all in state court are procedurally defaulted).

Coral asserts, in claim J(3) paragraph 49 of the habeas petition, that the judicial override in his case violates the Equal Protection Clause. This claim is procedurally defaulted because it was not raised at trial, on direct appeal, or in the state post-conviction petition. This claim has not been raised in any of the state court proceedings and is procedurally defaulted for that reason. *Teague v. Lane*, 489 U.S. 288, 297-298 (1989)(claims not raised at all in state court are procedurally defaulted).

In claim J(4), paragraph 50 of the habeas petition, Coral asserts that Alabama has no mechanism to insure that defendants sentenced to life without parole are treated alike. Coral did not raise this claim at trial, on

10

direct appeal, or in his Rule 32 petition. Because Coral did not raise this claim in any of the state court proceedings it is procedurally defaulted. *Teague v. Lane*, 489 U.S. 288, 297-298 (1989)(claims not raised at all in state court are procedurally defaulted).

Coral alleges in claim J(5), paragraph 51 of the habeas petition, that Alabama appellate courts have not developed a mechanism for determining when an override is appropriate. This claim is procedurally defaulted because it was not raised at trial, on direct appeal, or in the state post-conviction petition. This claim has not been raised in any of the state court proceedings and is procedurally defaulted for that reason. *Teague v. Lane*, 489 U.S. 288, 2970298 (1989)(claims not raised at all in state court are procedurally defaulted).

In claim L, paragraphs 56-58 of the habeas petition, Coral asserts that his jury pool underrepresented African-Americans. This claim is procedurally defaulted because it was not raised at trial or on direct appeal. The Rule 32 court and the Alabama Court of Criminal Appeals held the claim to be procedurally defaulted for those reasons. *Coral v. State*, 900 So. 2d 1274, 1278 (Ala. Crim. App. 2004); Circuit Court's Order, at 3. Alabama law precludes collateral review of claims that could have been but were not

11

raised at trial or on direct appeal. Rule 32.2(a)(3) and (5), Ala.R.Crim.P.; *Wright v. Hopper*, 169 F. 3d 695, 710 (11th Cir. 1999).

Coral asserts in claim M, paragraph 59 of the habeas petition, that his death sentence is unconstitutional because it was sought and imposed pursuant to a pattern of racial bias. This claim is procedurally defaulted because it was not raised at trial or on direct appeal. The Rule 32 court and the Alabama Court of Criminal Appeals held the claim to be procedurally defaulted for those reasons. *Coral v. State*, 900 So. 2d 1274, 1278 (Ala. Crim. App. 2004); Circuit Court's Order, at 3. Alabama law precludes collateral review of claims that could have been but were not raised at trial or on direct appeal. Rule 32.2(a)(3) and (5), Ala.R.Crim.P.; *Baldwin v. Johnson*, 152 F. 3d 1304, 1310 (11th Cir. 1998).

In claim O(2), paragraphs 65-66 of the habeas petition, Coral asserts that trial counsel was ineffective for failing to object adequately to the override of the jury's life without parole sentence recommendation. Coral presents new factual support for this argument in the habeas petition – facts that were not presented to the state courts. These new facts are not properly before this Court for review because they were not presented in the state courts. *Teague v. Lane*, 489 U.S. 255, 297-298 (1989); *Engle v. Issac*, 456 U.S. 107, 113-114, 124-125 (1982). In addition, the Rule 32 court dismissed

12

this claim from the Rule 32 petition because it was insufficiently pleaded under Rule 32.6(b) of the Alabama Rules of Criminal Procedure. Circuit Court's Order, at 5-6. The Alabama Court of Criminal Appeals affirmed this holding. *Coral v. State*, 900 So. 2d 1274, 1279-1284 (Ala. Crim. App. 2004). Under *Wainwright v. Sykes*, 433 U.S. 72 (1977), this claim is barred from federal habeas review, because it was decided under an adequate and independent state procedural ground. This claim is, therefore, procedurally defaulted and cannot be reviewed by this Court. *Harris v. Reed*, 489 U.S. 255, 263 (1989).

      Coral contends, in claim O(3) paragraphs 67-69 of the habeas petition, that trial counsel failed to investigate mitigation evidence by interviewing his family members. Coral presents new factual support for this argument in the habeas petition – facts that were not presented to the state courts. These new facts are not properly before this Court for review because they were not presented in the state courts. *Teague v. Lane*, 489 U.S. 255, 297-298 (1989); *Engle v. Issac*, 456 U.S. 107, 113-114, 124-125 (1982). In addition, the Rule 32 court dismissed this claim from the Rule 32 petition because it was insufficiently pleaded under Rule 32.6(b) of the Alabama Rules of Criminal Procedure. Circuit Court's Order, at 5-6. The Alabama Court of Criminal Appeals affirmed this holding. *Coral v. State*, 900 So. 2d 1274,

1279-1284 (Ala. Crim. App. 2004). Under *Wainwright v. Sykes*, 433 U.S. 72 (1977), this claim is barred from federal habeas review, because it was decided under an adequate and independent state procedural ground. This claim is, therefore, procedurally defaulted and cannot be reviewed by this Court. *Harris v. Reed*, 489 U.S. 255, 263 (1989).

In claim O(4), paragraph 70 of the habeas petition, Coral alleges that trial counsel failed to adequately challenge the underrepresentation of African-Americans in his jury pools. Coral presents new factual support for this argument in the habeas petition – facts that were not presented to the state courts. These new facts are not properly before this Court for review because they were not presented in the state courts. *Teague v. Lane*, 489 U.S. 255, 297-298 (1989); *Engle v. Issac*, 456 U.S. 107, 113-114, 124-125 (1982). In addition, the Rule 32 court dismissed this claim from the Rule 32 petition because it was insufficiently pleaded under Rule 32.6(b) of the Alabama Rules of Criminal Procedure. Circuit Court's Order, at 5-6. The Alabama Court of Criminal Appeals affirmed this holding. *Coral v. State*, 900 So. 2d 1274, 1279-1284 (Ala. Crim. App. 2004). Under *Wainwright v. Sykes*, 433 U.S. 72 (1977), this claim is barred from federal habeas review, because it was decided under an adequate and independent state procedural

ground. This claim is, therefore, procedurally defaulted and cannot be reviewed by this Court. *Harris v. Reed*, 489 U.S. 255, 263 (1989).

In claim O(6), paragraphs 72-73 of the habeas petition, Coral asserts that trial counsel failed to adequately object to the racially discriminatory use of the death penalty in his case. Coral presents new factual support for this argument in the habeas petition – facts that were not presented to the state courts. These new facts are not properly before this Court for review because they were not presented in the state courts. *Teague v. Lane*, 489 U.S. 255, 297-298 (1989); *Engle v. Issac*, 456 U.S. 107, 113-114, 124-125 (1982). In addition, the Rule 32 court dismissed this claim from the Rule 32 petition because it was insufficiently pleaded under Rule 32.6(b) of the Alabama Rules of Criminal Procedure. Circuit Court's Order, at 5-6. The Alabama Court of Criminal Appeals affirmed this holding. *Coral v. State*, 900 So. 2d 1274, 1279-1284 (Ala. Crim. App. 2004). Under *Wainwright v. Sykes*, 433 U.S. 72 (1977), this claim is barred from federal habeas review, because it was decided under an adequate and independent state procedural ground. This claim is, therefore, procedurally defaulted and cannot be

15

reviewed by this Court. *Harris v. Reed*, 489 U.S. 255, 263 (1989).[2]

## CONCLUSION

This Court should find that claims I(2), J(2), J(3), J(4), J(5), L, M, O(2), O(3), O(4), and O(6) of the habeas petition are procedurally defaulted. Coral has not shown cause and prejudice or a fundamental miscarriage of justice to overcome the procedural defaults of these claims. This Court should, therefore, dismiss these claims from the habeas petition.

                                                  Respectfully submitted,

                                                  Troy King
                                                  *Attorney General*

                                                  /s/ Beth Jackson Hughes
                                                  Beth Jackson Hughes
                                                  *Assistant Attorney General*

---

[2] The State also submits in its answer that there are claims that are precluded from this Court's review because they are insufficiently pleaded or that fail to state a claim for relief. Specifically, the State submits that the following claims in the habeas petition are insufficiently pleaded: claim C, F(2), G, H, I(2), I(3), I(4), J(1), and N. In addition, the State submits that the following claims fail to state a claim for relief because they present only questions of state law: claims J(1) and K. The State will address these defenses in its second brief to this Court unless this Court orders the State to address these defenses in a supplemental brief. It is the State's understanding that this brief is limited to the issue of procedurally defaulted claims. Should this be incorrect, the State respectfully requests an opportunity to correct this understanding.

16

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: **LaJuana Davis.**

                                        /s/ Beth Jackson Hughes
                                        Beth Jackson Hughes
                                        *Assistant Attorney General*

ADDRESS OF COUNSEL:

Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL  36130
Office 334-242-7392
Fax 334-353-3637