# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

ROBERT LANCE CORAL,     )
     )
    Petitioner,     )
     )
v.     )    Civil Action No.
     )    2:05-cv-1112-MEF
RICHARD F. ALLEN,     )
Commissioner of the Alabama     )
Department of Corrections,     )
     )
    Respondent.     )

## RESPONDENT'S BRIEF ON PROCEDURAL
## DEFAULT AND ON THE MERITS

Troy King
*Attorney General*

Beth Jackson Hughes
*Assistant Attorney General*

Counsel for Respondent

Address of Counsel:

Office of the Attorney General
Capital Litigation Division
Alabama State House
11 South Union Street
Montgomery, AL  36130
(334) 242-7392

# TABLE OF CONTENTS

I.    Introduction..................................................................1

II.   The State Court Proceedings ...........................................2

III.  Procedurally Defaulted Claims .......................................7

      Claim I(2)…...........................................................7

      Claim J(2)…. ........................................................8

      Claims J(3) and J(4)..............................................9

      Claim J(5)…..........................................................10

      Claims L and M ....................................................11

      Claims O(2), O(3), O(4), and O(6).........................13

IV.   Merits of Claims ..........................................................16

    A.    The Claim That Coral's Statements To Police Were
         Admitted In Violation Of The Constitution............18

    B.    The Claim That Coral's Conviction Should Be
         Reversed Because Of *Brady* Violations ..................28

    C.    The Claim That Coral's Conviction Should Be
         Reversed For Failure To Afford Him A Speedy
         Trial In Violation Of His Rights Under The Eighth
         And Fourteenth Amendments...................................36

    D.    The Claim That Coral's Pretrial Detention Violated
         the Eighth And Fourteenth Amendments .................40

    E.    The Claim That the Alleged Racially Discriminatory
         Use Of Peremptory Challenges Violated Coral's
         Rights Under the Sixth, Eighth, And Fourteenth
         Amendments To The United States Constitution....................43

F.      The Claim That The Guilt And Penalty Phase Jury
        Instructions On Reasonable Doubt Violated The
        Eighth And Fourteenth Amendments .......................................46

G.      The Claim That The Presence Of A Relative Of The
        Victim At The Prosecution's Table Denied Coral A
        Fair Trial .................................................................................49

H.      The Claim That The Trial Court's Penalty Phase
        Jury Instructions Violated *Mills v. Maryland* ...........................52

I(1)    The Claim That The Prosecution Improperly Argued
        That The State's Version Of Events Was The Truth................55

I(2)    The Claim That The Prosecution Improperly Argued
        That An Eyewitness Told The Truth When It Knew
        That The Witness' Testimony Was, In Part, False .................57

I(3)    The Claim That The Prosecutor Improperly
        Commented  During The Penalty Phase On Coral's
        Exercising His Right Not To Testify .......................................59

I(4)    The Claim That The Cumulative Effect Of The
        Alleged Prosecutorial Misconduct Entitles Coral To
        Relief........................................................................................61

J(1)    The Claim That Judicial Override Violated Coral's
        Rights Under The Eighth And Fourteenth
        Amendments ............................................................................64

J(2)    The Claim That The Trial Court's Rejection Of The
        Jury Verdict Of Life Without Parole Violates The
        Supreme Court's Holding In *Ring v. Arizona*...........................69

J(3), J(4), J(5)    The Claims That Judicial Override
        Violates The Equal Protection Clause, That
        Alabama Has No Mechanism To Insure That
        Defendants Sentenced To Life Without Parole Are
        Treated Alike, And That Alabama Appellate Courts

Have Failed To Develop A Mechanism For
Determining When An Override Is Appropriate ..................... 69

K.    The Claim That The Trial Court's Consideration Of
A Prejudicial Pre-sentence Report Violated Coral's
Constitutional Rights ............................................. 75

L.    The Claim That The Jury Pool From Which Coral's
Jury Was Selected Underrepresented African-
Americans ...................................................... 79

M.    The Claim That Coral's Death Sentence Was
Sought And Imposed Pursuant To A Pattern Of
Racial Discrimination ........................................... 81

N.    The Claim That Coral's Fair Trial Rights Were
Violated When The Trial Court Refused To Grant
Individually- Sequestered Voir Dire .......................... 82

O(1)  The Claim that Coral Was Denied The Effective
Assistance Of Counsel Because Of Alabama's
Compensation Scheme ........................................... 85

O(2)  The Claim That Trial Counsel Failed To Adequately
Object To The Override Of The Jury's Sentence
Recommendation ................................................ 87

O(3)  The Claim That Trial Counsel Failed To Investigate
Mitigation Evidence By Interviewing Coral's
Family Members ................................................ 90

O(4)  The Claim That Trial Counsel Failed To Adequately
Challenge The Underrepresentation Of African-
Americans In Coral's Jury Pools .............................. 92

O(5)  The Claim That Trial Counsel Failed To Adequately
Object To The Admission Of A Prejudicial Pre-
sentence Report ............................................... 94

O(6)  The Claim That Trial Counsel Failed To Adequately
      Object To Racially Discriminatory Use Of The
      Death Penalty In This Case......................................................98

CONCLUSION....................................................................................101

CERTIFICATE OF SERVICE ................................................................102

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT LANCE CORAL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 2:05-cv-1112-MEF |
| RICHARD F. ALLEN, | ) | |
| Commissioner of the Alabama | ) | |
| Department of Corrections, | ) | |
| | ) | |
| Respondent. | ) | |

## RESPONDENT'S BRIEF ON PROCEDURAL
## DEFAULT AND ON THE MERITS

### I.    Introduction

On December 9, 2005, the district court referred this case to

Magistrate Judge Coody "for all procedural and discovery matters in this

case." After conducting a case management conference, Magistrate Judge

Coody entered an order setting a discovery schedule and a briefing schedule.

On July 18, 2006, Respondent filed its brief on procedurally defaulted

claims. On August 16, 2006, Coral filed his brief responding to the

procedural default claims raised by Respondent and addressing the merits of

all claims, including the need for an evidentiary hearing on specific claims.

In the instant brief, Respondent will address the procedural default issues

and the merits of the claims, including whether an evidentiary hearing

should be held on specific claims.

## II.    The State Court Proceedings

Under the State Court Proceedings heading of Coral's brief, Coral

apparently attacks the sufficiency of the evidence.  The Alabama Court of

Criminal Appeals examined the sufficiency of the evidence against Coral in

its opinion on direct appeal. *Coral v. State*, 628 So. 2d 954, 959-963 (Ala.

Crim. App. 1992).  After examining the evidence presented by the State, the

Alabama Court of Criminal Appeals found, as follows:

> The State's evidence is both direct and circumstantial.  While
> there is practically no scientific evidence linking the appellant
> to the crime scene, there is considerable circumstantial evidence
> linking him to the crime; and, of course, he admitted
> committing the crime.

*Id*., at 962.  The Alabama Court of Criminal Appeals also stated the

following:

> We conclude that the evidence presented by the state in its case-
> in-chief was sufficient to establish a prima facie case of murder
> during a robbery and of murder during a burglary, as charged in
> the indictment. We further conclude that the evidence presented
> was sufficient, in our opinion, for the jury to find the appellant
> guilty of murder-burglary beyond a reasonable doubt. The trial
> court's denial of the appellant's motion for a judgment of
> acquittal made at the conclusion of the state's case-in-chief was
> correct. The case was properly submitted to the jury. Thus, we
> further conclude that the denial of the appellant's motion for a
> judgment of acquittal made at the conclusion of the presentation
> of all the evidence and the denial of his motion for a new trial

based upon alleged insufficiency of the evidence to support the convictions were proper.

*Id.*, at 963.

Coral also sets forth in this section of his brief an argumentative statement of the case for the Rule 32 proceedings. The Alabama Court of Criminal Appeals accurately set forth the proceedings in the Rule 32 case, as follows:

On September 1, 1995, Coral filed a petition for postconviction relief pursuant to Rule 32, Ala.R.Crim.P.[FN1] Within 30 days the State moved for a partial dismissal of claims it alleged failed to comply with the specificity requirements of Rule 32.6(b), Ala.R.Crim.P. On April 3, 1996, the circuit court held a hearing on the State's motion. That same day the circuit court entered an order allowing Coral 60 days to amend his petition.[FN2] On June 4, 1996, Coral filed an amended petition. The State filed its answer and again moved for a partial dismissal. A hearing on the State's motion was held on July 1, 1996. During the hearing, the circuit court dismissed the majority of Coral's ineffective-assistance-of-counsel claims. (Supplemental record, p. 18.) It allowed two ineffective-assistance claims to proceed. The circuit court gave both parties 10 days to address those remaining two claims of ineffective assistance of counsel. The State responded and filed a proposed order denying relief. Coral did not respond to the circuit court's order. However, on September 4, 1996, Coral filed a second amended petition. From September 1996 until August 2001 no motions were filed by either party.[FN3] On August 30, 2001, the State moved that the circuit court deny postconviction relief. By order dated September 28, 2001, the circuit court denied the postconviction petition. This appeal followed.

FN1. The petition was originally assigned to Judge Randall Thomas. After Judge Thomas retired, the case was reassigned to Judge William Shashy.

3

FN2. Because the sixtieth day-June 2, 1996-fell on a Sunday, and the following day was a State holiday, Coral had until June 4, 1996, to file the amended petition. See Rule 1.3(a), Ala.R.Crim.P.

FN3. Apparently some of the delay was caused by the fact that when Judge Thomas retired the case was not immediately reassigned to another circuit judge.

*Coral v. State*, 900 So. 2d 1274, 1278 (Ala. Crim. App. 2004).

The Alabama Court of Criminal Appeals also stated the following concerning the Rule 32 proceedings:

After the petition was filed, the State moved for partial dismissal arguing that "Coral has failed to meet the burden placed on him by Rule 32.6(b) of providing 'full disclosure of the factual basis' on the claims of ineffective assistance of counsel." As a result of the State's motion, the circuit court granted Coral 60 days to amend his petition to comply with the requirements of Rule 32.6(b), Ala.R.Crim.P. On the last possible day Coral filed an amended petition. The claims of ineffective assistance of counsel in this petition were virtually identical to those claims made in the original petition. The State again moved for a partial dismissal. On July 1, 1996, the circuit court held a hearing on the State's motion. A transcript of the hearing shows that the circuit court dismissed all but two of the ineffective-assistance-of-counsel claims for failure to comply with the provisions of Rule 32.6(b), Ala.R.Crim.P. The circuit court did allow Coral to proceed with two ineffective-assistance-of-counsel claims; those claims concerned the low statutory compensation for court-appointed attorneys in Alabama and the claim that counsel failed to object to the trial court's consideration of what Coral says was an illegal and prejudicial presentence report. The circuit court gave both parties 10 days to file briefs concerning the two remaining ineffective- assistance claims. The State complied; Coral did not. Coral did file an amended petition in September 1996-more than two months after the July 1, 1996, motion hearing.

4

Rule 32.6(b), Ala.R.Crim.P., addresses the requirements for the contents of a Rule 32 petition and states:

"The petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any further proceedings."

As this Court stated in *Boyd v. State,* [Ms. CR-02-0037, September 26, 2003] --- So.2d ---- (Ala.Crim.App.2003):

" 'Rule 32.6(b) requires that the *petition* itself disclose the *facts* relied upon in seeking relief.' *Boyd v. State,* 746 So.2d 364, 406 (Ala.Crim.App.1999). In other words, it is not the pleading of a *conclusion* 'which, if true, entitle[s] the petitioner to relief.' *Lancaster v. State,* 638 So.2d 1370, 1373 (Ala.Crim.App.1993). It is the allegation of *facts* in pleading which, if true, entitles a petitioner to relief. After *facts* are pleaded, which, if true, entitle the petitioner to relief, the petitioner is then entitled to an opportunity, as provided in Rule 32.9, Ala.R.Crim.P., to present evidence proving those *alleged facts*.

"Thus, a Rule 32 petitioner is not automatically entitled to an evidentiary hearing on any and all claims raised in the petition. To the contrary, Rule 32.7(d), Ala.R.Crim.P., provides for the summary disposition of a Rule 32 petition

" '[i]f the court determines that the petition is not sufficiently specific [in violation of Rule 32.6(b)], or is precluded [under Rule 32.2, Ala.R.Crim.P.], or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by further proceedings····' "

--- So.2d at ----.

Certainly, Coral was not obliged to prove his allegations in his Rule 32 petition; however, he was required to comply with the provisions of Rule 32.6(b), Ala.R.Crim.P. This is not a situation where the circuit court dismissed the petition without allowing Coral to amend his claims. Coral was allowed to file an

amended petition but failed to comply with the circuit court's instructions.

\*\*\*

We have carefully examined Coral's petition. We agree with the circuit court that these claims were not factually sufficient. Indeed, how is the State to defend against the general claim that counsel failed to prepare or investigate the case, without any specific facts to support the allegation? The intent in adopting Rule 32.6(b), Ala.R.Crim.P., was to ensure that one party did not obtain an unfair advantage over the other party-to place both the State and the petitioner on a level playing field. Coral's petition failed to comply with the provisions of Rule 32.6(b), Ala.R.Crim.P., and gave the State no ability to defend Coral's general claims.

We note that after the deadline for amending the petition had passed and after the hearing on the motion for a partial dismissal, Coral did file a second amended petition asserting many of the identical claims of ineffective assistance of counsel. (Several new claims were also added.) This petition did not contain more facts; it merely referenced paragraph numbers in the first amended petition that Coral alleged supported his claims. It appears, based on reading the circuit court's order that the circuit court did not consider this second amended petition. Indeed, this petition was filed after the circuit court had dismissed the ineffective-assistance-of-counsel claims. [FN4]

FN4. Coral argues in his brief that the State's characterization of the July 1, 1996, hearing is erroneous. Coral asserts that the circuit court did not rule on the State's motion and that it allowed Coral to amend his petition. However, the record of the July 1 hearing does not support Coral's statement. The hearing, held on the State's motion for partial dismissal, contains the following ruling by the circuit court, "Okay, is that it? Okay, I'll grant your motion on all of them except for the two that were in question concerning the counsel, and y'all get me something in ten days on those two issues." (Supplemental record, p. 18.)

> The record shows that Coral did not file anything with the
> Court within 10 days but instead filed another amended petition
> in September 1996.

*Coral v. State*, 900 So. 2d 1274, 1280-1283 (Ala. Crim. App. 2004).

### III.    Procedurally Defaulted Claims

<u>Claim I(2)</u>

Coral asserts in claim I(2), paragraph 44 of the habeas petition, that

the prosecutor improperly argued that an eyewitness told the truth when it

knew that the witnesses testimony was, in part, false.  As set forth in the

Respondent's Brief on Procedurally Defaulted Claims, this allegation is

procedurally defaulted because it was not raised at trial or on direct appeal.

(Respondent's Brief on Procedurally Defaulted Claims, p. 9)

Coral argues that ineffective assistance of trial and appellate counsel

constitutes cause and prejudice to overcome this procedural default.

However, Coral never raised these allegations of ineffective assistance of

counsel as cause in state court.  Coral's failure to raise these allegations of

ineffective assistance of counsel in state court precludes reliance on

ineffective assistance of counsel as cause to overcome his procedural default

of this claim.  *See Hill v. Jones*, 81 F. 3d 1015, 1030 (11th Cir. 1996)("[W]e

conclude *Carrier* and the rest of the Supreme Court's jurisprudence on

procedural default dictate that procedurally-defaulted claims of ineffective

assistance of counsel *cannot* serve as cause to excuse a default of a second claim."(emphasis in original).  Thus, Coral's procedurally-defaulted claim of ineffective assistance of counsel cannot be used as cause to overcome the procedural default of this claim.  Coral has also failed to prove, or allege, that he was prejudiced by the alleged prosecutorial misconduct.  This Court should, therefore, find that claim I(2) is procedurally defaulted.

Claim J(2)

In claim J(2), paragraph 48 of the habeas petition, Coral argues that the trial court's rejection of the jury's life without parole sentence recommendation violates the Supreme Court's holding in *Ring v. Arizona*, 536 U.S. 584 (2002).  Coral concedes in his Brief on Procedural Default and on the Merits that he cannot establish a right to habeas corpus relief on this claim.  (Coral's Brief on Procedural Default and on the Merits, pp. 10-11)  While Coral concedes that he is not entitled to relief on this claim because *Ring* is not retroactive to collateral proceedings, Respondent maintains that this claim is also procedurally defaulted because it was not presented in any of the State court proceedings.  *Teague v. Lane*, 489 U.S. 288, 297-298 (1989).

<u>Claims J(3) and J(4)</u>

Coral alleges in claim J(3), paragraph 49 of the habeas petition, that the judicial override in his case violates the Equal Protection Clause.  In claim J(4), paragraph 50 of the habeas petition, Coral asserts that Alabama has no mechanism to insure that defendants sentenced to life without parole are treated alike.  These claims are procedurally defaulted because they were not raised at trial, on direct appeal, or in the state post-conviction petition. (Respondent's Brief on Procedurally Defaulted Claims, pp. 10-11)  Coral argues that there is no procedural default to these claims because the Fourteenth Amendment and Equal Protection cases were cited in his arguments against override on direct appeal.  However, Coral fails to cite this Court to where the Fourteenth Amendment or the equal protection cases were cited in his briefs on direct appeal.

While Coral referred to the Fourteenth Amendment in the headings to his argument concerning judicial override, he never argued that the judicial override violated the Equal Protection Clause or that Alabama has no mechanism to insure that defendants sentenced to life without parole are treated alike.  All Coral does is argue, in headings, that the Fourteenth Amendment was violated.  These claims, therefore, were not fairly presented to the state courts.  The Eleventh Circuit stated the following concerning

whether a claim is fairly presented in *Kelley v. Sec. for the Dept. of Corr.*,

377 F. 3d 1317, 1345 (11th Cir. 2004):

> We are not so draconian or formalistic as to require petitioners
> to give a separate federal law heading to each of the claims they
> raise in state court to ensure exhaustion for federal review. We
> simply require that petitioners present their claims to the state
> courts such that the reasonable reader would understand each
> claim's particular legal basis and specific factual foundation.
> *See Picard,* 404 U.S. at 277, 92 S.Ct. at 513. As the First
> Circuit observed,
>
> > [T]he exhaustion doctrine requires a habeas applicant to
> > do more than scatter some makeshift needles in the
> > haystack of the state court record. The ground relied
> > upon must be presented face-up and squarely; the federal
> > question must be plainly defined. Oblique references
> > which hint that a theory may be lurking in the woodwork
> > will not turn the trick.
>
> *Martens v. Shannon,* 836 F.2d 715, 717 (1st Cir.1988).

These claims were not presented face-up and squarely to the state courts.

These claims would now be procedurally barred from state court review and

are, therefore, procedurally defaulted.  *Bailey v. Nagle*, 172 F. 3d 1299,

1302-1303 (11th Cir. 1999).

## Claim J(5)

Coral argues in claim J(5), paragraph 51 of the habeas petition, that

Alabama appellate courts have not developed a mechanism for determining

when an override is appropriate.  As set forth in Respondent's Brief on

Procedurally Defaulted Claims, this allegation is procedurally defaulted

because it was not raised in any of the state court proceedings.
(Respondent's Brief on Procedurally Defaulted Claims, p. 11)  Coral asserts
that he raised this claim on direct appeal when he made a one-sentence
statement in his argument that judicial override is unconstitutional.

The one-sentence statement Coral refers to did not fairly present this
claim to the state courts.  In fact, Coral never alleged that the Alabama
appellate courts had not developed a mechanism for determining when an
override is appropriate on direct appeal.  Because this claim was not fairly
presented to the state courts, it is procedurally defaulted.  *Picard v. Connor*,
404 U.S. 270, 275 ((1971)(federal claim must be fairly presented to the state
courts); *Kelley v. Sec. Dept. of Corr.*, 377 F. 3d 1317, 1344-1345 (11th Cir.
2004); *Jones v. Campbell*, 436 F. 3d 1285, 1303-1304 (11th Cir.
2006)(because this claim was not fairly presented to the state courts, it is
procedurally defaulted).  Because claim J(5) was not fairly presented to the
state courts, this Court should find that it is procedurally defaulted.

<u>Claims L and M</u>

Coral alleges in claim L, paragraphs 56-58 of the habeas petition, that
his jury pool underrepresented African-Americans.  In claim K, paragraph
59 of the habeas petition, Coral alleges that his death sentence is
unconstitutional because it was sought and imposed pursuant to a pattern of

racial bias.  These claims are procedurally defaulted because they were not raised at trial or on direct appeal.  The Rule 32 court and the Alabama Court of Criminal Appeals held the claims to be procedurally defaulted for those reasons.  *Coral v. State*, 900 So. 2d 1274, 1278 (Ala. Crim. App. 2004); Circuit Court's Order, at 3.  (Respondent's Brief on Procedurally Defaulted Claims, pp. 11-12)

Coral argues that these claims are not procedurally defaulted because ineffective assistance of counsel at trial establishes cause and prejudice for the default.  Ineffective assistance of counsel is an external objective factor that can constitute cause.  The ineffective assistance must be *constitutionally* ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984).  *Hollis v. Davis*, 941 F. 2d 1471 (11th Cir. 1991).  "The mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Richardson v. Johnson*, 864 F. 2d 1536, 1539 (11th Cir. 1989).  Coral has completely failed to prove that his counsel were constitutionally ineffective because they failed to raise these claims in state court.  In fact, the Rule 32 court and the Alabama Court of Criminal Appeals dismissed these claims from the Rule 32 petition because Coral failed to provide a sufficient factual basis in support of these claims.  *Coral v. State*, 900 So. 2d 1274, 1279-1284

(Ala. Crim. App. 2004); Circuit Court's Order, at 5-6. Because Coral has

failed to prove constitutionally ineffective assistance of counsel for failing to

raise these claims in state court, ineffective assistance of counsel cannot be

used as cause to overcome the procedural default of this claim. This Court

should, therefore, find that claims L and M are procedurally defaulted.

<u>Claims O(2), O(3), O(4), and O(6)</u>

Respondent submits that the following ineffective assistance of

counsel claims in Coral's habeas petition are procedurally defaulted: that

trial counsel were ineffective for failing to object adequately to the override

of the jury's life without parole sentence recommendation (claim O(2),

paragraphs 65-66 of the habeas petition); that trial counsel failed to

investigate mitigation evidence by interviewing his family members (claim

O(3), paragraphs 67-69 of the habeas petition); that trial counsel failed to

adequately challenge the underrepresentation of African-Americans in his

jury pools (claim O(4), paragraph 70 of the habeas petition); and trial

counsel failed to adequately object to the racially discriminatory use of the

death penalty in his case (claim O(6), paragraphs 72-73 of the habeas

petition). With respect to all of these claims, Respondent alleged that Coral

presented new factual support for these claims in his habeas petition and that

the new facts were not properly before this Court for review because they

were not presented in the state courts.  (Respondent's Brief on Procedurally

Defaulted Claims, pp. 12-16)  In addition, Respondent asserted that these

claims were procedurally defaulted because the claims were dismissed from

the Rule 32 petition because they were insufficiently pleaded under Rule

32.6(b) of the Alabama Rules of Criminal Procedure.  (Respondent's Brief

on Procedurally Defaulted Claims, pp. 12-16)

Coral asserts that the Rule 32 petition and the federal habeas corpus

petition contain the same facts in support of the claims and, therefore, there

was no procedural default.  A review of the Rule 32 petition and the habeas

petition reveal that this is incorrect.  For example, Coral's entire allegation

in the Rule 32 petition concerning counsel's failure to investigate mitigating

evidence was: "(f) Trial counsel failed to adequately talk to family members

about mitigation evidence and failed to adequately prepare them to testify."

(Habeas Checklist, Tab # 59, p. 18; Tab # 63, p. 140; Tab # 66, p. 214)  In

the habeas petition, Coral alleges in claim O(3) that counsel failed to

interview his mother, sister, cousins or his aunts and uncles who would have

presented testimony that Coral had a good character, was loved by his family

and friends, and had a positive influence on those around him, both as a

child and an adult.  (Habeas petition, pp. 31-32)  Contrary to Coral's

assertion, new facts were presented in support of this claim that were not

presented in the state courts. These new facts are not properly before this Court for review because they were not presented in the state courts. *Teague v. Lane*, 489 U.S. 255, 297-298 (1989); *Engle v. Issac*, 456 U.S. 107, 113-114, 124-125 (1982).

Coral apparently argues, based on his second amended petition that refers to substantive claims in his amended petition, that the Rule 32 petition and the habeas petition contain the same facts. However, as the Alabama Court of Criminal Appeals found, the Rule 32 court correctly refused to consider the second petition that was filed after the Rule 32 court had dismissed most of the ineffective assistance of counsel claims under Rule 32.6(b) because they did not contain a sufficient factual basis. *Coral v. State*, 900 So. 2d 1274, 1282-1284 (Ala. Crim. App. 2004). In addition, the Alabama Court of Criminal Appeals found that the second amended "petition did not contain more facts; it merely referenced paragraph numbers in the first amended petition that Coral alleged supported his claims." *Id*.

Coral also argues that the Alabama Court of Criminal Appeals interpreted Rule 32.6(b) in a manner that had not been previously announced before Coral's case. Coral then asserts that the state court's treatment on his ineffective assistance of counsel claim was not based upon an adequate and independent state procedural ground. However, Coral fails to set forth for

this Court how the Alabama Court of Criminal Appeals interpreted Rule

32.6(b) in a manner that had not been previously announced.  In addition,

Coral cites no cases to support his claim that the treatment of his ineffective

assistance of counsel claims was not based upon an adequate and

independent state procedural ground.  Coral has completely failed to sustain

his burden of proving that his ineffective assistance of counsel claims are not

procedurally defaulted.  This Court should, therefore, find that these claims

are procedurally defaulted.

### IV.    Merits of Claims

The law is clear that when a habeas petitioner's claim has been

adjudicated on the merits in state-court proceedings, 28 U.S.C. § 2254(d)

forecloses relief unless either subsections 2254(d)(1) or (d)(2) are found to

be applicable.  *Early v. Packer*, 537 U.S. 3, 7 (2002).   The burden of

showing that an issue falls within subsections 2254(d)(1) or (d)(2) is upon

the petitioner. *See Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).

Under § 2254(d)(1) and (d)(2), a writ of habeas corpus may issue only

if the state court's determination of an issue "resulted in a decision that was

contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court of the United States [or

resulted in an] unreasonable determination of the facts in light of the

evidence presented in the State court proceeding." "A state-court decision is contrary to … clearly established precedents [of the Supreme Court of the United States] if it applies a rule that contradicts the governing law set forth [in the Court's] cases, or if it confronts a set of facts that is materially indistinguishable from a decision of th[e] Court but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005)(citing *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *See Early v. Packer*, 537 U.S. 3, 8 (2002).

Therefore, a federal court's review of a state court's adjudication is limited to whether the state court decision was contrary to or an unreasonable application of the *clearly established precedent* of the Supreme Court, or was an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Of course, that review is also limited by the petitioner's identification of the correct or relevant "clearly established precedent." The Eleventh Circuit Court of Appeals has made it clear that the precedent cited must be identical to a high degree of specificity. For instance, in *Hightower v. Schofield*, 365 F.3d 1008, 1027 (11th Cir. 2004), the Court denied a habeas petitioner's claim because, among other reasons, he did "not cite, and the Court could not find, any clear Supreme Court precedent stating that the denial of ex parte hearings on requests for expert psychiatric assistance is beyond

harmless error analysis." Likewise, in *Washington v. Crosby*, 324 F.3d 1263, 1265 (11th Cir. 2003), the Court addressed "[w]hether the district court erred in determining that the trial court's admission of the audio portion of the videotape violated Washington's Sixth Amendment right of confrontation." In ruling that the state court decision was not contrary to clearly established federal law, the Eleventh Circuit noted that "Washington does not cite any Supreme Court precedent that has held that playing the audio portion of a videotape, without an opportunity to cross-examine the speaker, violates a defendant's Confrontation Clause rights." Id. These cases establish that the petitioner must cite the correct legal standard before a petition for habeas corpus can be granted.

### A.    The Claim That Coral's Statements To Police Were Admitted In Violation Of The Constitution.

Coral asserts in paragraphs 9-19 of the habeas petition that his statements to police were admitted into evidence in violation of his rights against self-incrimination, to counsel, and to a fair trial and sentencing. Specifically, Coral asserts that the prosecution failed to meet its burden of establishing that he knowingly and voluntarily waived his *Miranda* rights when he gave a statement to Detective D.T. Marshall of the Montgomery Police Department. Coral next asserts that the statements he made to

Sergeant Clore and Corporal Jett should have been suppressed because they were made after he invoked his right to counsel.

The Alabama Court of Criminal Appeals denied relief on this claim. In denying relief, the Alabama Court of Criminal Appeals stated the following:

> The appellant contends that the trial court erred in denying his motions to suppress his extrajudicial statements. He filed motions on March 16, and October 7, 1988, seeking to suppress statements that he alleges were made while he was detained pursuant to an illegal arrest and that he alleges were obtained without *Miranda* warnings and by coercion.
>
> The record discloses that the appellant made three statements to the police. The first statement was a tape-recorded statement made in Chicago, Cook County, Illinois, to Officer D.T. Marshall of the Montgomery, Alabama, police department on October 7, 1987. The second statement was an oral statement made in Saline County, Illinois, to Sergeant Kenneth H. Clore of the Illinois State Police on November 6, 1987. The third statement was an oral statement made to Montgomery Police Officer Terry Jett at the Montgomery police station on November 11, 1987, while the appellant was being booked into the municipal jail after having been returned to Alabama from Saline County, Illinois. The first and second statements were the subjects of the pretrial suppression hearing. A transcription of the first was admitted in evidence, and Clore testified to the substance of the second. The third statement, the substance of which was relayed by Jett, was objected to by the appellant at the time it was offered at trial.
>
> The record discloses that on September 24, 1987, Clore, after receiving a report from the Alabama authorities identifying the license plate on the appellant's black Trans Am automobile and after discovering that it belonged to another vehicle, obtained a warrant for the arrest of the appellant for the felony offense of

unlawful possession of an Illinois motor vehicle license plate. A pick-up order was sent out with instructions to all police to arrest the appellant on sight and to hold him for the Saline County police on the authority of the arrest warrant.

The appellant was arrested in Chicago on October 6, 1987, for auto theft, an unrelated offense. On the morning of October 7, Marshall talked briefly with the appellant as the appellant was preparing to attend court in reference to the auto theft charge. He introduced himself, told the appellant that he wanted to interview him about the murder of the victim, and asked him if he knew the victim. This conversation was not recorded, and no *Miranda* rights were given. The record does not show whether the appellant answered Marshall's questions as to whether he knew the victim; however, a reading of the later taped statement given to Marshall indicates that the appellant initially denied knowing the victim.

At the court proceedings, the auto theft charge was dropped. Immediately upon the appellant's release by the Cook County authorities on the auto theft charge, he was arrested by a Chicago police officer on the authority of the Saline County pickup order. Shortly thereafter on the same date, the Saline County warrant arrived and was served on the appellant. Later in the afternoon, while the appellant was under arrest for the Saline County charge of unlawful possession of a motor vehicle license plate, Marshall questioned the appellant about the murder of Nancy Burt. This interrogation lasted for approximately one and one-half hours and was tape-recorded. Marshall testified at the suppression hearing and at trial that prior to commencing the interrogation, he advised the appellant of his *Miranda* rights and that the appellant acknowledged that he understood them, waived the right to counsel, and agreed to make a statement. Marshall further testified that he made no promise to the appellant and that he did not threaten or coerce him. The appellant testified at the suppression hearing that Marshall did not advise him of his *Miranda* rights. An examination of the statement discloses that it is neither a confession nor an admission. It is exculpatory and a denial of any knowledge of or participation in the murder-burglary. The

appellant stated, inter alia, that he was not in Montgomery, Alabama, when the crime was committed; that he had left the city to return to Illinois around 3:00 p.m. on the date of the crime; and that he never owned a .32 caliber pistol.

On the following day, October 8, 1987, after the appellant had been moved from the Chicago jail to the Saline County jail, Marshall attempted to question him again, and the appellant advised him that he "had been talking to somebody and didn't want to get involved and ⋯ he wanted to talk to his lawyer." Marshall did not attempt to question the appellant further.

On November 6, 1987, Clore questioned the appellant at the Saline County jail. Clore testified at the suppression hearing and at trial that he advised the appellant of his *Miranda* rights before the interrogation; that the appellant stated that he understood his rights; that the appellant waived his right to the presence of an attorney and agreed to make a statement; and that he did not threaten or coerce the appellant in any manner and did not promise him anything to get him to make a statement. Clore testified at the suppression hearing and at trial, giving the substance of the oral statement. The statement, like the statement previously given Marshall, was exculpatory and was neither a confession nor an admission. The appellant denied any knowledge of the crime; stated that he left Montgomery around 3:00 p.m. on the date of the crime and was therefore not in Montgomery when the crime was committed; and denied ever owning a .32 caliber pistol.

On November 11, 1987, Jett, pursuant to a murder warrant, accompanied the appellant from Saline County, Illinois, to Montgomery, Alabama. While the appellant was being processed into the municipal jail, Jett read him his *Miranda* rights, obtained a signed waiver of those rights from him, and asked him "why he had been running from [him] in Illinois." According to Jett, the appellant responded "that he had heard the police were going to kill him," and that "if we thought he had done it, to prove it." This statement was not a confession. It can be interpreted as an admission of flight because he thought the police were going to kill him. The latter part of the

statement stating that "if we thought he had done it, to prove it" was a spontaneous, unsolicited remark, and had no relevance to any of the issues in the case.

Extrajudicial confessions are prima facie involuntary and inadmissible, and the burden is upon the state to show voluntariness and a *Miranda* predicate in order for them to be admitted. *Lewis v. State,* 535 So.2d 228, 234 (Ala.1988). "[I]nculpatory admissions in the nature of a confession-that is, directly relating to the facts or circumstances of the crime, and connecting the defendant therewith-are subjected to the same rules of admissibility, as direct confessions, and are therefore prima facie involuntary and inadmissible." *McGehee v. State,* 171 Ala. 19, 22, 55 So. 159, 160 (1911) (citations omitted). No distinction is made between inculpatory and exculpatory statements. *Miranda,* 384 U.S. at 477, 86 S.Ct. at 1629. Exculpatory statements are "incriminating in any meaningful sense of the word and may not be used without the full warnings and effective waiver as any other statement." *Id.* See also *Rhode Island v. Innis,* 446 U.S. 291, 301, n. 5, 100 S.Ct. 1682, 1690, n. 5, 64 L.Ed.2d 297 (1980); *Arthur v. State,* 575 So.2d 1165 (Ala.Cr.App.1990), cert. denied, 575 So.2d 1191 (Ala.1991).

"Whether there was a waiver of the right to remain silent and the right to counsel and[, if so,] whether it was knowingly, voluntarily, and intelligently made must be decided from the particular facts and circumstances of each case, including the background, experience, and conduct of the accused-the totality of the circumstances."

*Lewis v. State,* 535 So.2d at 234. See also *Magwood v. State,* 494 So.2d 124 (Ala.Cr.App.1985), aff'd, 494 So.2d 154 (Ala.), cert. denied, 479 U.S. 995, 107 S.Ct. 599, 93 L.Ed.2d 599 (1986); *Thomas v. State,* 373 So.2d 1167 (Ala.1979), vacated on other grounds, 448 U.S. 903, 100 S.Ct. 3043, 65 L.Ed.2d 1133 (1980). "The question of whether a confession was voluntary is initially to be determined by the trial court. *Ex parte Singleton,* 465 So.2d 443 (Ala.1985). Thereafter, the voluntariness as affecting the credibility and weight to be given

any statement that an accused has made is a determination for the jury. *Id.*"

*Lewis v. State,* 535 So.2d at 235. As we have stated, the same rules apply whether the statement is a confession or admission or whether it is inculpatory or exculpatory. *Miranda,* 384 U.S. at 477, 86 S.Ct. at 1629. "The finding of the trial court will not be disturbed on appeal unless it appears to be contrary to the great weight of the evidence or is manifestly wrong. *Magwood v. State; Marschke v. State,* 450 So.2d 177 (Ala.Cr.App.1984)···· The trial court need only be convinced from a preponderance of the evidence to find a confession to have been voluntarily made. *Ex parte McCary,* 528 So.2d 1133 (Ala.1988); *Ex parte Singleton.*"

*Lewis v. State,* 535 So.2d at 235. "[A] confession obtained through custodial interrogation after an illegal arrest should be excluded unless intervening events break the causal connection between the illegal arrest and the confession so that the confession 'is sufficiently an act of free will to purge the primary taint.' *Brown v. Illinois,* [422 U.S. 590,] 602 [95 S.Ct. 2254, 2261, 45 L.Ed.2d 416 (1975) ] (quoting *Wong Sun v. United States,* 371 U.S. 471, 486 [83 S.Ct. 407, 416-17, 9 L.Ed.2d 441] (1963))."

*Taylor v. Alabama,* 457 U.S. 687, 690, 102 S.Ct. 2664, 2667, 73 L.Ed.2d 314 (1982). See also *Ex parte Meeks,* 434 So.2d 844 (Ala.1983); U.S. Const. amend. IV. " 'The fact that the confession may be "voluntary" for purposes of the Fifth Amendment, in the sense that *Miranda* warnings were given and understood, is not by itself sufficient to purge the taint of the illegal arrest.' " *Ex parte Meeks,* 434 So.2d at 848 (quoting *Taylor v. Alabama,* 457 U.S. at 689, 102 S.Ct. at 2666).

The appellant contends that the statement that he gave Marshall on October 7, 1987, in Chicago, was obtained through custodial interrogation after he had been illegally arrested and thus should have been suppressed. He does not question the factual basis for the issuance of the Saline County warrant for unlawful possession of a motor vehicle license plate, but argues that it

was obtained in order to give the police a pretext for arresting the appellant so that they could question him about the murder.

"It is well established that '[a]n arrest may not be used as a pretext to search for evidence.' *United States v. Lefkowitz,* 285 U.S. 452 [52 S.Ct. 420, 76 L.Ed. 877] ⋯ (1932)." *Scarbrough v. State,* 621 So.2d 996 (Ala.Cr.App.1992). However, we find no merit to the appellant's contention. Immediately upon the appellant's release from the unrelated auto theft charge, he was arrested by a Chicago police officer on the authority of the Saline County felony warrant. The Cook County authorities were aware of the Saline County warrant when the later arrest was made, and when the warrant arrived later that day it was served on the appellant. The appellant was not interrogated until after he had been arrested pursuant to the Saline County warrant. We conclude that the arrest was valid. "Where the arrest is one that can be made without a warrant, on probable cause, a peace officer's knowledge of the existence of an outstanding warrant constitutes probable cause on which he may make the arrest, although he does not have the warrant." 5 Am.Jur.2d *Arrest* § 72 (1962) (footnote omitted). There is no evidence to support the appellant's contention that the Saline County warrant was obtained through the connivance of the Alabama and Saline County authorities as a pretext to have the appellant arrested so that he could be questioned about the murder.

We further conclude that there was sufficient evidence to support the trial court's finding that the statement given to Marshall on October 7, 1987, was not obtained by coercion or promise of any kind and that it was knowingly, voluntarily, and intelligently given after waiver of proper *Miranda* warnings and was, thus, admissible into evidence.

However, we conclude that the appellant's other statements elicited by subsequent questioning were erroneously admitted. Prior to the questioning by Clore and Jett, the appellant had told Marshall on November 8, that he "had been talking to somebody and didn't want to get involved and ⋯ he wanted to talk to his lawyer." We think that this was a sufficient

invocation of his *Miranda* right to counsel. There is absolutely no evidence in the record that the appellant, after invoking the right to counsel, made a voluntary and intelligent waiver of that right by initiating the subsequent conversations with the authorities.

The *Miranda* right to counsel attaches only when a suspect invokes his right during custodial interrogation. *Miranda v. Arizona,* 384 U.S. 436, 444-45, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694 (1966). When a suspect asserts his *Miranda* right to counsel, law enforcement officials must cease all interrogation until counsel is provided, unless the suspect himself initiates further communication with the police. *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). "[W]hen counsel is requested, interrogation must cease, and officials may not reinitiate interrogation without counsel present, whether or not the accused has consulted with his attorney." *Minnick v. Mississippi,* 498 U.S. 146, 153, 111 S.Ct. 486, 491, 112 L.Ed.2d 489 (1990). We are of the opinion that the December 6 statement given to Clore and at least a portion of the November 11 statement to Jett were inadmissible products of police-initiated custodial interrogations that occurred after the appellant had invoked his right to counsel, in violation of the mandates of *Edwards v. Arizona* and *Minnick v. Mississippi.* Whether Clore and Jett knew of the appellant's prior invocation of his right to counsel is immaterial. The state's knowledge is imputed from one state actor to another. *Arizona v. Roberson,* 486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988); *Arthur v. State.*

After finding error, an appellate court may still affirm a conviction on the ground that the error was harmless. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Sattari v. State,* 577 So.2d 535 (Ala.Cr.App.1990), cert. denied, 577 So.2d 540 (Ala.1991); A.R.App.P. 45. The harmless error rule applies in capital cases. *Ex parte Whisenhant,* 482 So.2d 1241 (Ala.1983); *Henderson v. State,* 583 So.2d 276 (Ala.Cr.App.1990), aff'd, 583 So.2d 305 (Ala.1991), cert. denied, 503 U.S. 908, 112 S.Ct. 1268, 117 L.Ed.2d 496 (1992); *Musgrove v. State,* 519 So.2d 565

(Ala.Cr.App.), aff'd, 519 So.2d 586 (Ala.1986). We must now determine whether, under the facts and circumstances of this case, the admission of these statements was harmless. The appropriate standards for determining whether error was harmless is set forth in *Chapman v. California,* and A.R.App.P. 45. In order for a constitutional error to be deemed harmless under *Chapman,* the state must prove beyond a reasonable doubt that the error did not contribute to the verdict. In order for the error to be deemed harmless under Rule 45, the state must establish that the error did not injuriously affect the appellant's substantial rights.

In regard to the statement to Clore, it appears that the substance and meaning of the statement made to Marshall, which was properly admitted, and the substance and meaning of the statement made to Clore are the same. Therefore, we fail to see how any injury or prejudice to the substantial rights of the appellant occurred from the admission of the statement to Clore. We are also convinced beyond a reasonable doubt that the erroneous admission of the statement to Clore could not have contributed to the appellant's conviction. Because the statement to Clore was merely cumulative of the evidence contained in the statement to Marshall, we have no reasonable doubt that the jury would have reached the same verdict had it not heard Clore's testimony concerning the statement. We thus find that any error in its admission was harmless beyond a reasonable doubt. See *Arizona v. Fulminante,* 499 U.S. 279, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991), and cases cited therein, (harmless error rule may be applied to the admission of involuntary confession); *Milton v. Wainwright,* 407 U.S. 371, 92 S.Ct. 2174, 33 L.Ed.2d 1 (1972) (subsequent confession erroneously obtained in violation of defendant's right to counsel held harmless error in view of first confession, which was substantially the same and which was properly obtained); *Shepard v. State,* 417 So.2d 614 (Ala.Cr.App.1982) (subsequent statement erroneously obtained in violation of defendant's right to counsel, held harmless error in view of earlier, substantially identical, admissible statement); *Cork v. State,* 50 Ala.App. 670, 282 So.2d 107 (Ala.Cr.App.1973) (adopting rule of *Milton v. Wainwright* ).

26

Applying the harmless error analysis prescribed by *Chapman* and Rule 45 to the statement to Jett, in the light of the entire record, we believe beyond a reasonable doubt that the erroneous admission of this statement could not have contributed to the verdict and that it did not injuriously affect the appellant's substantial rights. The appellant's explanation, in response to Jett's question as to why he ran-that he had heard that the police were going to kill him-is cumulative of more serious admissions of flight in the appellant's statement to Marshall, which was properly admitted into evidence and which was properly before the jury. In the appellant's statement to Marshall, he stated that Somers and Braden had told him that the police from Alabama were looking for him because of a murder; that he had told Braden that, as soon as he could get enough money, he was going to get a lawyer and "go down there" and find out what it was all about; that he did not want to go to jail "down there"; and that, after learning that the police were looking for him, he hid his black Trans Am automobile in the woods, removed the tag, stole a truck, and drove to Chicago. In view of the damaging admissions of flight in the appellant's statement to Marshall, we cannot see how the appellant could have suffered any injury or prejudice from the admission of flight to Jett.

The second part of the statement to Jett-"if we thought he had done it, to prove it"-is also similar and cumulative of statements made by the appellant to Marshall. The appellant stated the following to Marshall: "When I go I'll have a jury trial over this and that will be that. That's all. You produce the evidence you got or whatever and it will go from there ⋯ I'm just saying whatever you got there you go with what you gotta do and let me find out if I'm guilty⋯· If I'm not, I'm not." We note also that the latter statement to Jett was volunteered and spontaneous and not in response to a question directed to the appellant. In addition, it was irrelevant to any issue and added nothing to the state's case. See *United States v. Bruno,* 809 F.2d 1097 (5th Cir.), cert. denied, 481 U.S. 1057, 107 S.Ct. 2198, 95 L.Ed.2d 853 (1987); *Kuenzel v. State,* 577 So.2d 474

(Ala.Cr.App.1990), aff'd., 577 So.2d 531 (Ala.1991), cert.
denied, 502 U.S. 886, 112 S.Ct. 242, 116 L.Ed.2d 197 (1991).

> To summarize, we hold that the appellant's statement to
> Marshall was admissible, because it was knowingly and
> voluntarily made with proper *Miranda* warnings and was not
> the product of an illegal arrest; that his subsequent statements to
> Clore and Jett were erroneously admitted because they were
> products of custodial interrogation that occurred after the
> appellant had invoked his right to counsel; and that even though
> the admission of the statements to Clore and Jett were
> erroneous, their admission was harmless.

*Coral v. State*, 628 So. 2d 954, 970-974 (Ala. Crim. App. 1992).

Coral has not attempted, and certainly has not shown, that the State

court's determination of this issue "resulted in a decision that was contrary

to, or involved an unreasonable application of, clearly established Federal

law, as determined by the Supreme Court of the United States" or that the

State court's determination of this issue "resulted in a decision that was

based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceedings."  28 U.S.C. §2254(d)(1)-(d)(2).

Federal habeas relief is therefore foreclosed.

### B.    The Claim That Coral's Conviction Should Be Reversed Because Of *Brady* Violations.

Coral contends in paragraphs 20-24 of the habeas petition that the

State's tardy disclose at trial of a witness' police statement was a violation

of *Brady v. Maryland*, 373 U.S. 83 (1963).  Also, for the first time in his

brief on the merits, Coral argues that the prosecution deliberately withheld information about deals made with key state witnesses and other information about witnesses and otherwise concealed material necessary to an adequate defense and mitigation case.

Coral's claim, raised for the first time in his brief on the merits, that the prosecution deliberately withheld information about deals made with key state witnesses and other information about witnesses and otherwise concealed material necessary to an adequate defense and mitigation case is procedurally defaulted because it was not raised at trial or on direct appeal. The state post-conviction court and the Alabama Court of Criminal Appeals held that this claim was procedurally defaulted because it was not raised at trial or on appeal. *Coral v. State*, 900 So. 2d 1274, 1287 (Ala. Crim. App. 2004); Circuit Court's Order, at 4. Alabama law precludes collateral review of claims that could have been but were not raised at trial or on direct appeal. Rule 32.2(a)(3) and (5), Ala.R.Crim.P.; *Baldwin v. Johnson*, 152 F. 3d 1304, 1310 (11th Cir. 1998). Coral has not shown cause and prejudice or a fundamental miscarriage of justice to overcome the procedural defaults ot this claim.

In addition, as set forth above, this allegation was not made in Coral's habeas petition and cannot be raised at this time. On March 9, 2006, this

Court entered an order in which it stated: "Counsel are ADVISED that any claim and any procedural default ground not included in the Joint Report which will be incorporated in the Pretrial Order to be issued by the court following the Case Management Conference, will be deemed abandoned and will not be considered by the court absent a compelling showing of cause for the failure to identify the claim or ground. (R1-19) This claim was not contained in the joint report and Coral has not set forth a compelling showing or cause for the failure to include this claim in the habeas petition or in the joint report. This Court should, therefore, refuse to consider this claim.

The Alabama Court of Criminal Appeals rejected the merits of this claim on direct appeal, stating as follows:

> The appellant contends, in section V of his original brief and in sections VI(2) and VII of his supplemental brief, that under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), he was denied due process because of the state's failure to timely comply with the trial court's discovery orders in reference to alleged exculpatory evidence. He specifically refers to the oral statement that he gave to Officer Clore on November 6, 1987, and to statements made to the Montgomery police by the child witness and his father during the course of the investigation of the case.
>
> The crime for which the appellant stands convicted occurred on September 18, 1987; he was indicted on March 7, 1988; and the trial court granted his motions for discovery, which requested *Brady* material, on August 18, 1988, and May 17, 1989. The May 17 discovery order required the state to make its entire file

and the Montgomery Police Department file available to the appellant.

The case was called for trial on August 7, 1989, and during a pretrial hearing on the appellant's motion to suppress the statement that he had given Marshall, Clore testified, inter alia, that he had taken an oral statement from the appellant on November 6, 1987. The appellant's counsel claimed that this was the first knowledge they had of the statement, that it was exculpatory, and that the state's failure to inform them of the statement constituted a violation of the discovery order and of the appellant's due process rights. The record discloses that an assistant district attorney who was at one time in charge of the prosecution, but who was no longer employed by the state, had knowledge of the existence of the Clore statement almost from its inception. However, the present prosecutors, who were new on the case, professed to have had no prior knowledge of the statement. We believe, after reviewing the record, that the failure of the present prosecutors to inform the appellant of the statement was unintentional and was caused by their negligence in discovering its existence.

During this same suppression hearing, the statements to the Montgomery police by the child witness and his father were brought to the attention of the trial court for the first time by the appellant. The appellant argued that the state was guilty of a *Brady* violation by its suppression of their allegedly exculpatory statements, which had been in the police files for approximately two years. The record shows that, although the trial court ordered the disclosure of these police files on May 17, 1989, thus making the information available to the appellant on that date, the appellant's counsel did not examine the police files until July 24, 1989, 10 days before the case was set for trial.

The record does not present a very clear rendition of the contents of the police files and of the circumstances surrounding the taking of the statements of the child witness and his father. The only information that we can glean about the contents of the files is that which is encompassed in counsel's arguments during the hearing and that which was presented by

the testimony of Officer Jett, who was in charge of the entire investigation. In fact, no police summary and/or transcript of any statement made by either the child or his father was offered into evidence.

The evidence is in dispute as to how many statements were made by the child and his father and whether those statements were recorded. Discussion about the police files indicates that the child made two recorded statements and that the child's father made a statement that was recorded and eventually transcribed; however, Jett testified that the child's statements were never recorded and that only the father's statement was recorded. It is clear, however, that the subject matter of the child's statements was his observations near the crime scene on the night of the murder-burglary and that the main subject matter of the father's statement was his son's version to him, the morning after the crime, of the prior evening's disturbance. Defense counsel represented to the court that a police summary in the police file showed the following:
"[The child,] age seven at the time, stated to his dad that he had seen the victim get out of a black car and approach and go into her apartment, that shortly thereafter that he had seen a white male follow her into that apartment, kick on the door, finally use his key and go in, and that within fifteen or twenty minutes thereafter a sound was heard that could or may not have been a shot, and that that same male was seen leaving."

It further appears that the child and his father made statements on the day following the crime, and defense counsel also represented that the police summary indicated that they were called to the police station a second time, whereupon a second statement was made and the child was shown a picture of the appellant whom he did not identify as the person he saw enter the apartment. The prosecutor represented to the trial court that the father, in his statement, did not state that his son referred to the man he saw as a "white man" but only as a "man," and did not give any information that would indicate that the person his son saw was not the appellant.

The police were apparently skeptical of the child's statement, due to his age and to some unspecified indication that he might

be "retarded." The police had the child interviewed by a psychologist in an effort to determine his reliability. The sparse record before us on this matter indicates that the psychologist was of the opinion that the child "didn't know really what he saw." The appellant's counsel obtained the report of the psychologist from the police file.

Upon conclusion of the hearing on August 7, the trial court continued the trial of the case for approximately one month. It explained its ruling as follows:
"The Court, based on the State's failure to comply with *Brady,* obvious noncompliance with the Court's order well over a year ago, and noncompliance until ten days ago with the Court's order of three months ago which said turn everything over including the police file, because of problems that we've had with the State complying with *Brady,* I have no other alternative but to continue this case."

The record discloses that the appellant's counsel subsequently interviewed the child and his father prior to trial and had witness subpoenas issued to them. At trial, the state did not call either of them as witnesses; however, the appellant moved the trial court to call the child as the court's witness, so that he could be asked leading questions. The child was called as a court witness, and his father was permitted, by agreement of the parties, to stand beside him during his testimony. The majority of the child's testimony is as follows:

\*\*\*

In *Brady v. Maryland,* 373 U.S. at 87, 83 S.Ct. at 1197, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." To establish a *Brady* violation, a defendant must show that (1) the prosecution suppressed evidence, (2) the evidence suppressed was favorable to the defendant or was exculpatory, and (3) the evidence suppressed was material to the issues at trial. *Ex parte Kennedy,* 472 So.2d 1106 (Ala.1985), cert. denied, 474 U.S. 975, 106 S.Ct. 340, 88

L.Ed.2d 325 (1985). "Materiality" requires a finding that, had the evidence been disclosed to the defense, a reasonable probability exists that the outcome of the proceedings would have been different. A "reasonable probability" is one sufficient to undermine confidence in the result. *Pennsylvania v. Ritchie,* 480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987); *United States v. Bagley,* 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); *United States v. Burroughs,* 830 F.2d 1574 (11th Cir.1987), cert. denied, *Rogers v. United States,* 485 U.S. 969, 108 S.Ct. 1243, 99 L.Ed.2d 442 (1988); *Ex parte Dickerson,* 517 So.2d 628 (Ala.1987); *Thompson v. State,* 581 So.2d 1216 (Ala.Cr.App.1991).

Tardy disclosure of *Brady* material is generally not reversible error unless the defendant can show that he was denied a fair trial. *United States v. Gordon,* 844 F.2d 1397 (9th Cir.1988); *United State v. Shelton,* 588 F.2d 1242 (9th Cir.1978), cert. denied, 442 U.S. 909, 99 S.Ct. 2822, 61 L.Ed.2d 275 (1979); *Ex parte Raines,* 429 So.2d 1111 (Ala.1982), cert. denied, 460 U.S. 1103, 103 S.Ct. 1804, 76 L.Ed.2d 368 (1983); *McClain v. State,* 473 So.2d 612 (Ala.Cr.App.1985). A delay in disclosing *Brady* material requires reversal only if "the lateness of the disclosure so prejudiced appellant's preparation or presentation of his defense that he was prevented from receiving his constitutionally guaranteed fair trial." *United States v. Shelton,* 588 F.2d at 1247 (quoting *United States v. Miller,* 529 F.2d 1125, 1128 (9th Cir.), cert. denied, 426 U.S. 924, 96 S.Ct. 2634, 49 L.Ed.2d 379 (1976)).

\*\*\*

In reference to the statements made by the child witness and his father to the police shortly after the crime was committed, the appellant's counsel clearly had access to the father's statement and a police summary of the child's statement more than three months before the trial, and they had actual knowledge of the information for a month and one-half before the trial. This was ample time for them to explore and make effective use of the information and to cure any prejudice caused by delayed disclosure. Not only did they have access to the information,

they interviewed the child and his father prior to trial, examined the psychologist's report on the child, subpoenaed them as witnesses, and had them called as witnesses at the trial. Under these facts, we cannot find that the appellant was prejudiced by the late disclosure of the evidence, either in his trial preparation or in his defense. We find no merit in the appellant's argument that, had the information been disclosed earlier, it would have enabled more effective preparation for trial. Such an argument could always be made, whether the evidence was exculpatory or inculpatory. In determining the defendant's right to due process and a fair trial, "the proper focus is upon the materiality in the nondisclosure or delayed disclosure of exculpatory information." *Ex parte Raines,* 429 So.2d at 1113. We conclude that there is no reasonable possibility that the outcome of the trial would have been different had these witnesses' information been disclosed earlier; under these circumstances, we cannot say that the state's tardy disclosure undermines our confidence in the jury's verdict.

The appellant's decision to place the child and his father on the witness stand was a calculated risk. The fact that it backfired cannot reasonably be attributed to the tardiness in receiving the initial information. As it turned out, the testimony of the child and his father was inculpatory. A defendant has no *Brady* claim where he fails to show that withheld evidence was favorable to the defense. *Thompson v. State,* 581 So.2d 1216 (Ala.Cr.App.1991), cert. denied, 502 U.S. 1030, 112 S.Ct. 868, 116 L.Ed.2d 774 (1992).

For the above reasons, we find no due process violation under *Brady.*

*Coral v. State*, 628 So. 2d 954, 975-980 (Ala. Crim. App. 1992).

The merits of this claim was reviewed and rejected by the Alabama Court of Criminal Appeals on direct appeal. When a habeas petitioner's claim has been adjudicated on the merits in state court proceedings, 28

U.S.C. §2254(d) forecloses relief unless either subsections 2254 (d)(1) or

(d)(2) are found to be applicable. *Early v. Packard*, 537 U.S. 3, 7 (2002).

The burden of showing that an issue falls within subsections (d)(1) or (d)(2)

is upon the petitioner. *Woodford v. Visciotte*, 537 U.S. 19 (2002). Coral,

however, has merely resubmitted this claim to this Court for *de novo*

review, without attempting to show that the Alabama Court of Criminal

Appeals treatment of this claim violates any precedent from the United

States Supreme Court. Coral has not attempted, and certainly has not

established, that the State court's determination of this issue "resulted in a

decision that was contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the

United States" or that the State court's determination of this issue "resulted

in a decision that was based on an unreasonable determination of the facts in

light of the evidence presented in the State court proceedings." 28 U.S.C.

§2254(d)(1)-(d)(2). Federal habeas relief is therefore foreclosed.

**C.    The Claim That Coral's Conviction Should Be Reversed For Failure To Afford Him A Speedy Trial In Violation Of His Rights Under The Eighth And Fourteenth Amendments.**

Coral argues that his speedy trial rights were violated because he was

incarcerated for twenty-two months without bond prior to his trial. Coral

argues that he suffered prejudice from the denial of his speedy trial rights.

The Alabama Court of Criminal Appeals denied relief on this claim.

In denying relief, the Alabama Court of Criminal Appeals stated the

following:

> The appellant contends that his right to a speedy trial as guaranteed by the Sixth and Fourteenth Amendments was violated because of the lapse of 22 months from his arrest to his trial.
>
> The Sixth Amendment, made applicable to the states by the Fourteenth Amendment, protects a defendant's right to a speedy trial after his arrest or indictment. *United States v. MacDonald,* 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982). The constitutional right to a speedy trial is designed to minimize pretrial incarceration, to reduce the impairment of liberty imposed on a defendant while on bail, and to shorten the disruption of life caused by arrest and unresolved criminal charges. *Id.* When a court determines that a defendant's Sixth Amendment right to a speedy trial has been violated, it must dismiss the indictment with prejudice. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
>
> The Supreme Court of the United States, in *Barker v. Wingo,* adopted a balancing test, in which the conduct of both the prosecution and the defendant is weighed in determining whether a defendant has been deprived of his right to a speedy trial. The balancing test requires each claim to be considered on a case-by-case basis. The Court identified four factors to be assessed in determining whether a particular defendant has been deprived of his right to a speedy trial. These four factors are: length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. 407 U.S. at 530, 92 S.Ct. at 2192. The Court stated that because the factors are related, they must be considered together with such other circumstances as may be relevant. *Id.* at 533, 92 S.Ct. at 2193. The Court further stated that "[t]he length of the delay is to some extent a triggering mechanism," and "[u]ntil there is some delay which is presumptively prejudicial, there is no

necessity for inquiry into the other factors." *Id.* at 530, 92 S.Ct. at 2192. The length of a delay that would be considered presumptively prejudicial in any given case would depend upon the peculiar circumstances of that case. *Id.* at 530, 92 S.Ct. at 2192.

In determining whether the length of the delay in the instant case is presumptively prejudicial, we have reviewed all of those circumstances from the initial arrest to the date of trial, as set out in the record, concerning the delays experienced in bringing the case to trial. The record shows that 22 months elapsed from the date of the appellant's arrest to the date of his trial. We note that this case was a complicated capital case, involving numerous motions and pretrial hearings, one of which required the attendance of numerous witnesses from the states of Alabama and Illinois. Much of the delay was caused by the actions of the trial court in endeavoring to accommodate the appellant and his counsel in every way possible to see that the appellant received a fair trial. One continuance was ordered by the court because of the state's failure to comply fully with the court's discovery order; we do not consider this or anything else to indicate a deliberate attempt by the state to delay the trial in order to hamper the defense. Another continuance was required when the appellant was reindicted because the original indictment cited an incorrect statute, and the appellant would not consent to an amendment. Of the 22 months, 7 months must be attributed to actions of the appellant, for "[t]he State is not responsible for delays that result directly from the defendant's actions," *Broadnax v. State,* 455 So.2d 205, 207 (Ala.Cr.App.1984). The appellant was granted continuances to accommodate his counsel's schedule, to obtain witnesses, and to obtain a psychiatric examination. The psychiatric examination alone caused a three-month delay. We find that the 22-month delay did not prejudice the rights of the appellant. We also note that the appellant did not raise the issue of his right to a speedy trial until 16 months after his arrest.

Based upon the foregoing, we conclude that the time which elapsed from the appellant's arrest to the date of his trial, taking into consideration the elapsed time attributed to the actions of

the appellant, was not presumptively prejudicial. Even though
we have concluded that the length of the delay was not
presumptively prejudicial, we have, nevertheless, reviewed the
record in the light of the remaining factors suggested in *Barker
v. Wingo,* and find no violation of the appellant's right to a
speedy trial.

*Coral v. State*, 628 So. 2d 954, 966-967 (Ala. Crim. App. 1992).

The merits of this claim was reviewed and rejected by the Alabama

Court of Criminal Appeals on direct appeal.  When a habeas petitioner's

claim has been adjudicated on the merits in state court proceedings, 28

U.S.C. §2254(d) forecloses relief unless either subsections 2254 (d)(1) or

(d)(2) are found to be applicable.  *Early v. Packard*, 537 U.S. 3, 7 (2002).

The burden of showing that an issue falls within subsections (d)(1) or (d)(2)

is upon the petitioner.  *Woodford v. Visciotte*, 537 U.S. 19 (2002).  Coral,

however, has merely resubmitted this claim to this Court for *de novo*

review, without attempting to show that the Alabama Court of Criminal

Appeals treatment of this claim violates any precedent from the United

States Supreme Court.  Coral has not attempted, and certainly has not

established, that the State court's determination of this issue "resulted in a

decision that was contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the

United States" or that the State court's determination of this issue "resulted

in a decision that was based on an unreasonable determination of the facts in

light of the evidence presented in the State court proceedings." 28 U.S.C.

§2254(d)(1)-(d)(2). Federal habeas relief is therefore foreclosed.

In addition, this claim fails to comply with Rule 2(c) of the Rules

Governing Habeas Corpus Cases. Last year, the Supreme Court wrote the

following in *Mayle v. Felix*, 125 S. Ct. 2562, 2566 (2005):

> In ordinary civil proceedings, the governing Rule, Rule 8 of the
> Federal Rules of Civil Procedure, requires only "a short and
> plain statement of the claim showing that the pleader is entitled
> to relief. Fed.R.Civ.P. 8(a)(2). Rule 2(c) of the Rules
> Governing Habeas Corpus Cases requires a more detailed
> statement. The habeas rule instruct the petitioner to "specify all
> the grounds for relief available to [him]" and to "state the facts
> supporting each ground."

Thus, Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a

petitioner to allege the factual basis of his claim in order for a petition to be

considered by a district court. Coral, however, has failed to allege any facts

to support his speedy trial claim. He has, therefore, failed to comply with

Rule 2(c) and this claim should be denied.

### D.    The Claim That Coral's Pretrial Detention Violated the Eighth And Fourteenth Amendments.

Coral submits that his pretrial detention for twenty-two months

without bond was punitive and violates due process. Coral relies on the

Supreme Court's opinion in *United States v. Salerno*, 481 U.S. 739 (1987),

to support this claim.

The Alabama Court of Criminal Appeals rejected this claim on direct appeal, stating as follows:

> In section III of the appellant's supplemental brief, the appellant contends that his pretrial incarceration of 22 months with no provision made for bail was a denial of due process requiring reversal of his case. There is no merit in this contention. A defendant charged with a capital offense may be held without bail "when the proof is evident or the presumption great," Ala. Const. Art. I, § 16; *Ex parte Bynum,* 294 Ala. 78, 312 So.2d 52 (1975); *Coral v. State,* 551 So.2d 1181 (Ala.Cr.App.1989); *Spinkle v. State,* 368 So.2d 554 (Ala.Cr.App.1978), writ quashed, 368 So.2d 565 (1979); Ala.Code § 15-13-3 (1975).

*Coral v. State*, 628 So. 2d 954, 983 (Ala. Crim. App. 1992).

The merits of this claim was reviewed and rejected by the Alabama Court of Criminal Appeals on direct appeal.  When a habeas petitioner's claim has been adjudicated on the merits in state court proceedings, 28 U.S.C. §2254(d) forecloses relief unless either subsections 2254 (d)(1) or (d)(2) are found to be applicable.  *Early v. Packard*, 537 U.S. 3, 7 (2002). The burden of showing that an issue falls within subsections (d)(1) or (d)(2) is upon the petitioner.  *Woodford v. Visciotte*, 537 U.S. 19 (2002).  Coral, however, has merely resubmitted this claim to this Court for *de novo* review, without attempting to show that the Alabama Court of Criminal Appeals treatment of this claim violates any precedent from the United States Supreme Court.  Coral has not attempted, and certainly has not established, that the State court's determination of this issue "resulted in a

41

decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or that the State court's determination of this issue "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. §2254(d)(1)-(d)(2). Federal habeas relief is therefore foreclosed.

Coral relies on the United States Supreme Court's opinion in *United States v. Salerno*, 481 U.S. 739 (1987), to argue that his detention without bond for twenty-two months was punitive and in violation of his due process rights. Coral alleges that the Supreme Court indicated in *Salerno* that the federal speedy trial period of seventy days represents a constitutionally significant time limitation on preventive detention and that any time beyond this seventy day period is excessive.

Coral's argument, based on *Salerno*, that detention beyond seventy days is excessive and violates due process is without merit. The issue before the Supreme Court in *Salerno* was whether the provisions of the Bail Reform Act of 1984 that allowed pretrial detention of persons on the ground that they were thought to present a danger to the community violated substantive due process or contravened the Eighth Amendment's proscription against excessive bail. 481 U.S. 744-746. The Court in

*Salerno* never held that any pretrial detention beyond seventy days was excessive and in violation of due process. In fact, the Supreme Court stated the following in footnote 4 of its opinion:

> We intimate no view as to the point at which detention in a particular case might become excessively prolonged, and therefore punitive, in relation to Congress' regulatory goal.

481 U.S. at 747. Coral's contention that his pretrial detention of twenty-two months without bail violated his due process rights is without merit and should be denied by this Court.

### E. The Claim That the Alleged Racially Discriminatory Use Of Peremptory Challenges Violated Coral's Rights Under the Sixth, Eighth, And Fourteenth Amendments To The United States Constitution.

Coral contends in paragraphs 30-34 of the habeas petition that the State's use of peremptory challenges against five veniremembers – four blacks and one Hispanic – during jury selection violated his rights under the Sixth, Eighth, and Fourteenth Amendments and violates the Supreme Court's holding in *Batson v. Kentucky*, 476 U.S. 79 (1986).

This claim was reviewed and rejected by the Alabama Court of Criminal Appeals. The Court of Criminal Appeals stated the following in rejecting Coral's *Batson* claim:

> The appellant contends that he was denied his constitutional rights by the state's exercise of its peremptory jury strikes in an allegedly racially discriminatory manner, in violation of *Batson*

*v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

The record does not disclose the racial composition of the jury venire or the petit jury that ultimately heard the case. During the selection of the jury, the appellant objected on racial grounds to the state's exercise of 5 of its 16 peremptory strikes. The venirepersons in question were numbered 11, 46, 76, and 77, who were apparently black, and number 20 who was alleged to be Hispanic. Although not consequential to this issue, we note that the record reflects that the appellant is apparently of black and Hispanic ancestry. The trial court required the prosecutor to give his reasons for striking the five venirepersons and did so without first expressly ruling that a prima facie case of discrimination had been established, as recommended by *Batson.* However, under these circumstances, we will review the findings of the trial court as if a prima facie showing had been made. See *Williams v. State,* 548 So.2d 501 (Ala.Cr.App.1988), cert. denied, 489 U.S. 1028, 109 S.Ct. 1159, 103 L.Ed.2d 218 (1989).

The prosecutor stated that he struck number 11 because her husband is a minister and the case involved the death penalty. He further stated that he struck her because he believed that, as a minister's wife, she would be inclined to forgive a wrong rather than to punish someone for it, as the state was seeking to do. The prosecutor stated that he struck a white venireperson for the same reason. The prosecutor stated that he struck number 46 because, when specifically questioned on voir dire, she expressed strong feelings against the death penalty. The prosecutor stated that he struck number 76 because he had a conviction for assault and battery, and number 77 because he had been arrested for possession of a pistol without a license, and this case involved a defendant who had possession of a pistol without a license. In reference to the venireperson number 20, Ivan Gonzalez, who is allegedly Hispanic, the prosecutor stated that he struck him thinking that he was Caucasian. He stated that the venireperson was not struck on the basis of race, but was struck near the end of the selection process in order to form a jury. The appellant introduced into

evidence a copy of a juror qualification questionnaire, which had been completed by venireperson number 20 and returned to the county jury commission prior to his being summoned to serve. On the questionnaire, the venireperson listed his race as "Hispanic." The state introduced a juror data sheet that pertained to him and that had been prepared by the office of the district attorney to aid the prosecutor in striking the jury. This data sheet shows the juror's race as "white." There was no evidence that the prosecutor was privy to the jury commissioner's juror qualification questionnaire.

After hearing the prosecutor's reasons for striking the potential jurors in question, the trial court, obviously finding the reasons to be race neutral, overruled the appellant's objections. In our review, we accord the trial court's ruling great deference, and we may reverse the trial judge's ruling only if that ruling is clearly erroneous. *Ex parte Lynn,* 543 So.2d 709 (Ala.1988), cert. denied, 493 U.S. 945, 110 S.Ct. 351, 107 L.Ed.2d 338 (1989); *Ex parte Branch,* 526 So.2d 609 (Ala.1987). We have reviewed the reasons given for striking the five potential jurors in question, and we conclude that they were sufficiently specific and legitimate reasons that related to the case and were nondiscriminatory. We find no clear error in the trial court's ruling, and thus it should stand.

*Coral v. State*, 628 So. 2d 954, 966-967 (Ala. Crim. App. 1992).

The merits of this claim was reviewed and rejected by the Alabama Court of Criminal Appeals on direct appeal.  When a habeas petitioner's claim has been adjudicated on the merits in state court proceedings, 28 U.S.C. §2254(d) forecloses relief unless either subsections 2254 (d)(1) or (d)(2) are found to be applicable.  *Early v. Packard*, 537 U.S. 3, 7 (2002). The burden of showing that an issue falls within subsections (d)(1) or (d)(2) is upon the petitioner.  *Woodford v. Visciotte*, 537 U.S. 19 (2002).  Coral,

however, has merely resubmitted this claim to this Court for *de novo* review, without attempting to show that the Alabama Court of Criminal Appeals treatment of this claim violates any precedent from the United States Supreme Court.  Coral has not attempted, and certainly has not established, that the State court's determination of this issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or that the State court's determination of this issue "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."  28 U.S.C. §2254(d)(1)-(d)(2).  Federal habeas relief is therefore foreclosed.

## F. The Claim That The Guilt And Penalty Phase Jury Instructions On Reasonable Doubt Violated The Eighth And Fourteenth Amendments.

Coral asserts in paragraphs 35-38 of the habeas petition that the guilt and penalty phase jury instructions on reasonable doubt violate the Supreme Court's holding in *Cage v. Louisiana*, 498 U.S. 39 (1990).

The Alabama Court of Criminal Appeals considered and rejected this claim, holding as follows:

> In section IX of the appellant's supplemental brief, the appellant contends that the trial court's jury instructions, in the guilt and penalty phases, defining reasonable doubt were constitutionally deficient. He relies on *Cage v. Louisiana,* 498 U.S. 39, 111

S.Ct. 328, 112 L.Ed.2d 339 (1990), to support his contention. In the instant case, unlike in *Cage,* no objection was made below to the instructions now complained of; therefore, this issue is reviewable only under the plain error doctrine, Rule 45A, A.R.App.P.

In *Cage* the Court found that a jury instruction that defined "reasonable doubt" by using a combination of the phrases "grave uncertainty," "actual substantial doubt," and "moral certainty" could have led a reasonable juror to interpret the instructions to allow a finding of guilt based on a degree of proof below that required by the Due Process Clause. In reviewing the instant reasonable doubt instruction in the context in which it was given in the charge as a whole, we do not find that it contains the same flaw condemned by the Court in *Cage.* The trial court in the instant case used the phrases "moral certainty" and "actual and substantial doubt" in defining reasonable doubt, but did not use the phrase "grave uncertainty," which was used in *Cage.* The cases are clearly distinguishable. Obviously, it was not the use of any one of the terms used in *Cage,* but rather the combination of all three that rendered the charge in *Cage* unconstitutional. See *Gaskins v. McKellar,* 500 U.S. 961, ----, 111 S.Ct. 2277, 2297, 114 L.Ed.2d 728 (1991) (wherein, in a memorandum opinion, Justice Stevens stated that he thought that the Court correctly decided not to grant certiorari on the question of whether *Cage* announced a new rule, because the jury instructions to be reviewed did not contain the specific language condemned in *Cage* that a reasonable doubt "must be a doubt as would give rise to a grave uncertainty"). For a discussion of *Cage* and its application to instructions similar to the instant instruction, see *Ex parte Beavers,* 598 So.2d 1320 (Ala.1992); *Smith v. State,* 588 So.2d 561 (Ala.Cr.App.1991), and cases cited therein.

We conclude that the definition of reasonable doubt given the jury in the instant case correctly conveyed the concept of reasonable doubt, was not misleading or confusing, and was not constitutionally deficient. There is no error here, much less plain error.

47

*Coral v. State*, 628 So. 2d 954, 983-984 (Ala. Crim. App. 1992).

The merits of this claim was reviewed and rejected by the Alabama Court of Criminal Appeals on direct appeal. When a habeas petitioner's claim has been adjudicated on the merits in state court proceedings, 28 U.S.C. §2254(d) forecloses relief unless either subsections 2254 (d)(1) or (d)(2) are found to be applicable. *Early v. Packard*, 537 U.S. 3, 7 (2002). The burden of showing that an issue falls within subsections (d)(1) or (d)(2) is upon the petitioner. *Woodford v. Visciotte*, 537 U.S. 19 (2002). Coral, however, has merely resubmitted this claim to this Court for *de novo* review, without attempting to show that the Alabama Court of Criminal Appeals treatment of this claim violates any precedent from the United States Supreme Court. In fact, Coral has basically copied his argument from his brief filed in the Alabama Court of Criminal Appeals. Coral has not attempted, and certainly has not established, that the State court's determination of this issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or that the State court's determination of this issue "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented

in the State court proceedings." 28 U.S.C. §2254(d)(1)-(d)(2). Federal

habeas relief is therefore foreclosed.

### G.    The Claim That The Presence Of A Relative Of The Victim At The Prosecution's Table Denied Coral A Fair Trial.

Coral contends that during his trial, a member of the victim's family

sat with the prosecution team. Coral asserts that the constant presence of a

family member of the victim at the prosecution's table violated his Sixth

and Eighth Amendment rights.

This allegation fails to state a claim for relief because it presents only

a question of state law. Federal habeas corpus relief is available only to

persons held in custody "in violation of the Constitution or law or treaties of

the United States." 28 U.S.C. §2254(a). Federal habeas corpus does not lie

to review errors, if any, under state law. *E.g., Pulley v. Harris*, 456 U.S. 37,

41 (1984); *Carrizales v. Wainwright*, 699 F. 2d 1053, 1055 (11th Cir. 1983).

The Eleventh Circuit, in *Breedlove v. Moore*, 279 F. 3d 952, 963-964 (11th

Cir. 2002), held that State courts are "the final arbiter of [State] evidentiary

law; [thus,] federal courts must respect that law absent a constitutional

violation. A federal habeas court may not issue the writ on the basis of a

state's interpretation of its own laws and rules, absent extreme

circumstances." As Coral concedes, there is no federal case law prohibiting

a victim's representative from sitting at counsel table.  Coral, therefore, has

failed to state a claim upon which relief may be granted.

In addition, this claim fails to comply with Rule 2(c) of the Rules

Governing Habeas Corpus Cases.  Last year, the Supreme Court wrote the

following in *Mayle v. Felix*, 125 S. Ct. 2562, 2566 (2005):

> In ordinary civil proceedings, the governing Rule, Rule 8 of the
> Federal Rules of Civil Procedure, requires only "a short and
> plain statement of the claim showing that the pleader is entitled
> to relief.  Fed.R.Civ.P. 8(a)(2).  Rule 2(c) of the Rules
> Governing Habeas Corpus Cases requires a more detailed
> statement.  The habeas rule instructs the petitioner to "specify
> all the grounds for relief available to [him]" and to "state the
> facts supporting each ground."

Thus, Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a

petitioner to allege the factual basis of his claim in order for a petition to be

considered by a district court.  Coral, however, has failed to allege any facts

to support his claim that the presence of a victim's relative prejudiced his

trial.  He has, therefore, failed to comply with Rule 2(c) and this claim

should be denied.

Finally, the Alabama Court of Criminal Appeals rejected the merits of

this claim on direct appeal, holding as follows:

> In section X of the appellant's supplemental brief, the appellant
> contends that his constitutional rights were violated by the
> presence of a relative of the victim at the prosecution table
> throughout the trial. He relies on *Booth v. Maryland,* 482 U.S.
> 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987), and *South*

> *Carolina v. Gathers,* 490 U.S. 805, 109 S.Ct. 2207, 104
> L.Ed.2d 876 (1989). He raised no objection to this during the
> trial and, therefore, we must review this claim under the plain
> error rule. Under the Alabama Crime Victims' Court
> Attendance Act, §§ 15-14-50 through -57, Code of Alabama
> 1975, the victim of a criminal offense or representative of the
> victim's family has a right to be present in the courtroom and to
> be seated alongside the prosecutor during the trial of the
> individual charged with that offense. This act is applicable to
> both capital and noncapital cases. *Henderson v. State,* 583
> So.2d 276 (Ala.Cr.App.1990), aff'd, 583 So.2d 305 (Ala.1991),
> cert. denied, 503 U.S. 908, 112 S.Ct. 1268, 117 L.Ed.2d 496
> (1992), and cases cited therein. *Booth v. Maryland* and *South
> Carolina v. Gathers* are not applicable here. We find no merit
> in this contention. (footnote omitted)

*Coral v. State*, 628 So. 2d 954, 984 (Ala. Crim. App. 1992).

The merits of this claim was reviewed and rejected by the Alabama

Court of Criminal Appeals on direct appeal. When a habeas petitioner's

claim has been adjudicated on the merits in state court proceedings, 28

U.S.C. §2254(d) forecloses relief unless either subsections 2254 (d)(1) or

(d)(2) are found to be applicable. *Early v. Packard*, 537 U.S. 3, 7 (2002).

The burden of showing that an issue falls within subsections (d)(1) or (d)(2)

is upon the petitioner. *Woodford v. Visciotte*, 537 U.S. 19 (2002). Coral,

however, has merely resubmitted this claim to this Court for *de novo*

review, without attempting to show that the Alabama Court of Criminal

Appeals treatment of this claim violates any precedent from the United

States Supreme Court. Coral has not attempted, and certainly has not

established, that the State court's determination of this issue "resulted in a

decision that was contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the

United States" or that the State court's determination of this issue "resulted

in a decision that was based on an unreasonable determination of the facts in

light of the evidence presented in the State court proceedings."  28 U.S.C.

§2254(d)(1)-(d)(2).  Federal habeas relief is therefore foreclosed.

### H.    The Claim That The Trial Court's Penalty Phase Jury Instructions Violated *Mills v. Maryland*.

Coral asserts in paragraphs 40-41 of the habeas petition that the trial

court's penalty phase jury instructions violated the Supreme Court's holding

in *Mills v. Maryland*, 486 U.S. 367 (1988).

This claim fails to comply with Rule 2(c) of the Rules Governing

Habeas Corpus Cases.  Last year, the Supreme Court wrote the following in

*Mayle v. Felix*, 125 S. Ct. 2562, 2566 (2005):

> In ordinary civil proceedings, the governing Rule, Rule 8 of the
> Federal Rules of Civil Procedure, requires only "a short and
> plain statement of the claim showing that the pleader is entitled
> to relief.  Fed.R.Civ.P. 8(a)(2).  Rule 2(c) of the Rules
> Governing Habeas Corpus Cases requires a more detailed
> statement.  The habeas rule instructs the petitioner to "specify
> all the grounds for relief available to [him]" and to "state the
> facts supporting each ground."

Thus, Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a petitioner to allege the factual basis of his claim in order for a petition to be considered by a district court.  Coral, however, has failed to allege any facts to support his *Mills v. Maryland* claim.  He has, therefore, failed to comply with Rule 2(c) and this claim should be denied.

The Alabama Court of Criminal Appeals rejected the merits of this claim on direct appeal.  The Alabama Court of Criminal Appeals stated the following concerning this claim:

> In section XI of the appellant's supplemental brief, the appellant claims that there was a substantial probability that the trial court's jury instructions could have been interpreted by a reasonable juror to require unanimous agreement of the jury on the existence of particular mitigating circumstances. He relies on *Mills v. Maryland,* 486 U.S. 367, 108 S.Ct. 1860, 100 L.Ed.2d 384 (1988), which holds that under the then-existing particular Maryland capital sentence scheme as applied to that defendant, there was a substantial probability that the jurors erroneously thought that they were precluded from considering any mitigating evidence unless they unanimously agreed on the existence of particular mitigating circumstances. The Court, in remanding the case for resentencing, stated that the sentencer must be permitted to consider all mitigating evidence and that a scheme that would allow one juror to block such consideration was unacceptable.
>
> *Mills v. Maryland* is distinguishable from the instant case. Unlike the Alabama sentencing scheme, Maryland's practice required the jury to complete a verdict form that could have been construed to require unanimous agreement before a mitigating circumstance could have been found to exist. The Alabama Supreme Court addressed this identical issue in *Ex parte Martin,* 548 So.2d 496, 499 (Ala.), cert. denied, 493 U.S.

970, 110 S.Ct. 419, 107 L.Ed.2d 383 (1989), holding that under the instructions given in *Martin,* "the jurors could not have reasonably believed that they were required to agree unanimously on the existence of any particular mitigating factor." The instructions given in *Martin* are substantially the same as those given in the instant case. The jury instructions in both cases were in accordance with the *Alabama Pattern Jury Instructions: Criminal* and with § 13A-5-45(g), Code of Alabama 1975. The juries in both cases were instructed that the defendant had the burden of injecting an issue of mitigating circumstance, but that once it was injected, the state had the burden of disproving the existence of any mitigating circumstance by a preponderance of the evidence; there were no instructions suggesting that mitigating circumstances had to be by unanimous finding. See also *Kuenzel v. State,* 577 So.2d 474 (Ala.Cr.App.1990), aff'd, 577 So.2d 531 (Ala.), cert. denied, 502 U.S. 886, 112 S.Ct. 242, 116 L.Ed.2d 197 (1991). The jurors in the instant case could not have reasonably believed that they were required to agree unanimously on the existence of any particular mitigating factor. The appellant did not object to the trial court's instructions on mitigating circumstances, and, thus, we review this issue under the plain error rule. We find no error here, much less plain error. Moreover, we note that, even had the charge been ambiguous, the appellant would not have been harmed, because the jury recommended a sentence of life imprisonment without parole.

*Coral v. State,* 628 So. 2d 954, 984 (Ala. Crim. App. 1992).

The merits of this claim was reviewed and rejected by the Alabama Court of Criminal Appeals on direct appeal.  When a habeas petitioner's claim has been adjudicated on the merits in state court proceedings, 28 U.S.C. §2254(d) forecloses relief unless either subsections 2254 (d)(1) or (d)(2) are found to be applicable.  *Early v. Packard*, 537 U.S. 3, 7 (2002). The burden of showing that an issue falls within subsections (d)(1) or (d)(2)

is upon the petitioner. *Woodford v. Visciotte*, 537 U.S. 19 (2002). Coral, however, has merely resubmitted this claim to this Court for *de novo* review, without attempting to show that the Alabama Court of Criminal Appeals treatment of this claim violates any precedent from the United States Supreme Court. Coral has not attempted, and certainly has not established, that the State court's determination of this issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or that the State court's determination of this issue "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. §2254(d)(1)-(d)(2). Federal habeas relief is therefore foreclosed.

### I(1)   The Claim That The Prosecution Improperly Argued That The State's Version Of Events Was The Truth.

Coral asserts in paragraphs 43-44 of the habeas petition that the prosecution improperly argued that its version of events was "the truth." Coral argues that this argument violated the prohibition against injecting personal opinion into the proceedings and against vouching for one's witnesses.

The Alabama Court of Criminal Appeals rejected the merits of this argument on direct appeal, holding as follows:

> First, the appellant contends that the prosecutor improperly argued during the guilt phase that the state's version of the facts was true. Our examination leads us to conclude that this argument was not improper, but was a fair comment on the evidence. It could not be fairly characterized as the prosecutor's personal opinion of the evidence and of the credibility of the state's witnesses, as the appellant contends. It was a fair comment on the believability of the witnesses and a plea to the jury to seek the truth.

*Coral v. State*, 628 So. 2d 954, 985-986 (Ala. Crim. App. 1992).

The merits of this claim was reviewed and rejected by the Alabama Court of Criminal Appeals on direct appeal.  When a habeas petitioner's claim has been adjudicated on the merits in state court proceedings, 28 U.S.C. §2254(d) forecloses relief unless either subsections 2254 (d)(1) or (d)(2) are found to be applicable.  *Early v. Packard*, 537 U.S. 3, 7 (2002). The burden of showing that an issue falls within subsections (d)(1) or (d)(2) is upon the petitioner.  *Woodford v. Visciotte*, 537 U.S. 19 (2002).  Coral, however, has merely resubmitted this claim to this Court for *de novo* review, without attempting to show that the Alabama Court of Criminal Appeals treatment of this claim violates any precedent from the United States Supreme Court.  Coral has not attempted, and certainly has not established, that the State court's determination of this issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the

United States" or that the State court's determination of this issue "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. §2254(d)(1)-(d)(2). Federal habeas relief is therefore foreclosed.

### I(2) The Claim That The Prosecution Improperly Argued That An Eyewitness Told The Truth When It Knew That The Witness' Testimony Was, In Part, False.

Coral asserts in paragraph 44 of the habeas petition that the prosecutor improperly argued that the testimony of a critical witness was the truth when the prosecutor knew that the witness' testimony was, in part, false.

As set forth in the State's Answer and Brief on Procedurally Defaulted Claims, this claim is procedurally defaulted because it was not raised at trial or on direct appeal. When Coral attempted to raise this claim in his Rule 32 petition, the Rule 32 court and the Alabama Court of Criminal Appeals found that the claim was procedurally barred from review. *Coral v. State*, 900 So. 2d 1274, 1287 (Ala. Crim. App. 2004); Circuit Court's Order, p. 3. As set forth above, Coral has not shown cause and prejudice or a fundamental miscarriage of justice to overcome these defaults. This Court should, therefore, find that this claim is procedurally defaulted.

In addition, this claim fails to comply with Rule 2(c) of the Rules Governing Habeas Corpus Cases. Last year, the Supreme Court wrote the following in *Mayle v. Felix*, 125 S. Ct. 2562, 2566 (2005):

> In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of Civil Procedure, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2). Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement. The habeas rule instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground."

Thus, Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a petitioner to allege the factual basis of his claim in order for a petition to be considered by a district court. Coral, however, has failed to allege any facts to support this prosecutorial misconduct claim. He has, therefore, failed to comply with Rule 2(c) and this claim should be denied.

Coral has also failed to establish that the state court decision was contrary to or an unreasonable application of the clearly established precedent of the Supreme Court, or was an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Coral does not cite any Supreme Court precedent that would require relief on this ground. This Court should, therefore, deny relief on this claim.

**I(3)   The Claim That The Prosecutor Improperly Commented During The Penalty Phase On Coral's Exercising His Right Not To Testify.**

In paragraph 45 of the habeas petition, Coral asserts that the prosecutor improperly commented on his failure to testify during the penalty phase of the trial.

The Alabama Court of Criminal Appeals denied relief on this claim on direct appeal.  In denying relief, the Alabama Court of Criminal Appeals stated the following:

> The appellant's contention that the prosecutor argued in the sentencing phase that the appellant's failure to testify in his own behalf should be weighed in favor of the death penalty is not factually supported by the record. The appellant contends that the following portion of the prosecutor's argument in the sentencing phase also constituted an improper comment on the appellant's right to remain silent:
> "You know on September 18th and since then he has made many people cry. I have not heard, as was suggested by Mr. Travis [defense counsel] in his opening statement, the reason for this crime. You're gonna get to know this man and maybe understand why it was committed. I don't understand it."
> We do not view this argument as a comment on the appellant's failure to testify or a comment that his failure to testify should be weighed against him in determining sentence. Considered along with the entire argument and in proper context, it was directed at the failure of the defense to produce any evidence in mitigation of the crime, not at the failure of the appellant to testify. The prosecution has a right to comment on the failure of the defense to counter or explain the evidence. *Ex parte Wilson,* 571 So.2d 1251 (Ala.1990).

*Coral v. State*, 628 So. 2d 954, 986 (Ala. Crim. App. 1992).

The merits of this claim was reviewed and rejected by the Alabama Court of Criminal Appeals on direct appeal. When a habeas petitioner's claim has been adjudicated on the merits in state court proceedings, 28 U.S.C. §2254(d) forecloses relief unless either subsections 2254 (d)(1) or (d)(2) are found to be applicable. *Early v. Packard*, 537 U.S. 3, 7 (2002). The burden of showing that an issue falls within subsections (d)(1) or (d)(2) is upon the petitioner. *Woodford v. Visciotte*, 537 U.S. 19 (2002). Coral, however, has merely resubmitted this claim to this Court for *de novo* review, without attempting to show that the Alabama Court of Criminal Appeals treatment of this claim violates any precedent from the United States Supreme Court. Coral has not attempted to show, and certainly has not established, that the State court's determination of this issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or that the State court's determination of this issue "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. §2254(d)(1)-(d)(2). Federal habeas relief is therefore foreclosed.

In addition, this claim fails to comply with Rule 2(c) of the Rules Governing Habeas Corpus Cases. Last year, the Supreme Court wrote the following in *Mayle v. Felix*, 125 S. Ct. 2562, 2566 (2005):

> In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of Civil Procedure, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2). Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement. The habeas rule instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground."

Thus, Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a petitioner to allege the factual basis of his claim in order for a petition to be considered by a district court. Coral, however, has failed to allege any facts to support this prosecutorial misconduct claim. He has, therefore, failed to comply with Rule 2(c) and this claim should be denied.

### I(4)    The Claim That The Cumulative Effect Of The Alleged Prosecutorial Misconduct Entitles Coral To Relief.

Coral argues in paragraph 46 of the habeas petition that the cumulative effect of the improper remarks by the prosecution denied him due process of law and a fair trial and sentencing determination.

The Alabama Court of Criminal Appeals denied relief on this claim on direct appeal. In denying relief, the Alabama Court of Criminal Appeals stated the following:

The appellant further contends that a review of the prosecutor's closing arguments, in their entirety, mandates a reversal because of the cumulative effect of alleged numerous instances of allegedly improper remarks. We do not agree. We find no error in the arguments of the prosecutor during either the guilt or sentencing phases of the trial. Finally, we note that particularly in regard to the questioned comments in the sentencing phase arguments, even if the propriety of a comment was questionable, no prejudice resulted, because the jury recommended a sentence of life without parole. See *Hooks,* 534 So.2d at 358.

*Coral v. State*, 628 So. 2d 954, 986 (Ala. Crim. App. 1992).

The merits of this claim was reviewed and rejected by the Alabama Court of Criminal Appeals on direct appeal. When a habeas petitioner's claim has been adjudicated on the merits in state court proceedings, 28 U.S.C. §2254(d) forecloses relief unless either subsections 2254 (d)(1) or (d)(2) are found to be applicable. *Early v. Packard*, 537 U.S. 3, 7 (2002). The burden of showing that an issue falls within subsections (d)(1) or (d)(2) is upon the petitioner. *Woodford v. Visciotte*, 537 U.S. 19 (2002). Coral, however, has merely resubmitted this claim to this Court for *de novo* review, without attempting to show that the Alabama Court of Criminal Appeals treatment of this claim violates any precedent from the United States Supreme Court. Coral has not attempted to show, and certainly has not established, that the State court's determination of this issue "resulted in a decision that was contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the United States" or that the State court's determination of this issue "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. §2254(d)(1)-(d)(2). Federal habeas relief is therefore foreclosed.

In addition, this claim fails to comply with Rule 2(c) of the Rules Governing Habeas Corpus Cases. Last year, the Supreme Court wrote the following in *Mayle v. Felix*, 125 S. Ct. 2562, 2566 (2005):

> In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of Civil Procedure, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2). Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement. The habeas rule instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground."

Thus, Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a petitioner to allege the factual basis of his claim in order for a petition to be considered by a district court. Coral, however, has failed to allege any facts to support this prosecutorial misconduct claim. He has, therefore, failed to comply with Rule 2(c) and this claim should be denied.

### J(1)   The Claim That Judicial Override Violated Coral's Rights Under The Eighth And Fourteenth Amendments.

Coral asserts in paragraph 47 of the petition that the trial court improperly overrode the jury's life without parole sentence recommendation.  Coral contends that the trial court impeached the jury's verdict when it overrode the jury's sentence recommendation.  Coral also asserts that Ala. Code, §13A-5-47, permits standardless override.

On direct appeal, the Alabama Court of Criminal Appeals rejected this claim, holding as follows:

> The appellant contends that the override provision of the Alabama death penalty statute, § 13A-5-47(e), is unconstitutional. He argues that the override provision, which he claims denied him the benefit of the jury's sentencing decision, violates his Fifth, Sixth, and Eighth Amendment rights under the United States Constitution. There is no merit to this contention. The United States Supreme Court, as well as the courts of this state, have consistently upheld the validity of advisory jury verdicts, which are subject to judicial override. *Clemons v. Mississippi,* 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990); *Hildwin v. Florida,* 490 U.S. 638, 109 S.Ct. 2055, 104 L.Ed.2d 728 (1989); *Baldwin v. Alabama,* 472 U.S. 372, 105 S.Ct. 2727, 86 L.Ed.2d 300 (1985); See, e.g., *Spaziano v. Florida,* 468 U.S. 447, 104 S.Ct. 3154, 82 L.Ed.2d 340 (1986); *Ex parte Jones,* 456 So.2d 380 (Ala.1984), cert. denied, 470 U.S. 1062, 105 S.Ct. 1779, 84 L.Ed.2d 838 (1985); *Freeman v. State,* 555 So.2d 196 (Ala.Cr.App.1988), aff'd, 555 So.2d 215 (Ala.1989), cert. denied, 496 U.S. 912, 110 S.Ct. 2604, 110 L.Ed.2d 284 (1990); *Tarver v. State,* 500 So.2d 1232 (Ala.Cr.App.), aff'd, 500 So.2d 1256 (Ala.1986), cert. denied, 482 U.S. 920, 107 S.Ct. 3197, 96 L.Ed.2d 685 (1987). In this state, the recommendation of the jury is advisory only and is not binding upon the trial court. *Ex parte Jones.* Here, the trial

court and not the jury is the sentencing authority. *Freeman v. State.*

The appellant further contends that the Alabama override provision is without standards and therefore permits the arbitrary and random imposition of the death penalty, in violation of his constitutional rights. We do not agree. Section 13A-5-47(e), provides:
"In deciding upon the sentence, the trial court shall determine whether the aggravating circumstances it finds to exist outweigh the mitigating circumstances it finds to exist, and in doing so the trial court shall consider the recommendation of the jury contained in its advisory verdict, unless such a verdict has been waived pursuant to section 13A-5-46(a) or 13A-5-46(g). While the jury's recommendation concerning sentence shall be given consideration, it is not binding upon the court."

Section 13A-5-47(e) prescribes a standard of review for jury override that meets constitutional requirements. *Ex parte Jones.* That standard, as stated in *Ex parte Jones,* 456 So.2d at 382, is:
"The whole catalog of aggravating circumstances must outweigh mitigating circumstances before a trial court may opt to impose the death penalty by overriding the jury's recommendation."

The appellant further contends that Alabama courts should adopt the Florida standard for jury override prescribed in *Tedder v. State,* 322 So.2d 908 (Fla.1975). *Tedder* provides that, in order for the trial court to reject the jury's recommendation of a sentence of life imprisonment without the possibility of parole, "the facts suggesting a sentence of death [must be] so clear and convincing that virtually no reasonable person could differ," *id.* at 910. The appellant relies on *Dobbert v. Florida,* 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977), and *Proffitt v. Florida,* 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976), to support his contention. He argues erroneously that the United States Supreme Court has adopted the *Tedder* standard and made it a constitutional requirement.

Justice Beatty, speaking for a majority of the Alabama Supreme Court, addressed this issue in *Ex parte Jones,* 456 So.2d at 382-

83, as follows:

"Petitioner argues that this language in *Dobbert* demonstrates that the United States Supreme Court found the *Tedder* rule to be a constitutional requirement when a trial court's override of a jury's advisory verdict of life imprisonment is reviewed.

"It appears to this Court, however, that the United States Supreme Court, in *Proffitt* and *Dobbert,* did not find the *Tedder* rule to be a general constitutional requirement under a statutory scheme similar to that of Florida. Instead, the United States Supreme Court merely approved the standard which the Florida courts have adopted providing for additional protection to the defendant. Indeed, to hold otherwise would undermine the benefits of judicial sentencing praised by the United States Supreme Court in *Proffitt, supra,* and adopted therefrom by the Alabama legislature. Therefore, we are not required by the United States Constitution to adopt the *Tedder* rule.

"Alabama's statute likewise affords more significant safeguards and more protection for the defendant than formerly. Death is no more automatic under Alabama's statute than under Florida's statute. The whole catalog of aggravating circumstances must outweigh mitigating circumstances before a trial court may opt to impose the death penalty by overriding the jury's recommendation. Because Alabama's statute is a clear expression of public policy as discerned by the legislature, and conforming to the statutory purpose of Florida's statute as approved by the United States Supreme Court, the petitioner's argument for the adoption of additional standards of review of a trial court's sentence was one properly addressed to the legislature."

Accordingly, we find no merit in this contention.

The merits of this claim was reviewed and rejected by the Alabama Court of Criminal Appeals on direct appeal. When a habeas petitioner's claim has been adjudicated on the merits in state court proceedings, 28 U.S.C. §2254(d) forecloses relief unless either subsections 2254 (d)(1) or

(d)(2) are found to be applicable. *Early v. Packard*, 537 U.S. 3, 7 (2002).

The burden of showing that an issue falls within subsections (d)(1) or (d)(2)

is upon the petitioner. *Woodford v. Visciotte*, 537 U.S. 19 (2002). Coral,

however, has merely resubmitted this claim to this Court for *de novo*

review, without attempting to show that the Alabama Court of Criminal

Appeals treatment of this claim violates any precedent from the United

States Supreme Court. Coral has not attempted to show, and certainly has

not established, that the State court's determination of this issue "resulted in

a decision that was contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the

United States" or that the State court's determination of this issue "resulted

in a decision that was based on an unreasonable determination of the facts in

light of the evidence presented in the State court proceedings." 28 U.S.C.

§2254(d)(1)-(d)(2). Federal habeas relief is therefore foreclosed.

This allegation also fails to state a claim for relief because it presents

only a question of state law. Federal habeas corpus relief is available only

to persons held in custody "in violation of the Constitution or law or treaties

of the United States." 28 U.S.C. §2254(a). Federal habeas corpus does not

lie to review errors, if any, under state law. *E.g., Pulley v. Harris*, 456 U.S.

37, 41 (1984); *Carrizales v. Wainwright*, 699 F. 2d 1053, 1055 (11th Cir.

1983).  The Eleventh Circuit, in *Breedlove v. Moore*, 279 F. 3d 952, 963-964 (11th Cir. 2002), held that State courts are "the final arbiter of [State] evidentiary law; [thus,] federal courts must respect that law absent a constitutional violation.  A federal habeas court may not issue the writ on the basis of a state's interpretation of its own laws and rules, absent extreme circumstances."  Coral, therefore, has failed to state a claim upon which relief may be granted.

In addition, this claim fails to comply with Rule 2(c) of the Rules Governing Habeas Corpus Cases.  Last year, the Supreme Court wrote the following in *Mayle v. Felix*, 125 S. Ct. 2562, 2566 (2005):

> In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of Civil Procedure, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed.R.Civ.P. 8(a)(2).  Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement.  The habeas rule instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground."

Thus, Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a petitioner to allege the factual basis of his claim in order for a petition to be considered by a district court.  Coral, however, has failed to allege any facts to support his claim.  He has, therefore, failed to comply with Rule 2(c) and this claim should be denied.

**J(2)   The Claim That The Trial Court's Rejection Of The Jury Verdict Of Life Without Parole Violates The Supreme Court's Holding In *Ring v. Arizona*.**

Coral concedes in his brief on the merits that he is not entitled to relief on this claim.  (Petitioner's Brief on Procedural Default and on the Merits, p. 37)  The State will, therefore, not address this claim.

**J(3), J(4), J(5) The Claims That Judicial Override Violates The Equal Protection Clause, That Alabama Has No Mechanism To Insure That Defendants Sentenced To Life Without Parole Are Treated Alike, And That Alabama Appellate Courts Have Failed To Develop A Mechanism For Determining When An Override Is Appropriate.**

Coral makes the following assertions in paragraphs 49-51 of the habeas petition:  that the judicial override in Coral's case was a violation of the equal protection clause; that Alabama has no mechanism to insure that defendants sentenced to life without parole are treated alike; and that the Alabama appellate courts have not developed a mechanism for determining when an override is appropriate.

As set forth in the State's Answer and Brief on Procedurally Defaulted Claims, these allegations are procedurally defaulted because they were not raised at trial, on direct appeal, or in the Rule 32 proceedings.  These claims have not been raised in any of the state court proceedings and are procedurally defaulted for that reason.  *Teague v. Lane*, 489 U.S. 288, 297-298 (1989)(claims not raised at all in state court are procedurally

defaulted). Moreover, as set forth above, Coral has not shown cause and prejudice or a fundamental miscarriage of justice to overcome the procedural defaults of these claims. This Court should, therefore, hold that these claims are procedurally defaulted.

In addition, Coral has failed to establish that the state court decision was contrary to or an unreasonable application of the clearly established precedent of the Supreme Court, or was an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). Coral does not cite any Supreme Court precedent that would require relief on this ground.

Moreover, Alabama's jury override provision is not standardless and thus not subject to castigation as arbitrary and capricious. Ala. Code, §13A-5-47(e) provides:

> In deciding upon the sentence, the trial court shall determine whether the aggravating circumstances it finds to exist outweigh the mitigating circumstances it finds to exist, and in doing so the trial court shall consider the recommendation of the jury contained in its advisory verdict, unless such a verdict has been waived pursuant to Section 13A-5-46(a) or 13A-5-46(g). While the jury's recommendation concerning sentence shall be given consideration, it is not binding upon the court.

In Alabama, [t]he trial court and not the jury is the sentencing authority." *Freeman v. State*, 555 So. 2d 196, 213 (Ala. Crim. App. 1988), *aff'd*, 555 So. 2d 215 (Ala. 1989), *cert. denied*, 496 U.S. 912 (1990). "The trial court

is authorized to reject the jury's recommendation of life without parole

when imposing sentence and to impose a death sentence." *Id; Accord*

*Tarver (Robert) v. State*, 500 So. 2d 1232, 1251 (Ala. Crim. App.), *aff'd*,

500 So. 2d 1256 (Ala. 1986), *cert denied*, 482 U.S. 920 (1987); *Tarver*

*(Bobby) v. State*, 553 So. 2d 631, 633 (Ala. Crim. App.), *aff'd*, 553 So. 2d

633 (Ala. 1989), *cert. denied*, 496 U.S. 932 (1990); *Thompson v. State*, 542

So. 2d 1286, 1300 (Ala. Crim. App., *aff'd,* 542 So. 2d 1300 (Ala), *cert.*

*denied*, 493 U.S. 874 (1988); *Harrell v. State*, 470 So. 2d 1303, 1309 (Ala.

Crim. App. 1984), *aff'd,* 470 So. 2d 1309, 1317 (Ala. 1985), *cert. denied*,

474 U.S. 935 (1985); *Parker v. State*, 587 So. 2d 1072, 1098 (Ala. Crim.

App. 1991), *aff'd on return to remand*, 610 So. 2d 1171 (Ala. Crim. App.),

*aff'd*, 610 So. 2s 1181 (Ala. 1992), *cert. denied*, 509 U.S. 929 (1993).  The

constitutionality of Alabama's statutory sentencing scheme was approved in

*Profitt v. Florida*, 428 U.S. 242, 252 (1976), and jury verdict override

provisions were specifically found constitutionally permissible in *Spaziano*

*v. Florida*, 468 U.S. 447, 457-467 (1984).

Moreover, the Alabama capital sentencing statute does not permit a

trial judge to override a jury recommendation of life without parole on the

basis of arbitrary factors.  A trial judge in Alabama is required to determine

what statutory aggravating circumstances exist; to consider all evidence

offered in mitigation and to determine what mitigating circumstances exist;

to weigh those aggravating circumstances that exist with those mitigating

circumstances that exist; and to enter written findings in sentencing a

defendant to death.  The Alabama appellate courts are then required to

review those findings and independently weigh the aggravating and

mitigating circumstances and to independently determine whether death is

the appropriate sentence in a case pursuant to Ala. Code, §13A-5-53.  These

are the standards provided in the Alabama capital sentencing scheme which

prevent the arbitrary and discriminatory application of a death sentence.

Simply because Alabama does not have a defined standard of review where

a trial judge overrides a sentence recommendation in sentencing a defendant

to death does not mean that a death sentence is arbitrarily imposed.

Alabama's capital sentencing scheme is not standardless.

Coral further seems to suggest that, because Alabama is in the

minority regarding its method of allowing the trial judge to override a jury's

life without parole recommendation, it must be unconstitutional.  The State

knows of no authority and Coral has cited none, which supports this line of

reasoning.  In fact, the "'Eighth Amendment is not violated every time a

State reaches a conclusion different from a majority of its sisters over how

best to administer its criminal laws.'" *Harris v. Alabama*, 513 U.S. 504

(1995), *quoting, Spaziano v. Florida*, 468 U.S. 447 464.

In any case, the Supreme Court rejected the precise claim Coral now

sets forth. *Harris, supra*. In an eight to one decision, the Court held that

"the Eighth Amendment does not require the State to define the weight the

sentencing judge must accord to an advisory verdict." *Id*. The State could

cite many more excerpts from that opinion which directly refute the claim

Coral now asserts. However, because that was the sole issue determined in

the case, the entire opinion is relevant. The State would merely point the

Court's attention to the full opinion in assessing Coral's claim.

Coral also contends that the override in this case violates his rights to

equal protection. The State admits that the Supreme Court in *Harris* did not

rule on whether the statute in question would pass constitutional muster in

the face of an equal protection claim. However, the problem for Coral is

that he has not raised an equal protection claim. He does not assert how an

impermissible classification is drawn or, if such a classification exists, how

he falls into it. Put simply, Coral has failed to show that he has any standing

to bring an equal protection claim.

Nor does Coral's sentence violate *Bush v. Gore*, 531 U.S. 98 (2002).

Coral asserts that the absence of any meaningful mechanism for regulating

the capital sentencing roles of jury and judge places capital defendants at risk of haphazard treatment of the jury's life recommendation. That contention is not, however, supported by the language of that case as the United States Supreme Court in *Bush* specifically directed that its decision was to remain confined to the circumstances of that unusual case: "Our consideration is limited to the present circumstances, for the problem of equal protection in election processes generally present many complexities." *Bush v. Gore, supra.*

Coral cites *Tedder v. State*, 322 So. 2d 908, 910 (Fla. 1975), as a constitutional, or at least more acceptable method of sentencing in capital cases. In *Tedder*, the Florida Supreme Court stated that a jury's verdict must be followed unless the facts suggesting a sentence of death are so clear and convincing that virtually no reasonable person could differ. Even this, however, is to some extent, a subjective test. Unless you actually polled every reasonable person, or at least a statistically acceptable amount, this is arguably a subjective test. For that matter, there is no exact objective test for determining who is and who is not a reasonable person. Furthermore, anytime a judge overrides a jury's verdict pursuant to *Tedder*, he is, according to the standard, sentencing a man to death who was convicted by a jury made up of unreasonable people. As stated by the Supreme Court in

*Harris, supra*, "the hallmark of the analysis is not the particular weight a State chooses to place upon the jury's advice, but whether the scheme adequately channels the sentencer's discretion so as to prevent arbitrary results." Alabama's statute adequately channels that discretion.

Based on the above, this Court should deny relief on this claim.

### K.     The Claim That The Trial Court's Consideration Of A Prejudicial Pre-sentence Report Violated Coral's Constitutional Rights.

In paragraphs 32-35 of the habeas petition, Coral asserts that his constitutional rights were violated by the trial court's consideration of a prejudicial pre-sentence report.

The Alabama Court of Criminal Appeals denied relief on this claim on direct appeal. The Alabama Court of Criminal Appeals stated the following concerning this claim:

> The appellant further contends that the trial court erred in considering a presentence investigation report that contained hearsay and victim impact information when determining the sentence to be imposed.
>
> "Courts are permitted to consider hearsay testimony at sentencing···· While hearsay evidence may be considered in sentencing, due process requires both that the defendant be given an opportunity to refute it and that it bear minimal indicia of reliability···." *Kuenzel v. State,* 577 So.2d 474, 528 (Ala.Cr.App.1990), aff'd, 577 So.2d 531 (Ala.1991), cert. denied, 502 U.S. 886, 112 S.Ct. 242, 116 L.Ed.2d 197 (1991) (quoting *United States v. Giltner,* 889 F.2d 1004, 1007 (11th

Cir.1989)). See also *Smiley v. State,* 435 So.2d 202 (Ala.Cr.App.1983).

Section 13A-5-45 provides, in pertinent part, the following: "(c) At the sentence hearing evidence may be presented as to any matter that the court deems relevant to sentence and shall include any matters relating to the aggravating and mitigating circumstances referred to in sections 13A-5-49, 13A-5-51 and 13A-5-52.···
"(d) Any evidence which has probative value and is relevant to sentence shall be received at the sentence hearing regardless of its admissibility under the exclusionary rules of evidence, provided that the defendant is accorded a fair opportunity to rebut any hearsay statements····"

These statutory provisions clearly provide for the admissibility of hearsay evidence during the sentencing stage of a capital defendant's trial, so long as the defendant is given a fair opportunity to rebut it. The record in the instant case shows that the appellant was given ample opportunity to rebut the information contained in the presentence report and that he did object to portions of the report during the sentencing hearing. Thus, we find that the trial court could properly have considered the hearsay in the report.

We also find no merit in the contention that the trial court erred in considering victim impact information contained in the presentence report. The appellant relies on *Booth v. Maryland,* 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987), and *South Carolina v. Gathers,* 490 U.S. 805, 109 S.Ct. 2207, 104 L.Ed.2d 876 (1989). The trial court specifically stated in its sentencing order that it did not consider the victim impact statement in imposing the appellant's sentence.

Furthermore, *Booth* and *Gathers* have been overruled by *Payne v. Tennessee,* 501 U.S. 808, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991), where the Supreme Court recognized the relevance of evidence about the victim and about the impact of the murder on the victim's family to the question before the jury of whether the death penalty should be imposed. Although the Supreme

Court held that, if a state chooses to permit the admission of victim impact evidence and prosecutorial argument on that subject, the Eighth Amendment erects no per se bar, it also ruled that, if victim impact evidence is "so unduly prejudicial that it renders the trial fundamentally unfair, the Due Process Clause of the Fourteenth Amendment provides a mechanism for relief." *Id.* at ----, 111 S.Ct. at 2608 (citing *Darden v. Wainwright,* 477 U.S. 168, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986)). In the instant case, the victim impact statement was not presented to the jury, but only to the trial court, and, as noted, the court did not consider it in arriving at its sentence. We find no constitutional violation here.

The appellant further contends that the inclusion in the presentence report of criminal charges that had not resulted in convictions was reversible error. We find no merit to this contention. *Thompson v. State,* 503 So.2d 871 (Ala.Cr.App.1986), aff'd, 503 So.2d 887 (Ala.1987), cert. denied, 484 U.S. 872, 108 S.Ct. 204, 98 L.Ed.2d 155 (1987); Rule 3(b)(2), A.R.Crim.P.Temp. Likewise, the appellant's contention that the trial court erroneously considered convictions for offenses in the presentence report that did not involve violence is also without merit. *Thompson v. State.*

*Coral v. State*, 628 So. 2d 988, 992 (Ala. Crim. App. 1992).

The merits of this claim was reviewed and rejected by the Alabama Court of Criminal Appeals on direct appeal. When a habeas petitioner's claim has been adjudicated on the merits in state court proceedings, 28 U.S.C. §2254(d) forecloses relief unless either subsections 2254 (d)(1) or (d)(2) are found to be applicable. *Early v. Packard*, 537 U.S. 3, 7 (2002). The burden of showing that an issue falls within subsections (d)(1) or (d)(2) is upon the petitioner. *Woodford v. Visciotte*, 537 U.S. 19 (2002). Coral,

however, has merely resubmitted this claim to this Court for *de novo* review, without attempting to show that the Alabama Court of Criminal Appeals treatment of this claim violates any precedent from the United States Supreme Court.  Coral has not attempted to show, and certainly has not established, that the State court's determination of this issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or that the State court's determination of this issue "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."  28 U.S.C. §2254(d)(1)-(d)(2).  Federal habeas relief is therefore foreclosed.

This allegation also fails to state a claim for relief because it presents only a question of state law.  Federal habeas corpus relief is available only to persons held in custody "in violation of the Constitution or law or treaties of the United States."  28 U.S.C. §2254(a).  Federal habeas corpus does not lie to review errors, if any, under state law.  *E.g., Pulley v. Harris*, 456 U.S. 37, 41 (1984); *Carrizales v. Wainwright*, 699 F. 2d 1053, 1055 (11th Cir. 1983).  The Eleventh Circuit, in *Breedlove v. Moore*, 279 F. 3d 952, 963-964 (11th Cir. 2002), held that State courts are "the final arbiter of [State] evidentiary law; [thus,] federal courts must respect that law absent a

constitutional violation.  A federal habeas court may not issue the writ on

the basis of a state's interpretation of its own laws and rules, absent extreme

circumstances."  Coral, therefore, has failed to state a claim upon which

relief may be granted.

### L.    The Claim That The Jury Pool From Which Coral's Jury Was Selected Underrepresented African-Americans.

Coral asserts in paragraphs 56-58 of the habeas petition that he was

entitled to consideration by a grand and traverse jury pool chosen from a

pool that represented a fair cross-section of the community.  Coral contends

that his jury pools were selected in a manner that did not comport with

constitutional guarantees and did not reflect a fair cross-section of the

community.

This claim is procedurally defaulted because it was not raised at trial

or on direct appeal.  The Rule 32 court and the Alabama Court of Criminal

Appeals held the claim to be procedurally default for those reasons.  *Coral*

*v. State*, 900 So. 2d 1274, 1278 (Ala. Crim. App. 2004); Circuit Court's

Order, at 3.  (State's Brief on Procedurally Defaulted Claims, pp. 11-12)  As

set forth above, Coral has failed to show cause and prejudice or a

fundamental miscarriage of justice to overcome these procedural defaults.

This Court should, therefore, find that this claim is procedurally defaulted.

In addition, this claim fails to comply with Rule 2(c) of the Rules Governing Habeas Corpus Cases.  Last year, the Supreme Court wrote the following in *Mayle v. Felix*, 125 S. Ct. 2562, 2566 (2005):

> In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of Civil Procedure, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed.R.Civ.P. 8(a)(2).  Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement.  The habeas rule instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground."

Thus, Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a petitioner to allege the factual basis of his claim in order for a petition to be considered by a district court.  Coral, however, has failed to allege any facts to support this prosecutorial misconduct claim.  He has, therefore, failed to comply with Rule 2(c) and this claim should be denied.

Finally, Coral has not attempted to show, and certainly has not established, that the State court's determination of this issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or that the State court's determination of this issue "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."  28 U.S.C. §2254(d)(1)-(d)(2).  Federal habeas relief is therefore foreclosed.

**M.    The Claim That Coral's Death Sentence Was Sought And Imposed Pursuant To A Pattern Of Racial Discrimination.**

Coral asserts in paragraph 59 of the habeas petition that his death sentence was sought and imposed pursuant to a patter of racial bias. Coral contends that the death penalty was sought and imposed against him, in part, because of the victim's race and status in the community.

This claim is procedurally defaulted because it was not raised at trial or on direct appeal. The Rule 32 court and the Alabama Court of Criminal Appeals held the claim to be procedurally default for those reasons. *Coral v. State*, 900 So. 2d 1274, 1278 (Ala. Crim. App. 2004); Circuit Court's Order, at 3. (State's Brief on Procedurally Defaulted Claims, pp. 11-12) As set forth above, Coral has failed to show cause and prejudice or a fundamental miscarriage of justice to overcome these procedural defaults. This Court should, therefore, find that this claim is procedurally defaulted.

In addition, this claim fails to comply with Rule 2(c) of the Rules Governing Habeas Corpus Cases. Last year, the Supreme Court wrote the following in *Mayle v. Felix*, 125 S. Ct. 2562, 2566 (2005):

> In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of Civil Procedure, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2). Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement. The habeas rule instructs the petitioner to "specify

all the grounds for relief available to [him]" and to "state the facts supporting each ground."

Thus, Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a petitioner to allege the factual basis of his claim in order for a petition to be considered by a district court. Coral, however, has failed to allege any facts to support this claim. He has, therefore, failed to comply with Rule 2(c) and this claim should be denied.

Finally, Coral has not attempted to show, and certainly has not established, that the State court's determination of this issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or that the State court's determination of this issue "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. §2254(d)(1)-(d)(2). Federal habeas relief is therefore foreclosed.

**N.    The Claim That Coral's Fair Trial Rights Were Violated When The Trial Court Refused To Grant Individually-Sequestered Voir Dire.**

Coral asserts in paragraph 60 of the habeas petition that his fair trial rights were violated when the trial court failed to allow individually-sequestered voir dire.

This claim fails to comply with Rule 2(c) of the Rules Governing Habeas Corpus Cases.  Last year, the Supreme Court wrote the following in *Mayle v. Felix*, 125 S. Ct. 2562, 2566 (2005):

> In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of Civil Procedure, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed.R.Civ.P. 8(a)(2).  Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement.  The habeas rule instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground."

Thus, Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a petitioner to allege the factual basis of his claim in order for a petition to be considered by a district court.  Coral, however, has failed to allege any facts to support this claim.  He has, therefore, failed to comply with Rule 2(c) and this claim should be denied.

In addition, the Alabama Court of Criminal Appeals addressed the merits of this claim on direct appeal, holding as follows:

> The appellant contends that the trial court erred in refusing his request for individual voir dire of the jury venire. In Alabama, there is no requirement that a defendant be allowed to question each prospective juror individually during voir dire examination. This rule applies to capital cases, and the granting of a request for individual voir dire is discretionary with the trial court. *Browning v. State,* 549 So.2d 548 (Ala.Cr.App.1989); *Bui v. State,* 551 So.2d 1094 (Ala.Cr.App.1988), aff'd, 551 So.2d 1125 (Ala.1989), vacated, 449 U.S. 971, 111 S.Ct. 1613, 113 L.Ed.2d 712 (1991). In the instant case, the trial court required the parties to submit

proposed voir dire questions, and it decided which questions it would ask; however, the court did allow individual voir dire questioning of all veniremembers in reference to their views concerning the imposition of the death penalty. The record reflects a thorough and comprehensive voir dire examination of the prospective jurors. We conclude that the trial court did not abuse its discretion in its handling of the voir dire examination, and thus find no error.

*Coral v. State*, 628 So. 2d 954, 968 (Ala. Crim. App. 1992).

The merits of this claim was reviewed and rejected by the Alabama Court of Criminal Appeals on direct appeal. When a habeas petitioner's claim has been adjudicated on the merits in state court proceedings, 28 U.S.C. §2254(d) forecloses relief unless either subsections 2254 (d)(1) or (d)(2) are found to be applicable. *Early v. Packard*, 537 U.S. 3, 7 (2002). The burden of showing that an issue falls within subsections (d)(1) or (d)(2) is upon the petitioner. *Woodford v. Visciotte*, 537 U.S. 19 (2002). Coral, however, has merely resubmitted this claim to this Court for *de novo* review, without attempting to show that the Alabama Court of Criminal Appeals treatment of this claim violates any precedent from the United States Supreme Court. Coral has not attempted to show, and certainly has not established, that the State court's determination of this issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or that the State court's determination of this issue "resulted

in a decision that was based on an unreasonable determination of the facts in

light of the evidence presented in the State court proceedings." 28 U.S.C.

§2254(d)(1)-(d)(2). Federal habeas relief is therefore foreclosed.

### O(1)  The Claim that Coral Was Denied The Effective Assistance Of Counsel Because Of Alabama's Compensation Scheme.

Coral contends in paragraphs 62-64 of the habeas petition that he was

denied effective assistance of counsel because of Alabama's capital

compensation scheme. Coral asserts that the restrictions on compensation

placed significant restraints on what his counsel could do to investigate

adequately and prepare his case for trial.

The Alabama Court of Criminal Appeals addressed the merits of this

claim on appeal from the denial of the Rule 32 petition, holding as follows:

> Coral first argues that Alabama's statutory compensation limit
> for court-appointed attorneys deprived him of the effective
> assistance of counsel because it affected counsel's investigation
> of the case.
>
> The circuit court made the following findings:
> "Coral asserts that the arbitrary restrictions on compensation
> placed significant constraints on what his counsel could do to
> adequately investigate and prepare his case for trial.
> "The Alabama Supreme Court and the Alabama Court of
> Criminal Appeals have rejected the claim that Alabama's
> method of compensation in and of itself denied a defendant
> effective assistance····
> "Coral has not shown this Court that counsel's performance was
> deficient due to insufficient compensation. Coral failed to do
> this after this Court gave Coral an opportunity to amend his
> Rule [32] petition to include a factual basis for the claims in the

Rule 32 petition. In addition, the record reveals that this Court granted Coral's motion for extraordinary expenses to hire an investigator to travel to Illinois. It appears from the record that the investigator was able to find the following witnesses from Illinois who testified on Coral's behalf at his capital murder trial and sentencing hearing. Carl Somers, DeWayne Whitehead, Roger Tuttle, Lew Moore, Donna Quello, Gina Quello, and Mary Hannon. Thus, it appears that the limitation on counsel's compensation did not affect counsel's investigation in this case. "It is clear from what is set forth above that Alabama's compensation scheme for capital defense attorneys did not deny Coral effective assistance of counsel. Coral has not shown that the compensation scheme caused counsel's performance to fall 'outside the wide range of professionally competent assistance.' *Strickland v. Washington,* 466 U.S. at 960[690, 104 S.Ct. 2052]. Thus, this claim of ineffective assistance of counsel is without merit."

(C.R. 277-79.)

We agree with the circuit court's findings and adopt them as our own.

*Coral v. State*, 900 So. 2d 1274, 1285-1286 (Ala. Crim. App. 2004).

The merits of this claim was reviewed and rejected by the Alabama Court of Criminal Appeals on post-conviction appeal. When a habeas petitioner's claim has been adjudicated on the merits in state court proceedings, 28 U.S.C. §2254(d) forecloses relief unless either subsections 2254 (d)(1) or (d)(2) are found to be applicable. *Early v. Packard*, 537 U.S. 3, 7 (2002). The burden of showing that an issue falls within subsections (d)(1) or (d)(2) is upon the petitioner. *Woodford v. Visciotte*, 537 U.S. 19 (2002). Coral, however, has merely resubmitted this claim to this Court for

*de novo* review, without attempting to show that the Alabama Court of Criminal Appeals treatment of this claim violates any precedent from the United States Supreme Court. Coral has not attempted to show, and certainly has not established, that the State court's determination of this issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or that the State court's determination of this issue "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. §2254(d)(1)-(d)(2). Federal habeas relief is therefore foreclosed.

### O(2)  The Claim That Trial Counsel Failed To Adequately Object To The Override Of The Jury's Sentence Recommendation.

Coral alleges in paragraphs 65-66 of the habeas petition that his counsel were ineffective for failing to adequately object to the override of the jury's life without parole sentence recommendation. Coral contends that had counsel properly objected to the errors of the sentencing authority in its analysis of the mitigating and aggravating circumstances, the trial court would have followed the jury's recommendation.

Coral attempted to add new facts for his claim in his habeas petition – facts that were not presented in the state courts. These new facts are not

properly before this Court because they are procedurally defaulted. *Teague v. Lane*, 489 U.S. 288, 297-298 (1989); *Engle v. Issac*, 456 U.S. 107, 113-114, 117, 124-125 (1982). As set forth above, Coral has not shown cause and prejudice for his failure to overcome the procedural default of the new facts. This Court should, therefore, refuse to consider these new facts in its analysis of this claim.

This claim was raised in Coral's Rule 32 petition, and the Rule 32 court dismissed it pursuant to Rule 32.6(b) of the Alabama Rules of Criminal Procedure for lack of specificity. The Rule 32 court's holding was affirmed by the Alabama Court of Criminal Appeals. *Coral v. State*, 900 So. 2d 1274, 1279-1284 (Ala. Crim. App. 2004). Claims are procedurally defaulted when the claim is presented to the state court in a way that does not comport with state procedural rules. *Bailey v. Nagle*, 172 F. 3d 1299, 1302-1303 (11th Cir. 1999). As set forth above, Coral has not shown cause and prejudice or a fundamental miscarriage of justice to overcome the procedural default of this claim. This Court should, therefore, dismiss this claim from the habeas petition.

This claim also fails to comply with Rule 2(c) of the Rules Governing Habeas Corpus Cases. Last year, the Supreme Court wrote the following in *Mayle v. Felix*, 125 S. Ct. 2562, 2566 (2005):

> In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of Civil Procedure, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2). Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement. The habeas rule instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground."

Thus, Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a petitioner to allege the factual basis of his claim in order for a petition to be considered by a district court. Coral, however, has failed to allege any facts to support this claim. He has, therefore, failed to comply with Rule 2(c) and this claim should be denied.

In addition, Coral has not attempted to show, and certainly has not established, that the State court's determination of this issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or that the State court's determination of this issue "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. §2254(d)(1)-(d)(2). In fact, all Coral has done in his brief on the merits is to copy his habeas petition verbatim and, therefore, has made no argument at all. Federal habeas relief is therefore foreclosed.

**O(3)  The Claim That Trial Counsel Failed To Investigate
Mitigation Evidence By Interviewing Coral's Family
Members.**

Coral contends in paragraphs 67-69 of the habeas petition that trial
counsel failed to adequately investigate mitigating evidence for his
sentencing hearings before the jury and the judge.  Coral asserts that many
mitigating circumstances existed that counsel failed to investigate and
present.

Coral attempted to add new facts for his claim in his habeas petition –
facts that were not presented in the state courts.  These new facts are not
properly before this Court because they are procedurally defaulted.  *Teague
v. Lane*, 489 U.S. 288, 297-298 (1989); *Engle v. Issac*, 456 U.S. 107, 113-
114, 117, 124-125 (1982).  As set forth above, Coral has not shown cause
and prejudice for his failure to overcome the procedural default of the new
facts.  This Court should, therefore, refuse to consider these new facts in its
analysis of this claim.

This claim was raised in Coral's Rule 32 petition, and the Rule 32
court dismissed it pursuant to Rule 32.6(b) of the Alabama Rules of
Criminal Procedure for lack of specificity.  The Rule 32 court's holding was
affirmed by the Alabama Court of Criminal Appeals.  *Coral v. State*, 900
So. 2d 1274, 1279-1284 (Ala. Crim. App. 2004).  Claims are procedurally

defaulted when the claim is presented to the state court in a way that does not comport with state procedural rules. *Bailey v. Nagle*, 172 F. 3d 1299, 1302-1303 (11th Cir. 1999). As set forth above, Coral has not shown cause and prejudice or a fundamental miscarriage of justice to overcome the procedural default of this claim. This Court should, therefore, dismiss this claim from the habeas petition.

In addition, Coral has not attempted to show, and certainly has not established, that the State court's determination of this issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or that the State court's determination of this issue "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. §2254(d)(1)-(d)(2). Federal habeas relief is therefore foreclosed.

In addition, Coral is not entitled to relief on this claim. Coral has not alleged, nor can he now, that his attorney ignored evidence that was potentially mitigating. Nor has Coral shown or alleged that this mitigating evidence would have changed the outcome of the penalty phase of his trial. In fact, although trial counsel did not present evidence from Coral's family members at trial, the jury returned a life without parole recommendation

after the penalty phase – the best outcome Coral could have hoped for.  This

allegation is completely without merit and should be denied by this Court.

### O(4)  The Claim That Trial Counsel Failed To Adequately Challenge The Underrepresentation Of African-Americans In Coral's Jury Pools.

Coral asserts in paragraph 70 of the habeas petition that his grand and

petit jury pools were selected in a manner which did not comport with

constitutional guarantees and did not reflect a fair cross-section of the

community.  Coral contends that trial counsel failed to challenge the

disparity between the percentage of blacks, women, and poor people on the

venires and the percentage that these groups comprise of the total population

in Montgomery County.

Coral attempted to add new facts for his claim in his habeas petition –

facts that were not presented in the state courts.  These new facts are not

properly before this Court because they are procedurally defaulted.  *Teague*

*v. Lane*, 489 U.S. 288, 297-298 (1989); *Engle v. Issac*, 456 U.S. 107, 113-

114, 117, 124-125 (1982).  As set forth above, Coral has not shown cause

and prejudice for his failure to overcome the procedural default of the new

facts.  This Court should, therefore, refuse to consider these new facts in its

analysis of this claim.

This claim was raised in Coral's Rule 32 petition, and the Rule 32 court dismissed it pursuant to Rule 32.6(b) of the Alabama Rules of Criminal Procedure for lack of specificity. The Rule 32 court's holding was affirmed by the Alabama Court of Criminal Appeals. *Coral v. State*, 900 So. 2d 1274, 1279-1284 (Ala. Crim. App. 2004). Claims are procedurally defaulted when the claim is presented to the state court in a way that does not comport with state procedural rules. *Bailey v. Nagle*, 172 F. 3d 1299, 1302-1303 (11th Cir. 1999). As set forth above, Coral has not shown cause and prejudice or a fundamental miscarriage of justice to overcome the procedural default of this claim. This Court should, therefore, dismiss this claim from the habeas petition.

This claim also fails to comply with Rule 2(c) of the Rules Governing Habeas Corpus Cases. Last year, the Supreme Court wrote the following in *Mayle v. Felix*, 125 S. Ct. 2562, 2566 (2005):

> In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of Civil Procedure, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2). Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement. The habeas rule instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground."

Thus, Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a petitioner to allege the factual basis of his claim in order for a petition to be

considered by a district court.  Coral, however, has failed to allege any facts to support this claim.  He has, therefore, failed to comply with Rule 2(c) and this claim should be denied.

In addition, Coral has not attempted to show, and certainly has not established, that the State court's determination of this issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or that the State court's determination of this issue "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."  28 U.S.C. §2254(d)(1)-(d)(2).  In fact, all Coral has done in his brief on the merits is copy his habeas petition verbatim and, therefore, has made no argument at all.  Federal habeas relief is therefore foreclosed.

### O(5)  The Claim That Trial Counsel Failed To Adequately Object To The Admission Of A Prejudicial Pre-sentence Report.

Coral argues in paragraph 71 of the habeas petition that trial counsel failed to adequately object to the inaccurate, prejudicial and inadmissible information contained in the pre-sentence report.  Coral contends that the pre-sentence report contained information about improper and invalid convictions that led the trial court to find that the mitigating circumstance of no significant prior criminal history did not exist.

The Alabama Court of Criminal Appeals found that this claim was

without merit, holding as follows:

> Coral also argues that counsel failed to object to inadmissible statements in the presentence report that he alleges resulted in prejudice to him.
>
> The circuit court made the following findings concerning this claim:
> "All three of Coral's ineffective assistance of counsel claims regarding trial counsel's conduct as to the presentence report can easily be disposed of because Coral has not demonstrated that, but for the trial court's consideration of the presentence report, his sentence would have been different.
> "There was no prejudice due to the inclusion of victim impact information in the presentence report, because at the time of Coral's crime, victim impact evidence was admissible at the sentencing stage of a capital murder trial in Alabama. On direct appeal, the Alabama Court of Criminal Appeals considered a claim that this Court erred in considering the victim impact information contained in the presentence report. The Court of Criminal Appeals stated the following about that claim:
> " 'We also find no merit in the contention that the trial court erred in considering victim impact information contained in the presentence report. The appellant relies on *Booth v. Maryland,* 482 U.S. 496, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987), and *South Carolina v. Gathers,* 490 U.S. 805, 109 S.Ct. 2207, 104 L.Ed.2d 876 (1989). The trial court specifically stated in its sentencing order that it did not consider the victim impact statement in imposing the appellant's sentence.
> " 'Furthermore, *Booth* and *Gathers* have been overruled by *Payne v. Tennessee,* 501 U.S. 808, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991), where the Supreme Court recognized the relevance of evidence about the victim and about the impact of the murder on the victim's family to the question before the jury of whether the death penalty should be imposed. Although the Supreme Court held that, if a state chooses to permit the admission of victim impact evidence and prosecutorial argument on that subject, the Eighth Amendment erects no per se bar, it also

ruled that, if victim impact evidence is 'so unduly prejudicial that it renders the trial fundamentally unfair, the Due Process Clause of the Fourteenth Amendment provides a mechanism for relief.' *Id.* at 824, 111 S.Ct. at 2608 (citing *Darden v. Wainwright,* 477 U.S. 168, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986). In the instant case, the victim impact statement was not presented to the jury, but only to the trial court, and, as noted, the court did not consider it in arriving at its sentence. We find no constitutional violation here.'

" *Coral v. State,* 628 So.2d 988, 992 (Ala.Cr.App.1992). It is clear from this opinion that victim impact information was a proper sentencing consideration even though this Court did not consider the victim impact information. Therefore, Coral was not prejudiced by his trial counsel's failure to raise a non-meritorious claim based on the inclusion of victim impact information in the presentence report.

"There was also no prejudice from the inclusion of inadmissible hearsay statements in Coral's presentence report. The Alabama Court of Criminal Appeals considered a claim that this Court erred in considering a presentence report that contained hearsay and stated the following about this claim:

" '....'

"It is clear from the above language that this Court did not err when it considered a presentence report which contained hearsay; therefore, Coral was not prejudiced by his trial counsel's failure to raise a non-meritorious claim based on the inclusion of hearsay in the presentence report.

"There was also no prejudice from the inclusion of juvenile arrests in the presentence report. In this case, this Court clearly properly weighed and considered the aggravating and mitigating circumstances. See, *Coral v. State,* 628 So.2d 988, 993-1004 (Ala.Cr.App.1992). This Court did not consider juvenile arrests when it sentenced Coral to death. Trial judges are presumed to disregard any inadmissible evidence and improper factors in sentencing. See, *Lightbourne v. Dugger,* 829 F.2d 1012 (11th Cir.1987), *cert. denied,* 488 U.S. 934, 109 S.Ct. 329, 102 L.Ed.2d 346 (1988)···· Since this Court did not consider the juvenile arrests when it sentenced Coral, Coral has demonstrated no prejudice.

"Because there was no prejudice to Coral from consideration by

this Court of the presentence report, Coral has not met his burden of establishing an ineffective assistance of counsel claim as to those issues."

(C.R. 280-83.) The substantive claim was addressed by the Alabama Supreme Court on direct appeal and determined adversely to Coral. *Coral,* 628 So.2d at 992. Therefore, Coral can show no prejudice. The circuit court correctly denied relief on this claim.

*Coral v. State*, 900 So. 2d 1274, 1286-1287 (Ala. Crim. App. 2004).

The merits of this claim was reviewed and rejected by the Alabama Court of Criminal Appeals on post-conviction appeal. When a habeas petitioner's claim has been adjudicated on the merits in state court proceedings, 28 U.S.C. §2254(d) forecloses relief unless either subsections 2254 (d)(1) or (d)(2) are found to be applicable. *Early v. Packard*, 537 U.S. 3, 7 (2002). The burden of showing that an issue falls within subsections (d)(1) or (d)(2) is upon the petitioner. *Woodford v. Visciotte*, 537 U.S. 19 (2002). Coral, however, has merely resubmitted this claim to this Court for *de novo* review, without attempting to show that the Alabama Court of Criminal Appeals treatment of this claim violates any precedent from the United States Supreme Court. Coral has not attempted to show, and certainly has not established, that the State court's determination of this issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined

by the Supreme Court of the United States" or that the State court's determination of this issue "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. §2254(d)(1)-(d)(2). Federal habeas relief is therefore foreclosed.

### O(6) The Claim That Trial Counsel Failed To Adequately Object To Racially Discriminatory Use Of The Death Penalty In This Case.

In paragraphs 72-73 of the habeas petition, Coral asserts that trial counsel failed to argue that his death sentence was imposed pursuant to a pattern of racial bias. Coral argues that the imposition of a death sentence was pursuant to a pattern of racial bias that characterizes the administration of the death penalty in Montgomery County and in Alabama as a whole.

Coral attempted to add new facts for his claim in his habeas petition – facts that were not presented in the state courts. These new facts are not properly before this Court because they are procedurally defaulted. *Teague v. Lane*, 489 U.S. 288, 297-298 (1989); *Engle v. Issac*, 456 U.S. 107, 113-114, 117, 124-125 (1982). As set forth above, Coral has not shown cause and prejudice for his failure to overcome the procedural default of the new facts. This Court should, therefore, refuse to consider these new facts in its analysis of this claim.

This claim was raised in Coral's Rule 32 petition, and the Rule 32 court dismissed it pursuant to Rule 32.6(b) of the Alabama Rules of Criminal Procedure for lack of specificity. The Rule 32 court's holding was affirmed by the Alabama Court of Criminal Appeals. *Coral v. State*, 900 So. 2d 1274, 1279-1284 (Ala. Crim. App. 2004). Claims are procedurally defaulted when the claim is presented to the state court in a way that does not comport with state procedural rules. *Bailey v. Nagle*, 172 F. 3d 1299, 1302-1303 (11th Cir. 1999). As set forth above, Coral has not shown cause and prejudice or a fundamental miscarriage of justice to overcome the procedural default of this claim. This Court should, therefore, dismiss this claim from the habeas petition.

This claim also fails to comply with Rule 2(c) of the Rules Governing Habeas Corpus Cases. Last year, the Supreme Court wrote the following in *Mayle v. Felix*, 125 S. Ct. 2562, 2566 (2005):

> In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of Civil Procedure, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2). Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement. The habeas rule instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground."

Thus, Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a petitioner to allege the factual basis of his claim in order for a petition to be

considered by a district court.  Coral, however, has failed to allege any facts to support this claim.  He has, therefore, failed to comply with Rule 2(c) and this claim should be denied.

In addition, Coral has not attempted to show, and certainly has not established, that the State court's determination of this issue "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or that the State court's determination of this issue "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."  28 U.S.C. §2254(d)(1)-(d)(2).  In fact, all Coral has done in his brief on the merits is to copy his habeas petition verbatim and, therefore, has made no argument at all.  Federal habeas relief is therefore foreclosed.

## CONCLUSION

The claims in Coral's habeas petition are either procedurally defaulted or without merit. This Court should, therefore, deny relief on Coral's habeas petition.[1]

                                                  Respectfully submitted,

                                                  Troy King
                                                  *Attorney General*

                                                  /s/ Beth Jackson Hughes
                                                    Beth Jackson Hughes
                                                  *Assistant Attorney General*

---

[1] On May 11, 2006, this Court entered an order establishing a briefing schedule and setting forth the contents of each brief. This Court ordered Coral to file a brief on August 16, 2006, responding to the procedural default arguments made by Respondents and to address the merits of all claims, *including the need for an evidentiary hearing on specific claims*. (emphasis added) Coral does not address the need for an evidentiary hearing on any of the claims in his brief filed on August 16, 2006. Because it appears to the Respondent that Coral has abandoned his request for an evidentiary hearing on specific claims in his habeas petition, Respondent has not addressed Coral's request for an evidentiary hearing on specific claims because there is nothing for Respondent to respond to. Respondent respectfully submits that this Court should not allow Coral to argue his entitlement to an evidentiary hearing in his September 27, 2006 brief because Respondent will not have the ability to respond to this argument. Should this Court allow Coral to make this argument in his reply brief, Respondent requests an opportunity to respond to this argument.

## CERTIFICATE OF SERVICE

I hereby certify that on September 13, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  **LaJuana Davis.**


/s/ Beth Jackson Hughes
Beth Jackson Hughes
*Assistant Attorney General*

ADDRESS OF COUNSEL:

Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL  36130
Office 334-242-7392
Fax 334-353-3637