IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____
                                    )
ROBERT CORAL,                       )
                                    )
        Petitioner,                 )
                                    )
        v.                          )        No. 2:05-cv-1112-MEF
                                    )
RICHARD ALLEN, Commissioner,        )
    Alabama Department of           )
    Corrections, *et al.*,          )
                                    )
        Respondents.                )
_____)


_____

**PETITIONER'S REPLY BRIEF**
_____




                        /s/ LaJuana Davis
                        LaJuana Davis
                        ASB-0629-D43L / DAV088
                        122 Commerce Street
                        Montgomery, AL  36104
                        Tel: 334- 269-1803
                        Fax: 334-269-1806
                        E-mail: ldavis@eji.org

                        *Counsel for the Petitioner Robert Coral*



Date: October 11, 2006

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

A.    The State Court's Finding that the Admission of Mr. Coral's Statements To Police Was Harmless Error Was An Unreasonable Application of Supreme Court Precedent . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

B.    This Court Should Review Mr. Coral's *Brady* Claim on the Merits. . . . . . 2

C.    The Claim That Coral's Conviction Should Be Reversed For Failure To Afford Him A Speedy Trial In Violation Of His Rights Under The Eighth And Fourteenth Amendments. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

D.    The Length of Mr. Coral's Pretrial Detention Without Bond Violated the Eighth And Fourteenth Amendments . . . . . . . . . . . . . . . . . . . . . . . . . 4

E.    The Racially Discriminatory Use Of Peremptory Challenges Violated Mr. Coral's Federal Constitutional Rights . . . . . . . . . . . . . . . . . . . . . . . . . 4

F.    The Guilt And Penalty Phase Jury Instructions On Reasonable Doubt Violated The Eighth And Fourteenth Amendments . . . . . . . . . . . . . . . . . . . . . . . . . 6

G.    The Presence of Victim's Relative at the Prosecution's Table Denied Mr. Coral a Fair Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

H.    The Claim That The Trial Court's Penalty Phase Jury Instructions Violated Mills v. Maryland . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

I(3).  The Prosecution Improperly Commented Upon Mr. Coral's Right Not to Testify . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

J.    Mr. Coral's Jury Override Claim Is Meritorious and Is Not Defaulted . . . . 8

N.    Mr. Coral Was Unconstitutionally Denied Individual Voir Dire. . . . . . . . . 9

O(1).  Mr. Coral Can Show that Limits on Funding for Defense Counsel Prejudiced His Defense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

O(4).   Mr. Coral's Ineffective Assistance Claims Can Be Heard on the Merits by this
Court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATION OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

TABLE OF AUTHORITIES

*Barker v. Wingo*, 407 U.S. 514 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Batson v. Kentucky*, 476 U.S. 79 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

*Brady v. Maryland*, 373 U.S. 83 (1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Brecht v. Abrahamson*, 507 U.S. 619 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Bui v. Haley*, 321 F.3d 1304 (11th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Bush v. Gore*, 531 U.S. 98 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Cage v. Louisiana*, 498 U.S. 39 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Coral v. State*, 628 So. 2d 954 (Ala. Crim. App. 1992) . . . . . . . . . . . . . . . . . 3, 4,
                                                                                    7

*Chicago v. Morales*, 527 U.S. 41 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Doggett v. United States*, 505 U.S. 647 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Eddings v. Oklahoma*, 455 U.S. 104 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Edwards v. Arizona*, 451 U.S. 477 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Estelle v. McGuire*, 502 U.S. 62 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Griffin v. California*, 380 U.S. 609 (1965) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Harris v. Alabama*, 513 U.S. 504 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Irvin v. Dowd*, 366 U.S. 717 (1961) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Lockyer v. Andrade*, 538 U.S. 63 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Miller-El v. Cockrell*, 537 U.S. at 322 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Miranda v. Arizona*, 384 U.S. 436 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

iv

*Morgan v. Illinois*, 504 U.S. 719 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Rompilla v. Beard*, 545 U.S. 374, 125 S. Ct. 2456 (2005) . . . . . . . . . . . . . . . . . . . . . . 13

*Strickland v. Washington*, 466 U.S. 668 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Turner v. Murray*, 476 U.S. 28 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Victor v. Nebraska*, 511 U.S. 1 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Wiggins v. Smith*, 539 U.S. 510 (2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Williams v. Taylor*, 529 U.S. 362 (2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 13

*In re Winship*, 397 U.S. 358 (1970) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Mr. Coral submits this reply brief in support of merits review of his federal constitutional claims.

      A.     The State Court's Finding that the Admission of Mr. Coral's Statements To Police Was Harmless Error Was An Unreasonable Application of Supreme Court Precedent.

Contrary to the respondents' assertions throughout their brief, 28 U.S.C. § 2254(d) does not completely foreclose relief for claims that were adjudicated by the state court on the merits unless the precedent cited is "identical to a high degree of specificity." (Resp. Br. 40.)  Instead, to properly implement the provision, the federal court must first determine whether there is a constitutional violation under clearly established law.  If the issue before the court is meritorious, the court must determine whether habeas provides a remedy by deciding whether the state court's finding of no violation is either "contrary to" or an "unreasonable application of" federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 391 (2000) (after first independently determining that the Sixth Amendment had been violated by counsel's deficient and prejudicial performance, Court determines whether it can provide a remedy under § 2254(d)(1), and concludes that it can because the state court's adjudication offended both prongs of § 2254(d)(1)).

To be "clearly established," under § 2254(d)(1), Justice O'Connor explained in *Williams* that the Supreme Court precedent must provide a "governing legal principle"

1

and specific considerations for the lower courts to follow. *Williams*, at 413. Justice O'Connor then explained that a habeas court should grant relief under the "contrary to" section if the state court: (1) "applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases," or (2) "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a different result." *Id*. at 406, 413. The "unreasonable application" clause of § 2254(d)(1) provides for relief when the state court decision correctly identifies the governing legal principle but (1) "unreasonably applies the law of [the Supreme] Court" to the facts of the prisoner's case, or (2) unreasonably extends Supreme Court law to a new context where it does not apply or unreasonably refuses to extend a Supreme Court decision to a new context where it should apply. *Id*. at 413. The unreasonableness inquiry is an "objective" rather than a "subjective" one. *Id*. at 410. A federal court may grant relief when a state court has misapplied a "governing legal principle" to "a set of facts different from those of the case in which the principle was announced." *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003) (citing *Williams v. Taylor*, *supra*, at 407).

The respondents argue that because the Alabama courts found the failure to suppress Mr. Coral's statements made after he invoked his right to counsel was harmless error, this court cannot grant relief. Mr. Coral submits that the prosecution's efforts to get the statements before the jury both on direct testimony and on rebuttal belies the state court's harmless error finding. (*See* Tab# 24, Vol. 6, R. 1031, 1099.) Failing to suppress

2

Mr. Coral's statements (where he declined further explain his actions in response to police questioning) "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). This court may grant the writ because the state court unreasonably applied *Miranda v. Arizona*, 384 U.S. 436 (1966) and *Edwards v. Arizona*, 451 U.S. 477 (1981) to the facts of Mr. Coral's case. *See* § 2254(d)(2) and *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

> B.    This Court Should Review Mr. Coral's *Brady*
>        Claim on the Merits.

The respondents maintain that Mr. Coral cannot show that the state court's determination of Mr. Coral's *Brady* claim (related to the tardy disclosure of a child witness' statement) is contrary to or an unreasonable application of *Brady v. Maryland*, 373 U.S. 83 (1963). (Resp. Br. 40.) Mr. Coral submits that the state court's treatment of this claim was an unreasonable application of *Brady* to the evidence in Mr. Coral's case. Mr. Coral submitted that the prejudice arising from the prosecution's tardy disclosure of the witness' statement was that the witness was not able to be interviewed by the defense while his memory was still fresh. This was vital as the witness was a child and his memory of a one-time was likely to be more variable than an adult's. The state court simply found that Mr. Coral "has no *Brady* claim where he fails to show that withheld evidence was favorable to the defense." (Vol. 21, Tab #82, *Coral v. State*, 628 So. 2d 954, 975-980 (Ala. Crim. App. 1992)). However, the witness' first statement was favorable to Mr. Coral's defense that someone else committed the crime. The state

3

court's finding that this evidence was not in fact Brady material was an unreasonable application in light of the facts. See § 2254(d)(2).

The respondents are correct concerning their objection to the claim in brief that the prosecution committed misconduct by withholding information about deals made with state witnesses. (Resp. Br. 33-35.) That claim is hereby withdrawn.

> C. The Claim That Coral's Conviction Should Be Reversed For Failure To Afford Him A Speedy Trial In Violation Of His Rights Under The Eighth And Fourteenth Amendments.

The state court unreasonably applied *Barker v. Wingo*, 407 U.S. 514 (1972) to Mr. Coral's case when it found that delays in seeking a new indictment and ensuring that the prosecution met its discovery obligations were attributable to Mr. Coral and that Mr. Coral suffered no prejudice as a result of the delay. *See* Vol. 21, Tab #82, *Coral v. State*, 628 So. 2d 954, 966-967 (Ala. Crim. App. 1992). The State violated Mr. Coral's constitutional guarantee to a speedy trial by detaining him for twenty-two months before trial. *Barker* requires the balancing of a four part test. Mr. Coral met each prong. The delay in Mr. Coral's trial "was uncommonly long;" (2) the government was largely to blame for that delay; (3) Mr. Coral did assert his right to a speedy trial; and (4) he "suffered prejudice as the delay's result." *Doggett v. United States*, 505 U.S. 647, 651 (1992) (citing *Barker v. Wingo*, 407 U.S. at 530). Mr. Coral's defense would have been supported by the child witness' first remembrances of who entered the victim's apartment, a description that tended to exculpate Mr. Coral. Two years later, however,

4

the memory of the child witness was substantially different.  Had Mr. Coral's trial not

been unconstitutionally delayed, he would not have been prejudiced by the effect of time

on the child witness' recollection.

> D.     The Length of Mr. Coral's Pretrial Detention
>        Without Bond Violated the Eighth And
>        Fourteenth Amendments.

Mr. Coral believes that the approximately 650 days he was held in pretrial

detention without bond was a significant violation of due process,  given the status of the

law at this time, he no longer asserts that this is a claim to which he can establish the right

to habeas corpus relief.

> E.     The Racially Discriminatory Use Of Peremptory
>        Challenges Violated Mr. Coral's Federal
>        Constitutional Rights.

The prosecution's use of five peremptory challenges against five minority

veniremembers from jury selection violated the Supreme Court's holding in *Batson v.*

*Kentucky*, 476 U.S. 79 (1986).   Two of the reasons the prosecution offered were

particularly troubling.  The respondents argue that the findings of the Alabama courts

should precluded federal relief on Mr. Coral's claim.  (Resp. Br. 48-49.)    M r.  C o r a l ' s

Batson issue turns on whether an examination of all of the relevant circumstances shows

that the prosecutor engaged in purposeful discrimination in striking five minority

veniremembers and, if so, whether § 2254(d) nevertheless precludes relief. "[T]he critical

question in determining whether a prisoner has proved purposeful discrimination at step

three is the persuasiveness of the prosecutor's justification for his peremptory strike." *Miller-El v. Cockrell*, 537 U.S. at 322, 338-39 (2003). The Alabama court's conclusion about Ivan Gonzalez, an Hispanic prospective juror, was incomplete; the prosecution actually said that Mr. Gonzalez "was not a person that was in our over all plan of what jury we're looking for." (R. 603) While the prosecution did suggest that the information it had indicated Mr. Gonzalez was white (and not therefore not also hispanic), this assertion is no more than the affirmation of good faith held by *Batson* to be insufficient to rebut a prima facie showing of discrimination. *Batson*, 476 U.S. at 98.

The Alabama court's acceptance of this reasoning was an unreasonable application of *Batson*. *See* § 2254(d)(1). The Alabama court did not reasonably apply *Batson* to the prosecution's disavowing knowledge of both Mr. Gonzalez's self-identification on his juror questionnaire and Mr. Gonzalez's surname. The Supreme Court has instructed that a prosecutor may not "rebut the defendant's case merely by denying that he had a discriminatory motive or affirming his good faith in making individual selections." *Batson*, 476 U.S. at 98 (internal quotations and citation omitted). For striking prospective juror Willetta Martin, the prosecution provided this pretextual explanation: Since her husband is a minister, "she had a connection with forgiving someone for a wrong, [and] it's the State's position that they should not be forgiven for a wrong but rather should be punished for it." (Vol. 3, Tab #R-19, at 600.) There was no voir dire testimony which supports the prosecution's assumption. Furthermore, vague explanations will be

6

insufficient to refute a prima facie case of racial discrimination. *See Bui v. Haley*, 321 F.3d 1304, 1316 (11th Cir. 2003). legal principle established in *Batson* -- that a prosecutor must rebut a prima facie case of discrimination -- should have applied to the District Attorney's strike against minority jurors. Mr. Coral has petitioned this Court for habeas relief because his rights under the Equal Protection Clause were clearly violated. Habeas relief is necessary and warranted here because the state court adjudication of Mr. Coral's *Batson* claim resulted in a decision that was contrary to, and involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1).

>       F.    The Guilt And Penalty Phase Jury Instructions On
>             Reasonable  Doubt  Violated  The  Eighth  And
>             Fourteenth Amendments.

The trial court defined reasonable doubt in such a way as to impermissibly undermine the burden of proof necessary to convict Mr. Coral of capital murder. (*See* Joint Report, F(1) and F(2).) The court's instructions on reasonable doubt were confusing and improper statements of the law, and included charges that such doubt had to be actual and substantial and equated reasonable doubt with moral certainty. (Vol. 9, Tab #R-39, R. 1606.) Several of these terms were identical or similar to the language the U.S. Supreme Court has found to be unconstitutional. The use of the term "moral certainty" in *Cage v. Louisiana*, 498 U.S. 39 (1990) specifically contributed to lowering the prosecution's burden articulated in *In re Winship*, 397 U.S. 358 (1970), that no criminal

defendant may be found guilty "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Id*. at 364; *see also Victor v. Nebraska*, 511 U.S. 1(1994) (reviewing court must look at charges as a whole).

The state court found that because the jury instruction did not contain the words "grave uncertainty" (Vol. 21, Tab #R-82, *Coral v. State*, 628 So. 2d 954, 984 (Ala. Crim. App. 1992)), there was no constitutional infirmity in the charge. Mr. Coral submits that the court's decision misconstrues *Gaskins* and is an unreasonable application of *Cage v. Louisiana*. What underlies the constitutional issue in *Cage* is not whether one of the three terms present in that case have to be present for there to be a constitutional infirmity. The issue in this case is whether there was a reasonable likelihood that the jury applied these terms in a manner that lowered the standard of proof. *Estelle v. McGuire*, 502 U.S. 62, 72, and n. 4 (1991). Mr. Coral submits that the jury instructions regarding reasonable doubt did lower the prosecution's burden to prove its case.

G.     The Presence of Victim's Relative at the Prosecution's
       Table Denied Mr. Coral a Fair Trial.

Mr. Coral believes that the presence of a victim's family member at counsel table is a significant violation of his right to a fair trial and unbiased and reliable sentencing. However, given the status of the law at this time, he no longer asserts that this is a claim to which he can establish the right to habeas corpus relief.

H.     The Claim That The Trial Court's Penalty Phase Jury
       Instructions Violated Mills v. Maryland.

8

Given the status of the law at this time, Mr. Coral  no longer asserts that this is a claim to which he can establish the right to habeas corpus relief.

I(3).    The  Prosecution  Improperly  Commented  Upon  Mr. Coral's Right Not to Testify.

Mr. Coral submits that the prosecution's comment on  Mr. Coral's exercising his right  not  to  testify  is  not  precluded  because  the  Alabama  courts  determined  that  the comment "was directed at directed at the failure of the defense to produce any evidence in mitigation of the crime, not at the failure of the appellant to testify."  Mr. Coral contends that  the  state  court's  determination  of  this  claim  was  contrary  to  established  Supreme Court precedent (*see Griffin v. California*, 380 U.S. 609 (1965) (forbidding comments on an accused's decision not to testify), and an unreasonable application of that precedent to the  prosecution's  remarks.  Therefore,  he  requests  that  this  Court  examine  this  claim  on the merits.

J.    Mr. Coral's Jury Override Claim Is Meritorious and Is Not Defaulted.

The  respondents  assert  that  Mr.  Coral's  judicial  override  claim  is  precluded because raises only an issue of state law.  (Resp. Br. 73.)  The respondents' position is incorrect.  Mr. Coral presented his claim on federal constitutional grounds in the state courts  below.   Mr.  Coral  raised  his  claim  on  direct  appeal  and  during  Rule  32 proceedings. The respondents also are incorrect that Mr. Coral did not raise the following claims  regarding  judicial  override:  that  judicial  override  violates  the  Fourteenth

9

Amendment; that Alabama has no mechanism to insure that defendants sentenced to life without parole are treated alike; and that Alabama's appellate courts have failed to develop a mechanism for determining when an override is appropriate. (*See* Vol. 13, Tab #R-47 at 40-41 and Vol. 20, Tab #R-78 at 49-53.)

This Court should address the constitutionality of the override in Alabama and its use in this case and relieve Mr. Coral of his unconstitutionally imposed sentence of death. The constitutional requirement that there be "measured, consistent application" of the death penalty and "fairness to the accused," *Eddings v. Oklahoma*, 455 U.S. 104, 110-111 (1982), and the correlative command of the Equal Protection Clause, were clearly violated. The trial court in his case did not have any direction on how to treat the jury verdict, in direct violation of the Equal Protection Clause mandate that equally situated persons be treated equally. Alabama is the only state in the country that permits a trial court to override the jury's capital sentencing verdict without references to set standards or norms. *Harris v. Alabama*, 513 U.S. 504, 524 (1995) ("Alabama stands alone among the States in its refusal to constrain its judges' power to condemn defendants over contrary jury verdicts.") (Stevens, J. dissenting).

While the United States Supreme Court has rejected the claim that such a standardless imposition of death offends the Eighth Amendment, *see Harris v. Alabama*, 513 U.S. 504 (1995), the Court's most recent Equal Protection analysis, as set forth the opinion of *Bush v. Gore*, 531 U.S. 98 (2000), removes any doubt that Alabama's capital

sentencing statute operates in violation of the Equal Protection Clause of the Fourteenth Amendment. Here, as in the Florida recount scheme, there were no standards or rules to guide the trial court's use of the power to reject the jury's verdict, and the want of those rules has led to unequal treatment of jury verdicts in various respects. As evidenced by the arbitrary imposition of the death penalty where juries have returned verdicts of life in Alabama, the standards for accepting or rejecting those verdicts may vary not only from county to county but indeed within a single county from judge to judge or from case to case. *See*, *e.g.*, *Chicago v. Morales*, 527 U.S. 41, 71 (1999) (Breyer, J., concurring in part and concurring in judgment) ("The ordinance is unconstitutional not because a policeman applied this discretion wisely or poorly in a particular case, but rather because the policeman enjoys too much discretion in every case. And if every application of the ordinance represents an exercise of unlimited discretion, then the ordinance is invalid in all of its applications.").

> N.    Mr. Coral Was Unconstitutionally Denied Individual
>        Voir Dire.

This court should first reject the respondents' specificity argument based on Rule 2(c) of the Rules Governing Habeas Corpus Cases. The respondents argue that Mr. Coral has not alleged enough facts to establish a claim even though Mr. Coral raised this claim below and considered (in part) by the Alabama courts on direct appeal. (Resp. Br. 83). The respondents further argue that this court cannot review Mr. Coral's individual voir dire claim because the state appellate court reviewed and rejected the claim. Under

AEDPA, the inquiry on habeas is whether the habeas claim is based on "clearly established Federal law." 28 U.S.C. § 2254(d)(1). However, because the Alabama courts did not address Mr. Coral's voir dire issue in federal constitutional terms, Mr. Coral submits that this court's review should be de novo. Even if Mr. Coral was required to show that the lower court decision had considered federal law and unreasonably applied clearly established Supreme Court precedent to the facts in his case, he submits that he can do so.

Due process requires that a criminal defendant receive a fair trial by an unbiased jury. Mr. Coral's right to an impartial jury includes the right to an adequate voir dire under *Irvin v. Dowd*, 366 U.S. 717, 722-23 (1961). Death penalty cases present special concerns about what voir dire may be constitutionally required, and there are special voir dire rules in such cases. *See e.g.*, *Turner v. Murray*, 476 U.S. 28, 36-37 (1986) (holding that Due Process Clause entitled death- penalty-eligible defendant to voir dire questioning on racial bias where defendant was accused of interracial crime); *see also Morgan v. Illinois*, 504 U.S. 719, 738-39 (1992) (state trial court, under Due Process Clause, may not refuse to inquire into whether a potential juror, regardless of facts in the case, would automatically impose the death sentence). Mr. Coral submits that questions other than those about their views on the death penalty were addressed to the panel as a whole, thereby tainting all of the jurors with knowledge that only one of them may have had. (Vol. 3, Tab #R-18 at R. 465, trial court's denial of Mr. Coral's motion for individual voir

dire of the prospective jurors except as to death qualification questions.)  Mr. Coral's trial

counsel was hampered in their questioning about the content and effect of their exposure

to publicity and any other issues that they may have wish to question jurors about because

the trial court required that the jurors be questioned in front of each other.  This voir dire

was inadequate.   The Supreme Court has said that it remains open to the defendant to

demonstrate 'the actual existence of such an opinion in the mind of the juror."  *Murphy v.*

*Florida*, 421 U.S. 794, 800 (1975).   Mr. Coral was not able to show actual bias in the

venire without a reasonable opportunity to question those jurors who had been exposed to

prejudicial pretrial publicity or held a bias.  Mr. Coral submits that the Alabama courts'

decision involved an unreasonable application of Supreme Court precedent under 28

U.S.C. § 2254(d)(1).

> O(1).  Mr. Coral Can Show that Limits on Funding for
> Defense Counsel Prejudiced His Defense.

Mr. Coral alleged that limitations on funding for defense counsel at trial rendered

counsel ineffective.   Mr. Coral alleged that funding limitations led to counsel being

unable to investigate, interview and present any of Mr. Coral's family members.   The

respondents cite to the state court's decision in *Coral v. State*, that found that because trial

counsel presented some penalty phase witnesses, counsels' performance could not found

ineffective.  Vol. 21, Tab #R-87, 900 So. 2d 1274, 1285-1286 (Ala. Crim. App. 2004).

This determination was made without the benefit of evidence or testimony, as an

evidentiary hearing was denied in state court.  To the extent that the Alabama Court of

13

Criminal Appeals' decision on the merits, that decision was contrary to, or involved an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* establishes that the failure to discover and present valid mitigating evidence cannot be overlooked as ineffective assistance merely because other mitigating evidence was found and presented. *See Rompilla v. Beard*, 545 U.S. 374, 125 S.Ct. 2456, 2463 (2005) (in *Rompilla*, the state of Pennsylvania argued what the respondents seem to be arguing here: that defense counsel's efforts to find mitigating evidence in some areas excused them from other penalty phase investigation). Although the state courts erroneously dismissed Mr. Coral's ineffectiveness claims under *Strickland* and therefore there were no additional facts in the state record, the Alabama courts' conclusions from the available evidence was based on an unreasonable determination of the facts in light of the evidence. An "unreasonable application" occurs when a state court "'identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams v. Taylor*, 529 U. S. 362, 413 (2000). The Court of Criminal Appeals concluded that "the limitation on counsel's compensation did not affect counsel's investigation in this case" because counsel had some funds to investigate and secured some witnesses from Illinois. Mr. Coral's argument was that the funding available to defense counsel was not enough to investigate and interview Mr. Coral's family.

> O(4). Mr. Coral's Ineffective Assistance
> Claims Can Be Heard on the Merits by

14

this Court.

The respondents' argue that claims O(4) and O(6) cannot be heard by this court because Mr. Coral has added new facts in habeas that were not presented in state court (Resp. Br. 97, 103).  The respondents do not reveal what new facts they believe have been added.  The respondents then argue  that Mr. Coral has not presented any facts at all in support of these claims (Resp. Br. 99, 103).

The respondents' claim that Mr. Coral has inserted new facts is incorrect; Mr. Coral raised this claim and the facts cited in state court.  Mr. Coral's Rule 32 petition was dismissed in large part due to a purported lack of specificity which, as Mr. Coral has argued in his preceding brief, was erroneous.  There has been no additional factual development in state court because Mr. Coral's state habeas petition was dismissed.

Finally, the respondents argue that Mr. Coral has failed to show that the dismissal of Mr. Coral's ineffective assistance of counsel claims are contrary to or were an unreasonable application of clearly established federal law.  AEDPA provides that, when a habeas petitioner's claim has been adjudicated on the merits in state court, a federal court may not grant relief unless the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  However, Mr. Coral's IAC claims were not heard on the merits, so with regard to the ineffective assistance there is no merits decision that implicates § 2254(d)(1).  Mr. Coral

15

has requested an evidentiary hearing at which he can present facts in support of his claims.

CONCLUSION

Robert Coral requests that this Court to grant a writ of habeas corpus and order that a new trial to be conducted in accordance with constitutional requirements.


Date: October 11, 2006                                  Respectfully submitted,

                                                        /s/ LaJuana Davis
                                                        LaJuana Davis
                                                        ASB-0629-D43L
                                                        122 Commerce Street
                                                        Montgomery, AL  36104
                                                        Tel: 334- 269-1803
                                                        Fax: 334-269-1806
                                                        E-mail: ldavis@eji.org
                                                        *Counsel for the petitioner Robert Coral*

16

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court on October 11, 2006, using the CM/ECF system and that service will be perfected upon counsel for the respondents, Assistant Attorney General Beth Jackson Hughes, at her listed e-mail address.

/s/ LaJuana Davis
LaJuana Davis

17